JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Philadelphia Professional Colletions, LLC

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Farzana Islam, Esquire White & Williams LLP
1650 Market Street, Suite 1800, Phila., PA 19103;
215-864-7018

## DEFENDANTS

Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc.

County of Residence of First Listed Defendant   **Princess Anne**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Steven E. Angstreich, Esquire, Weir & Partners LLP
1339 Chestnut Street, Suite 500, Phila., PA 19107
215-665-8181

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332
Brief description of cause:
Brief of Contract and Unjust Enrichment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   12/16/21

SIGNATURE OF ATTORNEY OF RECORD   *Sen E. Ghrul*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **1650 Market Street, Suite 1800, Philadelphia, PA 19103**

Address of Defendant: **3700 Shore Drive, Suite 101, Virginia Beach, VA 23455**

Place of Accident, Incident or Transaction: **Camden, New Jersey**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/16/21_ _____ **3739**
Must sign here
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____
Sign here if applicable
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS LLC | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC. | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, *et seq.*, Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc. ("Defendant") removes this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant states as follows:

**Background**

1. On or about November 23, 2021, Plaintiff Philadelphia Professional Collections, LLC ("Plaintiff") commenced this action via Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. A copy of the Complaint is attached hereto as Exhibit "A."

2. On or about December 8, 2021, Defendant served Plaintiff with the Complaint via U.S. First-Class mail.

3. A notice of removal must be filed within 30 days after the initial pleading. *See* 28 U.S.C. § 1446(b)(1). A complaint is considered an initial pleading and triggers the 30-day period. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).

4. Defendant files this Notice within 30 days after receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, in this instance, the Complaint. *See* 28 U.S.C. § 1446(b)(1).

5. Other than as provided above, Defendant has received no other process, pleadings, motions or orders for this matter.

**Amount in Controversy**

6. In its Complaint, Plaintiff alleges that Defendant owes White and Williams, LLC ("W&W") $670,077.93 for legal services rendered by W&W in representing Defendant in the now-closed matter captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.*, Docket No. 1:13-cv-05691-JBS-JKW, which was litigated in the United States District Court for the District of New Jersey.   Complaint at ¶ 21.

7. Plaintiff alleges that W&W assigned all of its rights and claims against Defendant to Plaintiff pursuant to an Assignment Agreement. *Id*. at ¶ 22 and Exhibit C.

8. Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs as required by 28 U.S.C. § 1332(a).

**Diversity of Citizenship**

9. Plaintiff alleges that it is a Pennsylvania limited liability company with a principal place of business located at 1650 Market Street, Suite 1800, Philadelphia, Pennsylvania 19103. Complaint at ¶ 1.

10. Plaintiff is wholly-owned by W&W. *Id.*, Exhibit B at 1.

11. W&W is a Pennsylvania limited liability partnership with a principal place of business located at 1650 Market Street, Suite 1800, Philadelphia, Pennsylvania 19103. *Id*.

12. W&W has no offices in the Commonwealth of Virginia.

13.     Upon information and belief, none of Plaintiff's members are citizens of Virgina.

14.     Defendant is a corporation organized under the laws of the Commonwealth of Virginia, with a principal place of business at 3700 Shore Drive, Suite #101, Virginia Beach, Virginia 23455.

15.     Accordingly, complete diversity of citizenship between the parties to this action as required by 28 U.S.C. § 1332(a)(1) exists.

