# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | CASE NO. 2:21-cv-05476-GAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendant, by and through its counsel Weir & Partners LLP hereby responds to Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

2. Admitted.

3. Denied. To the contrary, the transaction and the services performed by the law firm, White and Williams, LLP ("W&W") were in connection with litigation in the United States District Court for the District of New Jersey, Camden vicinage. While W&W have an office in Philadelphia, it also has an office in Cherry Hill, New Jersey. A major portion of the claim asserted related to time spent at trial in Camden New Jersey.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied as stated. Defendant acknowledges that several attorneys employed by W&W worked on the New Jersey litigation. It is denied that all of the work was performed in Philadelphia. To the contrary the trial was conducted in New Jersey where the case was filed.

8. Denied. The letter from Peter J. Mooney (Exhibit C) and the partially executed assignment Agreement (Exhibit C) are attached to the Complaint; these being in writing speak for themselves and no further response is required.

9. Denied. The representation being pursuant to a written document, said document speaks for itself and no further response is required.

10. Admitted.

11. Denied. The representation being pursuant to a written document, said document speaks for itself and no further response is required. Defendant denies all efforts to characterize its contents.

12. Admitted.

13. Denied as stated. It is admitted that William Sykes is an attorney. If by licensed, Plaintiff means licensed to practice law in Pennsylvania, same is denied as Mr. Sykes is admitted to the practice of law in the Commonwealth of Virginia.

14. Admitted that W&W performed services as it was obligated to perform. It is denied that W&W performed all services to which it was required and/or requested by Defendant to perform in connection with counterclaims that Defendant had and were or should have been asserted in the Litigation.

15. Denied as Crawl Space did not succeed on all of its defenses and Smart Vent prevailed on one of its claims.

16. Denied. The allegations relate to written documents that speak for themselves and Defendant denies any characterization of same.

17. Denied. Defendant did not retain the legal services of Matthew Z. Earle.

18. Denied. Defendant did not retain Mr. Earle and is unaware of any settlement that Mr. Earle achieved.

19. Denied. Defendant never refused to advise W&W of settlement terms as there was no settlement of the Litigation.

20. Denied. To the contrary, W&W failed to perform all of the work that was needed and/or requested by Defendant in the litigation.

21. Demand Admitted. Exhibit B being in writing speaks for itself and no further response is required.

22. Denied. After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth thereof. Further, Exhibit C being in writing speaks for itself.

23. Denied. Defendant incorporates herein its answer to paragraphs 1-22 as though set forth at length.

24. Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

25. Demand admitted; refusal to pay admitted for the reason that W&W is not entitled to the sums it claims.

26. Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

27. Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

28. Wherefore, Defendant demands judgment in its favor and against Plaintiff together with costs of suit and such other relief as the Court deems just and proper.

29. Denied. Defendant incorporates herein its answer to paragraphs 1-28 as though set forth at length.

30. Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

31. Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

32. Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

33. Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

Wherefore, Defendant demands judgment in its favor and against Plaintiff together with costs of suit and such other relief as the Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

Defendant has no liability to Plaintiff as Plaintiff's alter ego, White and Williams is not entitled to recover on the claims asserted herein had it and not Plaintiff filed this lawsuit.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the Defendant as the Defendant is not found in this district nor does it do business in the Commonwealth of Pennsylvania and has not thereby

voluntarily consented to jurisdiction. Defendant will move to transfer this matter to the United States District Court for the District of New Jersey, Camden vicinage.

### THIRD AFFIMATIVE DEFENSE

Venue is not proper in this judicial district as the subject matter upon which Plaintiff's alleged claims are based did not arise in this judicial district but rather in the district of New Jersey, Camden vicinage and a motion to transfer will be filed.

WEIR & PARTNERS LLP

Dated: December 28, 2021   By: */s/ Steven E. Angstreich*
Steven E. Angstreich, Esquire
Attorney I.D. No.: 3739
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
215-665-8181
sangstreich@weirpartners.com

*Attorneys for Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | CASE NO. 2:21-cv-05476-GAM |
| Plaintiff, | |
| v. | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | |
| Defendant. | |

## **CERTIFICATE OF SERVICE**

I, Steven E. Angstreich, Esquire, hereby certify that on December 28, 2021, I caused to be served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via ECF upon the following:

> Farzana Islam, Esq.
> White & Williams LLP
> 1650 Market Street
> One Liberty Place, Suite 1800
> Philadelphia, PA 19103
> islamf@white@williams.com
> *Attorneys for Plaintiff*

WEIR & PARTNERS LLP

Dated: December 28, 2021   By: */s/ Steven E. Angstreich*
　　　　　　　　　　　　　　　　Steven E. Angstreich, Esquire
　　　　　　　　　　　　　　　　Attorney I.D. No.: 3739
　　　　　　　　　　　　　　　　1339 Chestnut Street, Suite 500
　　　　　　　　　　　　　　　　Philadelphia, PA 19107
　　　　　　　　　　　　　　　　215-665-8181
　　　　　　　　　　　　　　　　sangstreich@weirpartners.com
　　　　　　　　　　　　　　　　*Attorneys for Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc.*