**Propriety of Removal**

16.     For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

17.     The United States District Court for the Eastern District of Pennsylvania is the federal judicial district encompassing the Court of Common Pleas of Philadelphia County, Pennsylvania, where this suit was originally filed.  Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

18.     Accordingly, this action may be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, and brought before the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

19.     Under the provisions of 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, and will serve a copy of the same upon counsel for Plaintiff.  A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

WHEREFORE, notice is hereby given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

WEIR & PARTNERS LLP

Dated: December 16, 2021      By: */s/ Steven E. Angstreich*
           Steven E. Angstreich, Esquire
           Attorney I.D. No.: 3739
           1339 Chestnut Street, Suite 500
           Philadelphia, PA 19107
           215-665-8181
           sangstreich@weirpartners.com

           *Attorneys for Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc.*

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2021**

E-Filing Number: 2111048409

**001950**

**PLAINTIFF'S NAME**
PHILADELPHIA PROFESSIONAL COLLECTIONS LLC

**DEFENDANT'S NAME**
CRAWL SPACE DOOR SYSTEM, INC., ALIAS: CRAWL
SPACE DOOR SYSTEMS, INC.

**PLAINTIFF'S ADDRESS**
ONE LIBERTY PL  SUITE 1900 1650 MARKET ST
PHILADELPHIA PA 19103

**DEFENDANT'S ADDRESS**
3700 SHORE DRIVE, STE. #101
VIRGINIA BEACH VA 23455

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal |
| | | ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration      ☐ Mass Tort        ☒ Commerce          ☐ Settlement
☐ Jury             ☐ Savings Action   ☐ Minor Court Appeal ☐ Minors
☐ Non-Jury         ☐ Petition         ☐ Statutory Appeals  ☐ W/D/Survival
☐ Other:

**CASE TYPE AND CODE**
1O - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED**
**PRO PROTHY**

NOV **23** 2021

**M. RUSSO**

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES          NO

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PHILADELPHIA PROFESSIONAL
COLLECTIONS LLC
Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**
FARZANA ISLAM

**ADDRESS**
WHITE AND WILLIAMS, LLP
ONE LIBERTY PLACE, SUITE 1800
1650 MARKET STREET
PHILADELPHIA PA 19103

**PHONE NUMBER**
(215)864-7018

**FAX NUMBER**
(215)399-9617

**SUPREME COURT IDENTIFICATION NO.**
323427

**E-MAIL ADDRESS**
islamf@whiteandwilliams.com

**SIGNATURE OF FILING ATTORNEY OR PARTY**
FARZANA ISLAM

**DATE SUBMITTED**
Tuesday, November 23, 2021, 06:18 pm

FINAL COPY (Approved by the Prothonotary Clerk)

# COMMERCE PROGRAM ADDENDUM
# TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

_____   1.   Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

__X__   2.   Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

        _____   a.   Uniform Commercial Code transactions;

        _____   b.   Purchases or sales of business or the assets of businesses;

        _____   c.   Sales of goods or services by or to business enterprises;

        _____   d.   Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

        _____   e.   Surety bonds;

        _____   f.   Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

        _____   g.   Franchisor/franchisee relationships.

_____   3.   Actions relating to trade secret or non-compete agreements;

_____   4.   "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____   5.   Actions relating to intellectual property disputes;

_____   6.   Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____   7.   Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

_____   8.   Actions relating to corporate trust affairs;

_____   9.   Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

_____   10.   Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

**WHITE AND WILLIAMS LLP**
BY: Farzana Islam, Esquire
Identification No. 323427
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
(215) 864-7018
islamf@whiteandwilliams.com

Attorneys for Plaintiff
Philadelphia Professional
Collections, LLC

Filed and Attested by the Office of Judicial Records 23 NOV 2021 06:18 pm M. RUSSO

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC | : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| 1650 Market Street Suite 1800 Philadelphia, PA 19103 | : : | NO. |
| | : : | |
| Plaintiff, | : : | |
| v. | : : | |
| | : : | |
| CRAWL SPACE DOOR SYSTEM, INC., D/B/A CRAWL SPACE DOOR SYSTEMS, INC. 3700 Shore Drive, Ste. #101 Virginia Beach, VA 23455 | : : : : | |
| | : : | |
| Defendant. | : | |

## NOTICE

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Philadelphia Bar Association Lawyer Referral and Information Service
Philadelphia, Pennsylvania 19107
(215) 238-6333/TTY (215) 451-6197**

27309040v.1

Case ID: 211101950

## <u>AVISO</u>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333/TTY (215) 451-6197**

2

Case ID: 211101950

**WHITE AND WILLIAMS LLP**          Attorneys for Plaintiff
BY:   Farzana Islam                 Philadelphia Professional
Identification No(s). 323427        Collections, LLC
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
(215) 864-7018
islamf@whiteandwilliams.com

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC<br>1650 Market Street<br>Suite 1800<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : <br> : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. |
| Plaintiff, | : <br> : <br> : | |
| v. | : <br> : <br> : | |
| CRAWL SPACE DOOR SYSTEM, INC., D/B/A<br>CRAWL SPACE DOOR SYSTEMS, INC.<br>3700 Shore Drive, Ste. #101<br>Virginia Beach, VA 23455 | : <br> : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

## COMPLAINT

Plaintiff Philadelphia Professional Collections, LLC, by and through its undersigned counsel, for its Complaint against Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc., alleges as follows:

## THE PARTIES

1.    Plaintiff Philadelphia Professional Collections LLC ("Plaintiff" or "PPC") is a Pennsylvania limited liability company with a principal place of business located at 1650 Market Street, Suite 1800, Philadelphia, Pennsylvania 19103.

3

Case ID: 211101950

2.      Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc., ("Defendant" or "Crawl Space") is a corporation organized under the laws of the State of Virginia, with a principal place of business at 3700 Shore Drive, Ste. #101, Virginia Beach, Virginia 23455.

## JURISDICTION AND VENUE

3.      Jurisdiction and venue are proper in this Court because the transactions and/or occurrences giving rise to this cause of action occurred in Philadelphia County, Pennsylvania.

4.      Specifically, William Sykes, President of Crawl Space, contacted Michael N. Onufrak, a former partner located in the Philadelphia office of White and Williams, LLP ("W&W"), and requested that W&W represent Crawl Space in litigation pending before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.*, Docket No. 1:13-cv-05691-JBS-JKW (the "Litigation").

5.      Prior to engaging in legal services, Mr. Onufrak sent Defendant an engagement letter for the Litigation from W&W's Philadelphia office. A copy of the engagement letter, dated October 14, 2015 (the "Engagement Letter"), is attached hereto as **Exhibit A**.

6.      Defendant signed the Engagement Letter and returned it to Mr. Onufrak.

7.      Thereafter, various attorneys in W&W's Philadelphia office rendered services on behalf of W&W to Defendant for the Litigation.

## FACTS

8.      PPC is the assignee of W&W as to any accounts, accounts receivable, claims, or causes of action that W&W has, or had, against the Defendant.

9.      On or about October 14, 2015, Defendant engaged W&W to perform legal services on behalf of Defendant in connection with the Litigation.

4

Case ID: 211101950

10.     Specifically, Defendant sought representation in a matter pending before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.*, Docket No. 1:13-cv-05691-JBS-JKW (the "Litigation").

11.     As set forth in the parties' Engagement Letter, Defendant agreed that W&W would be paid for its legal services on an hourly basis.  As expressly noted by Mr. Onufrak:

> W&W charges for its services on an hourly basis.  The rates set forth herein are less than we typically would charge for a case like this one but the rates were adjusted downward to fit within the fee structure acceptable to Selective Insurance Company of America, your carrier . . . My adjusted hourly rate is $350 per hour.  Associates in our Commercial Litigation group who may be assisting me in the handling of this matter have adjusted hourly rates of $225-245.  Paralegals have the adjusted rate of $100 per hour.

**Ex. A at 2.**

12.     William Sykes, President of Crawl Space, signed the Engagement Letter on behalf of Defendant.

13.     Upon information and belief, Mr. Sykes is also a licensed attorney.

14.     Throughout the Litigation, W&W defended Crawl Space against unfair competition, negligent misrepresentation, and federal trademark infringement claims alleged by its competitor, Smart Vent Products, Inc.  W&W also rendered services in furtherance of all counterclaims and eleven affirmative defenses on Crawl Space's behalf.

15.     The Litigation proceeded to trial for three weeks between October 7, 2019 and October 29, 2019.  There, the jury found in favor of Crawl Space with respect to its defenses and counterclaims and awarded $300,000 in damages.

27309040v.1

Case ID: 211101950

16. Thereafter, W&W filed all appropriate post-trial motions on behalf of Defendant and a Notice of Appeal to the United States Court of Appeals for the Third Circuit challenging the damages award, the denial of Crawl Space's request for attorneys' fees, and Crawl Space's post-trial motion for sanctions.

17. On or about October 20, 2020, Crawl Space retained the legal services of Mr. Matthew Z. Earle, an attorney unaffiliated with W&W.

18. Upon information and belief, Crawl Space and Smart Vent Products, Inc. settled the Litigation after retaining Mr. Earle.

19. Crawl Space refused to disclose the amount of settlement to W&W.

20. W&W performed all legal services required of it pursuant to the agreement with Defendant, including but not limited to representing Crawl Space in pre-trial litigation, at trial, and in post-trial litigation between October 2015 and October 2020.

21. On or about June 4, 2021, W&W informed Crawl Space of the outstanding balance of $670,077.93 due for legal services rendered by W&W pursuant to the agreement with Crawl Space. See **Exhibit B.**

22. Following Defendant's nonpayment of the $670,077.93, W&W assigned all of its rights and claims (the "Assignment") against Defendant Crawl Space to PPC. A true and accurate copy of the Assignment is attached as **Exhibit C.**

## COUNT ONE – BREACH OF CONTRACT

23. PPC incorporates by reference as if fully set forth herein all of the averments of the preceding paragraphs of this Complaint.

24. Defendant agreed to pay for legal services provided by W&W in connection with the Litigation in accordance with the parties' agreement.

6

Case ID: 211101950

25.     Despite demand, Defendant has failed and refused to make full payment of the amounts owed to W&W.

26.     In breach of Defendant's agreement with W&W, Defendant has failed and refused to pay for legal services invoiced by W&W pursuant to the agreement, which amount totals $670,077.93, exclusive of interest.

27.     Pursuant to W&W's assignment, PPC is entitled to recover all amounts owed by Defendant to W&W.

28.     WHEREFORE, Plaintiff Philadelphia Professional Collections LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crawl Space in the amount of $670,077.93, together with interest, costs, and such further relief as the Court deems just and proper.

## COUNT TWO – UNJUST ENRICHMENT

29.     Plaintiff incorporates by reference as if fully set forth herein all of the averments of the preceding paragraphs of this Complaint.

30.     Alternatively, beginning on or about October 14, 2015, at Defendant's request, W&W performed legal services for Defendant and incurred costs and expenses on Defendant's behalf in connection with the Litigation.

31.     Defendant knowingly accepted and benefited from the legal services provided by W&W, and from the associated costs and expenses W&W incurred on Defendant's behalf, without paying for the aforementioned legal services, costs or expenses.

27309040v.1

Case ID: 211101950

32.    Defendant's failure to pay W&W for the legal services it provided, and for the associated costs and expenses W&W incurred on his behalf, caused Defendant to be unjustly enriched, at the expense of W&W, under circumstances which would make it inequitable for Defendant to have obtained the benefit of such services without payment for their value.

33.    The fair and reasonable value of the legal services provided by W&W to Defendant, and for the associated costs and expenses incurred on Defendant's behalf, is $670,077.93.

34.    Pursuant to W&W's assignment, PPC is entitled to recover all such amounts owed by Defendant.

WHEREFORE, Plaintiff Philadelphia Professional Collections LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crawl Space in the amount of $670,077.93, together with interest, costs, and such further relief as the Court deems just and proper.

WHITE AND WILLIAMS LLP

BY: _____
Farzana Islam, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections*
*LLC*

Dated: November 23, 2021

27309040v.1

Case ID: 211101950

## **VERIFICATION**

I, Peter J. Mooney, Esquire, hereby verify that I am the President of Philadelphia Professional Collections LLC, that I am authorized to make this Verification on its behalf, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
Peter J. Mooney, President

Dated: November 23, 2021

27309040v.1

## CERTIFICATE OF SERVICE

I, Farzana Islam, Esq., hereby certify that on this 23rd day of November 2021, I caused a true and correct copy of the foregoing Complaint to be served on Defendant by way of the Court's ECF System and by First Class U.S. Mail as follows:

CRAWL SPACE DOOR SYSTEM, INC., D/B/A
CRAWL SPACE DOOR SYSTEMS, INC.
3700 Shore Drive, Ste. #101
Virginia Beach, VA 23455

WHITE AND WILLIAMS LLP

BY: _____
Farzana Islam, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections*
*LLC*

Case ID: 211101950

# EXHIBIT A

Case ID: 211101950

**White** and **Williams** LLP

Michael N. Onufrak

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7174 | Fax 215.789.7674
onufrakm@whiteandwilliams.com | whiteandwilliams.com

October 12, 2015

By E-Mail -- billy@crawlspacedoors.com
William G. Sykes, President
Crawl Space Door System, Inc.
3700 Shore Drive #101
Virginia Beach, VA 23455

RE: Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc.
No. 1:13-cv-05691-JBS-JKW
Selective Claim No. 21365766

Dear Mr. Sykes:

Thank you for giving White and Williams LLP ("W&W") the opportunity to replace Rivkin Radler and represent Crawl Space Door System, Inc. ("Crawl Space") (hereinafter "Client") as counsel, in litigation pending in the United States District Court for the District of New Jersey (Camden) entitled Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc. ("Litigation"). Your insurance carrier Selective Insurance Company of America authorized White and Williams to represent your company on the counterclaim but only to the extent it buttresses the defense of Smart Vent's claim. I understand you will hire your own counsel, probably Dean E. Weisgold, P.C., to assist White and Williams in handling the counterclaim in the event it is necessary for something to be done on the counterclaim that does not necessarily buttress the defense of plaintiff's case-in-chief or if White and Williams withdraws if Selective ceases to pay defense costs. Examples of tasks that might be performed by co-counsel on the counterclaim would be development of a damages theory beyond the amount demanded by plaintiff in its case-in-chief or pursuit of punitive damages. This letter will serve to follow up on our conversation concerning White and Williams LLP ("W&W") providing legal services to Crawl Space.

For the sake of clarity, and as required by the Rules of Professional Conduct, I will set forth in this letter the understanding between W&W and Crawl Space with respect to our ongoing representation. If there is any portion of this letter which is unclear, I ask that you please give me a call so that we can go over it together.

16059038v.1

<span style="color:red">Case ID: 211101950</span>

W&W charges for its services on an hourly basis. The rates set forth herein are less than we typically would charge for a case like this one but the rates were adjusted downward to fit within the fee structure acceptable to Selective Insurance Company of America, your carrier which is defending Crawl Space under a reservation of rights letter. My adjusted hourly rate is $350 per hour. Associates in our Commercial Litigation group who may be assisting me in the handling of this matter have adjusted hourly rates of $225 - $245. Paralegals have the adjusted rate of $100 per hour. I will remain the primary attorney in charge of the litigation. Please be assured that it is W&W's practice to assign tasks in the most efficient and economic manner possible under the circumstances. Our hourly rates may be adjusted from time to time, normally at the end of each calendar year, but the rates which I have given to you will remain in place through calendar year 2016.

Charges are also made for expenditures incurred on behalf of Clients, including filing fees, photocopying, long distance telephone, excess postage, clerical overtime, computer research, travel costs and the like. Our statements for services rendered usually are provided monthly, covering time recorded through the previous month, plus disbursements, and are payable upon presentation.

It is W&W's practice on assuming representation of a new Client to request a retainer, in this case in the amount of $ - 0 -, be forwarded to us. The amount of our billings will be deducted from the retainer which Client has provided to us and we may request that you replenish the retainer up to the level of $ - 0 -, on a monthly basis. This retainer does not represent the total fees anticipated to complete this matter, but will be applied against our bills as they are submitted. Obviously, if our representation is concluded at a point when the retainer has not been fully utilized, we will either hold the remaining balance as a credit against future services, or refund the remaining balance, as you direct.

All billing will be sent to Selective and payment will be made by Selective. In the event that Selective ceases its defense of Crawl Space, then, after reasonable notice to Crawl Space, White and Williams will seek to withdraw as counsel for Crawl Space unless Crawl Space agrees to post a retainer satisfactory to White and Williams at that time.

We understand that all communication concerning this representation will, until we are instructed otherwise, be through you, and that correspondence and billing statements with respect to this matter should be addressed to you at the above address.

Under our standard representation procedures, W&W may discontinue its representation of Client if an invoice is not paid within 30 days of mailing, or if the retainer, when requested, is not forthcoming. If it becomes necessary to discontinue our representation, W&W will be relieved of any further obligations to Client. Moreover, in the event that we are representing Client in any litigation at such time as our invoices remain unpaid, Client agrees that W&W may immediately withdraw as counsel by filing the appropriate motion or praecipe for withdrawal as required by the Court.

Case ID: 211101950

As with all representations of this type, we believe it essential that all parties continue to feel comfortable and confident in the arrangement. Accordingly, you should feel free to terminate our engagement at any time (subject to the arrangement with respect to the payment of fees) and we must reserve the same right.

Please be advised that it is W&W's policy to retain Client files for a period of six (6) years after the termination of a matter, at which time the files will be destroyed. Prior to its destruction, you may forward a written request for return of the file, which we will provide at no additional cost except for postage or shipping charges, provided that all sums due and owing to W&W have been paid in full at that time. Upon closing the file, W&W will attempt to return to you any original documents contained in the file.

While I am sure that the above appears rather formal, it is our sincere desire that you clearly understand the activities involved in your representation, and our fees for services. I will be the attorney responsible for your work and for the preparation of Client's bills. We encourage you to contact us promptly if you have any concerns or questions about any aspects of our services or our bills.

We appreciate your giving us the opportunity to represent you, and certainly look forward to serving you on an ongoing basis.

Very truly yours,

WHITE AND WILLIAMS LLP

Michael N. Onufrak

MNO:med

Cc: David G. Hahn, Esq. (Via E-Mail – David.hahn@selective.com)

The above terms are understood and agreed to:          APPROVED:

**CRAWL SPACE DOOR SYSTEM, INC.**          **SELECTIVE INSURANCE COMPANY OF AMERICA**

By: _William G. Sykes_          BY: _David G. Hahn_
William G. Sykes, President                    David G. Hahn, Complex Claims Counsel
                                                                Corporate Claims

DATE: _10/14/2015_          DATE: _10 | 14 | 15_

16059038v.1

Case ID: 211101950

# EXHIBIT B

Case ID: 211101950



**Peter J. Mooney**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7164 | Fax 215.789.7664
mooneyp@whiteandwilliams.com | whiteandwilliams.com

June 4, 2021

<u>**VIA E-MAIL**</u>

William G. Sykes, President
Crawl Space Door Systems, Inc.
5741 Bayside Road #105
Virginia Beach, VA  23455

**RE:    Outstanding Accounts Receivable Owed to White and Williams LLP –
         Crawl Space Door Systems, Inc.**

Dear Mr. Sykes:

I am the person at White and Williams, LLP tasked with collecting delinquent accounts
receivable from clients.  As you are probably aware, you owe White and Williams $670,077.93.

The procedure here at White and Williams, if I cannot reach an acceptable accommodation with
a client to satisfy outstanding accounts, is that the account receivable is assigned to Philadelphia
Professional Collections, LLC ("**PPC**"), a limited liability company wholly-owned by White and
Williams. PPC will then file a Complaint against the ex-client seeking to collect the outstanding
account.  Although this is not my preferable resolution to any outstanding accounts with prior
clients, it is sometimes necessary.  I hope that is not necessary in this case.

After receipt of this letter, kindly contact me to discuss making arrangements to pay the
outstanding account that you owe to White and Williams.  If I do not hear from you on or before
the close of business on June 11, 2021, the account receivable will be assigned by White and
Williams to PPC, which will then file suit against you to collect the debt.  In order to obviate the
expense, annoyance and adverse consequences of being involved in litigation, I respectfully
request that you contact me so that we can resolve this matter.

Case ID: 211101950

I am looking forward to your anticipated cooperation and I remain,

Very truly yours,

WHITE AND WILLIAMS LLP

Peter J. Mooney

PJM:vl

# EXHIBIT C

Case ID: 211101950

# ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT is made this 2nd day of June, 2021 by White and Williams LLP, a Pennsylvania limited partnership (**"W&W"**), to Philadelphia Professional Collections LLC, a Pennsylvania limited liability company (**"PPC"**).

## BACKGROUND

A.    W&W is a Pennsylvania limited partnership engaging in the practice of law.

B.    PPC is a Pennsylvania limited liability company, engaged in the business of collecting accounts receivable and other claims of professional organizations such as law firms, accounting firms, physicians, accountants, etc.

C.    W&W desires to sell, assign, transfer and convey all of its right, title and interest, in, to and under any accounts, contract rights, claims or causes of action (collectively, **"Claims"**) that it has against Crawl Space Door Systems, Inc. to PPC.

## ASSIGNMENT

NOW, THEREFORE, W&W, intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agrees as follows:

1.    **Assignment**.  W&W hereby sells, assigns, transfers, and conveys unto PPC, all of W&W's right, title, interest and ownership of any nature whatsoever, in, to, or under any Claims which W&W has or may have against Crawl Space Door Systems, Inc. (the **"Account Debtor"**). Such assignment is non-recourse to W&W.

2.    **Assignor's Representations and Warranties**.  W&W represents and warrants to PPC that it has the right to assign the Claims hereunder, that such Claims are assigned free and clear of any liens, claims or encumbrances whatsoever in favor of any third party, and that

Case ID: 211101950

W&W has not previously pledged, assigned, sold, transferred or encumbered any of the Claims set forth herein to any other party, person or entity. Furthermore, W&W represents and warrants that the total amount of accounts receivable due and owing by the Account Debtor to W&W is, as of June 2, 2021, $670,077.93. W&W makes no representations or warranties whatsoever except those set forth above.

3.     **Cooperation**.  W&W agrees to cooperate with PPC in connection with the collection of the Claims and, if necessary, to testify at any proceedings commenced by PPC to collect or otherwise satisfy same.  In addition, W&W will make its files available to PPC, if necessary, in connection with such collective activities.

4.     **Miscellaneous**.  This Agreement constitutes the entire agreement and understanding of the parties with respect to the subject matter hereof and will be governed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

WHITE AND WILLIAMS LLP

By_____
Andrew F. Susko, Partner

**Acceptance of Assignment:**

Philadelphia Professional Collections LLC
hereby accepts the above Assignment:

_____
Peter J. Mooney, President

27225175v.1

Case ID: 211101950

# EXHIBIT "B"

WEIR & PARTNERS LLP
By: Steven E. Angstreich, Esquire
Attorney I.D. No.: 3739
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
215-665-8181
sangstreich@weirpartners.com
*Attorneys for Defendant, Crawl Space Door System, Inc. d/b/a*
*Crawl Space Door Systems, Inc.*

| PHILADELPHIA PROFESSIOANL | : | COURT OF COMMON PLEAS |
|---|---|---|
| COLLECTIONS, LLC | : | |
| | : | PHILADELPHIA COUNTY |
| Plaintiff. | : | |
| | : | NOVEMBER TERM, 2021 |
| Vs. | : | |
| | : | NO.: 01950 |
| CRAWL SPACE DOOR SYSTEM, INC. | : | |
| d/b/a CRAWL SPACE DOOR SYSTEMS, INC. | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on December 16, 2021, Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc. ("Defendant") removed the above-captioned action to the United States District Court for the Eastern District of Pennsylvania. Pursuant to 28 U.S.C. § 1446(d), Defendant hereby files a copy of the Notice of Removal attached hereto as Exhibit "A" to this Notice. Pursuant to 28 U.S.C. § 1446(d), this Court shall take no further action with regard to the above-captioned action unless and until the case is remanded.

Respectfully submitted,

WEIR & PARTNERS LLP

Date: December 16, 2021                    By: */s/ Steven E. Angstreich*
                                                          Steven E. Angstreich, Esquire
                                                           *Attorneys for Defendant, Crawl Space Door*
                                                           *System, Inc. d/b/a Crawl Space Door Systems,*
                                                           *Inc.*

WEIR & PARTNERS LLP
By: Steven E. Angstreich, Esquire
Attorney I.D. No.: 3739
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
215-665-8181
sangstreich@weirpartners.com
*Attorneys for Defendant, Crawl Space Door System, Inc. d/b/a*
*Crawl Space Door Systems, Inc.*

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIOANL COLLECTIONS, LLC | : | COURT OF COMMON PLEAS |
| | : | |
| | : | PHILADELPHIA COUNTY |
| Plaintiff. | : | |
| | : | NOVEMBER TERM, 2021 |
| Vs. | : | |
| | : | NO.: 01950 |
| CRAWL SPACE DOOR SYSTEM, INC. | : | |
| d/b/a CRAWL SPACE DOOR SYSTEMS, INC. | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Steven E. Angstreich, Esquire, hereby certify that on December 16, 2021, I caused to

be served a true and correct copy of the foregoing Notice of Filing of Notice of Removal via U.S.

First-Class Mail and email upon the following:

Farzana Islam, Esq.
White & Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
islamf@white@williams.com
*Attorneys for Plaintiff*

WEIR & PARTNERS LLP

Date: December 16, 2021                    By: */s/ Steven E. Angstreich*
                                                              Steven E. Angstreich, Esquire
                                                              *Attorneys for Defendant, Crawl Space Door*
                                                              *System, Inc. d/b/a Crawl Space Door Systems,*
                                                              *Inc.*

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS LLC | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a | : | |
| CRAWL SPACE DOOR SYSTEMS, INC. | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Steven E. Angstreich, Esquire, hereby certify that on December 16, 2021, I caused to be served a true and correct copy of the foregoing Notice of Removal via U.S. First-Class Mail and email upon the following:

Farzana Islam, Esq.
White & Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
islamf@white@williams.com
*Attorneys for Plaintiff*

WEIR & PARTNERS LLP

Dated: December 16, 2021                By: */s/ Steven E. Angstreich*_____
                                        Steven E. Angstreich, Esquire
                                        Attorney I.D. No.: 3739
                                        1339 Chestnut Street, Suite 500
                                        Philadelphia, PA 19107
                                        215-665-8181
                                        sangstreich@weirpartners.com

                                        *Attorneys for Defendant, Crawl Space Door
                                        System, Inc. d/b/a Crawl Space Door Systems,
                                        Inc.*