EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | Case No. 2:21-cv-05476-GAM |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

## AFFIDAVIT OF PETER J. MOONEY, ESQUIRE

Peter J. Mooney, being duly sworn according to law, deposes and says as follows:

1.    I have personal knowledge of the facts stated herein and the statements made are true and correct to the best of my knowledge, information and belief.

2.    I have been a partner at White and Williams LLP ("W&W") since January 1, 1990.

3.    I am President of Philadelphia Professional Collections, LLC ("PPC"). PPC is a limited liability company operated by W&W. PPC takes assignments of claims for unpaid client fees due to W&W and attempts to collect the receivables.

4.    Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit B are portions of the deposition testimony of William Sykes.

5.    Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit C is the engagement letter between W&W and Crawl Space.

6.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit D is the June 4, 2021 letter from White and Williams LLP to Crawl Space concerning Crawl Space's outstanding balance.

7.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit E are copies of the unpaid invoices rendered by W&W to Crawl Space.

8.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit F is an Assignment to PPC of the debt owed by Crawl Space to W&W.

9.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit G is the Complaint filed by PPC against Crawl Space.

10.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit H is the Answer to the Complaint filed by Crawl Space.

11.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit I is the discovery served on Crawl Space.

12.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit J are the answers to discovery by Crawl Space.

13.     Attached to PPC's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit K is the interest calculation, together with calculation sheets attached.

Peter J. Mooney

COMMONWEALTH OF PENNSYLVANIA          :

COUNTY OF PHILADELPHIA                :

      Signed and sworn to (or affirmed) before me on __5th__ day of __October__ ,

2022 by Peter J. Mooney.

                              _____
                                Notary Public

                    Commonwealth of Pennsylvania - Notary Seal
                      Lisa Ann Zolna, Notary Public
                        Philadelphia County
                  My commission expires April 21, 2023
                    Commission number 1022169
                Member, Pennsylvania Association of Notaries

# EXHIBIT "B"

Deposition of William Sykes

Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

1           IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
2                       - - -

PHILADELPHIA PROFESSIONAL      : CIVIL ACTION
3   COLLECTIONS, LLC            : Case No.:
                               : 2:21-cv-05476-GAM
4              Plaintiff,       :
                               :
5              vs.             :
                               :
6   CRAWL SPACE DOOR SYSTEM, INC. :
    d/b/a CRAWL SPACE DOOR      :
7   SYSTEMS, INC.               :
                               :
8              DEFENDANT.       :

9                       - - -

10              Friday, June 17, 2022

11                      - - -

12           Oral deposition of WILLIAM SYKES, was

13   taken by video conference commencing at 10:00 a.m.,

14   and reported stenographically by Dominique R.

15   Caputo, Professional Court Reporter and Notary

16   Public.

17                      - - -

18

19

20

21

22

23

24

25

Deposition of William Sykes

Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

Page 4

- - -

WILLIAM SYKES, having been first duly sworn to tell the truth, the whole truth, and nothing but the truth, testified as follows:

- - -

DIRECT EXAMINATION

- - -

BY MR. MOONEY:

Q   Good morning, Mr. Sykes.

A   Good morning.

Q   My name is Peter Mooney.  I am representing Philadelphia Profession Collections in a suit that has been filed by that entity against Crawl Space Door Systems, Inc. in the Eastern District of Pennsylvania Federal Court.  Do you understand that?

A   Yes, sir.

Q   And today I will ask you some questions about that lawsuit.  I just ask that you give me your best recollection.  Wait until I finish the question before speaking.  Don't guess.

And if I ask a question and it's not understandable or you don't understand it just let me know and I will try to rephrase it and make it understandable; is that fair?

Page 5

A   Yes, sir.

Q   Is there any reason why you would be unable to give truthful and accurate answers today?  Anything going on in your personal life or with medication or anything like that that would inhibit your ability to testify truthfully?

A   No, sir.

Q   Okay.

A   I mean, being 74 years old, but other than that.

Q   Well, we all have that.

A   Okay.

Q   Are you associated with a company known as Crawl Space Door Systems?

A   Yes, I am the president.

Q   You are the president.  Okay, is there a board of directors?

A   No, it is just my wife and I that own the company.

Q   It's a corporate-- I'm sorry.  It's a corporation, correct?

A   My wife and I are the only shareholders.

Q   All right.  And you are the only members of the board?

A   Correct.

Page 6

Q   All right.  And is it correct that you are a lawyer licensed to practice in Virginia?

A   Yes.

Q   All right.  Is it correct that-- are you familiar with a company known as Smart Vent?

A   Yes, sir.

Q   What do they do as their business?

A   They are a flood vent company and they sell flood vents.  And our company sells our own type of flood vent.  Crawl Space Doors also sells our own product as flood vents.

Q   Okay.  So Smart Vent and Crawl Space are direct competitors in the flood vent industry?

A   Yes, sir.

Q   Now, in 2014 is it correct Smart Vents sued Crawl Space in the Federal Court in New Jersey?

A   Correct.

Q   All right.  I will call that the New Jersey litigation just as a shorthand way to refer to it.  Is that all right?

A   Yes.

Q   Now, when that suit was filed did you retain counsel to represent you?

A   Yes, the first counsel was Rivkin Radler and my insurance company was paying their fee.

Page 7

Q   Okay.  And did that end at some point?

A   Yes, the insurance company which is Selective, they thought that the first firm was billing too much.  And they, Selective, got White and Williams to replace the first company.

Q   When did that occur?

A   I think around 2016.

Q   Okay.  Rivkin Radler withdrew as Crawl Space's counsel in the New Jersey litigation?

A   Yes, since Selective Insurance hired White and Williams.

Q   Okay.  Was that-- did they discuss that with you and get your approval to do that?

A   You know, I can't remember.  I just knew they said that they wouldn't continue paying the first firm and they wanted to use White and Williams.  I don't remember the discussions.

Q   Okay.  And did you except White and Williams as your counsel going forward after Rivkin Radler exited the case?

A   Yes.

Q   Okay.  Who was your primary contact at White and Williams when that changeover occurred?

A   He's left the firm now.  I am having a hard time remembering his name.

Deposition of William Sykes

Page 8

Q   Mike Onufrak?

A   Yes, that's the one.

MR. MOONEY:  Can we pull up exhibit 14. And if we can go to exhibit A to that complaint.  There you go.

- - -

Exhibit 14 was marked for identification.

- - -

BY MR. MOONEY:

Q   And sir, take a minute and look at this. And my question is whether you received this letter. Can you read it?

A   It's hard.  But yes, I remember the letter.  Go to the bottom to see who signed it.

MR. BYERS:  I don't have control of the screen.  Do you want to email me the exhibits and I can just print out a hard copy so he can look at them?

MR. MOONEY:  Well, I am not entirely sure which exhibits I am going to ultimately use so.

MR. BYERS:  Okay, fair enough.

MR. MOONEY:  Yeah, let's try it.  I think my screen is pretty clear.  Hopefully Mr. Sykes's is as well, but we will muddle through. I think if we have a real problem I can do

Page 9

that.

THE WITNESS:  I do remember that letter and I did receive it.

BY MR. MOONEY:

Q   All right.  And is that your signature at the bottom of the page?

A   Yes, it is.

Q   There, okay.  And after this letter was signed White and Williams undertook to defend Crawl Space in the New Jersey litigation; is that right?

A   Correct.

Q   All right.

A   Correct.

MR. BYERS:  You might want to speak up a little bit.

BY MR. MOONEY:

Q   Who was representing Smart Vent?

A   I forget his name.  I should remember it.

Q   Marino?

A   Yes.  Dan Marino, yes.

Q   Dan Marino, okay.

THE COURT REPORTER:  Dan Marino?

THE WITNESS:  Yes.

BY MR. MOONEY:

Q   Or Jay Marino?

Page 10

A   Jay.

Q   So counsel for Smart Vent was Jay Marino?

A   Yes.

Q   Now, as the case started to move on did you receive invoices from White and Williams for the work that they were doing?

A   Not at that time because if you notice at the bottom that's when Selective Insurance I think was paying White and Williams before Selective withdrew from paying.

Q   Well, you would receive bills or maybe you wouldn't receive bills?  They would go from Rivkin Radler at the beginning to Selective and they were paid?

A   That's correct.

Q   And then after this changeover to White and Williams did you receive bills from White and Williams or did it work some other way?

A   I didn't when Selective was in the case and making the payments, but then when Selective withdrew I started receiving the invoices.

Q   Okay.  So you would then receive during the course of the litigation which I think we can agree extended all the way into 2020, you would receive invoices from White and Williams?

Page 11

A   Correct.

Q   All right.  And did you pay some of those invoices?

A   Paid all of them up until the very end. So I was paying for years.

Q   Yeah.  And what was the procedure?  The bills would arrive at your place of business?

A   Correct.  And my wife was the accountant and she would write a check and pay the bill.

Q   All right.  Would you review the bills when you received them?

A   No, I just-- we just paid the bills.

Q   All right.  Did there come a time when you did not pay the bills that came from White and Williams?

A   Correct.

Q   Okay.  When did that occur?

A   I don't have the invoices with me or my list of payments, but I would think I would have been paid up real close before the trial started. And then, you know, the bills got massive right before the trial, during the trial.  We were paid up.  We always paid the bills.

Q   And did there come a point where Crawl Space stopped paying White and William's bills?

Deposition of William Sykes

Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

Page 12

1    A    Yes.
2    Q    When was that?
3    A    I don't have the bills with me.
4    Q    I have them.
5    A    Okay.  Then you can see when I-- when I
6  would have stopped.
7    Q    Was there a reason or an event that caused
8  you to stop paying?
9    A    A huge amount.
10    Q    When you say the huge amount was it a
11  situation where Crawl Space lacked the funds to pay?
12    A    Correct.
13    Q    Were there deficiencies or problems in the
14  bills that caused you to stop paying?
15    A    Not when I stopped paying them.  It was
16  the amount of money that I couldn't afford.  And
17  then later I started paying like 5,000 a month.
18        MR. MOONEY:  Okay.  Why don't we do this;
19  do you have exhibit 26 that we can post up?
20                - - -
21    Exhibit 26 was marked for identification.
22                - - -
23  BY MR. MOONEY:
24    Q    I have put exhibit 26 in front of you.  I
25  believe it is about 50 pages long, but it is a

Page 13

1  series of invoices from White and Williams to Crawl
2  Space Door Systems.  And I believe-- and I will
3  represent to you that these are the bills that were
4  not paid.
5    A    Okay.
6    Q    But you can check me on that if you are
7  able or we can just proceed with that issue.
8    A    I think you will have to proceed because I
9  don't have the invoices or the checks that I wrote
10  with me.
11    Q    Do you still retain those though?
12    A    Yes.
13    Q    All right.  And for instance, just
14  starting with this invoice that is the first page of
15  exhibit 26, it's dated 7/18/2019.  And is it correct
16  that this was an invoice that was sent to and
17  received by Crawl Space?
18    A    Yes.
19    Q    Who was your-- at this point in time who
20  was your primary contact at White and Williams with
21  respect to the New Jersey Litigation?
22    A    Siobhan.
23    Q    Siobhan Cole?
24    A    Yes.
25    Q    All right.  And did you discuss with her

Page 14

1  the notion that you would not be able to pay these
2  bills or this particular bill?  Let's just start
3  there.
4    A    You know, I can't remember.  I am sure I
5  must have talked to her because I wouldn't have just
6  stopped.
7    Q    Did you tell her that you were having
8  financial trouble to the extent of being able to pay
9  this bill?
10    A    Yes.  What is the total on this one?
11    Q    If you scroll down.  Yes, go ahead.  The
12  amount of this invoice is $87,284 and also reflects
13  that there was a prior balance due of $52,406.  So
14  the total balance on this bill was $139,690.  Do you
15  see that?
16    A    Yes.
17    Q    And did you discuss with Ms. Cole that
18  Crawl Space wasn't in a position to pay that amount?
19    A    I would think that I would have.  I mean,
20  I was shocked when I got a real high bill.  And we
21  couldn't-- in fact, I am not sure exactly which one
22  that we couldn't pay the first one.
23    Q    And did you discuss with her whether there
24  were any inaccuracies in the bill?
25    A    No.

Page 15

1    Q    Have you ever had a discussion with Ms.
2  Cole about problems with the content of the bills in
3  terms of too much time being charged or double
4  billing or billing for work not done?
5    A    I did not discuss it with her, no.
6    Q    Did you discuss it with anyone?
7    A    Not until the lawsuit that you filed
8  against Crawl Space.
9    Q    And you are referring to the case that was
10  started in the Philadelphia Court of Common Pleas by
11  Philadelphia Professional Collections?
12    A    Yes.
13    Q    And did you have discussions with someone
14  at that point as to the reasonableness of the bills
15  or the accuracy of the bills?
16    A    Yes, I had some.  A friend of mine that is
17  an accountant and he looked at it.  And he said that
18  somebody would have to be an expert in this kind of
19  bills.  I am going to have to get an expert to go
20  through it.
21    Q    And did you do that?
22    A    Not yet, but we are going to hire one.
23    Q    Okay.  Now, this bill is dated--
24    A    7/18/2019.
25    Q    2019?

Deposition of William Sykes

Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

Page 16

1   A   Yes.
2   Q   So as of today has any expert reviewed
3 this bill for reasonableness?
4   A   No, but I am looking to find an expert to
5 do that.  And we'll name it and give you his report.
6   Q   Is it your understanding that there was
7 double billing contained in this invoice?
8   A   I am not sure if it is this invoice or
9 other ones, but some of the-- on the line items they
10 are really hard to figure out.
11       You know, I think one of them was
12 like twenty hours to prepare a letter.  It is
13 different things.  But I am-- the expert is the one
14 that is going to have to pick that out and go
15 through these in detail.
16   Q   So as of today you haven't received advice
17 from an expert that the bills were containing double
18 billing or charges for work not done or otherwise
19 higher than they should be?
20   A   Correct.
21   Q   Did you have any discussions with Mr.
22 Onufrak about this or was he out of the picture as
23 of the date of this invoice?
24   A   He was out of the-- I think he was out of
25 the picture.  You can, you know, scroll back and if

Page 17

1 his initial is there, but I think he was-- he was
2 out before this.
3   Q   All right.  So in terms of paying the
4 bills that constitute exhibit 26 which I represent
5 to you is in the range of $670,000, are you prepared
6 to identify the entries for the work that was done
7 that was overbilled or double billed today?
8   A   No, I am not prepared today.  The expert
9 will write a report and explain what they think
10 about it.
11   Q   Was Crawl Space in a financial position to
12 pay the bill?
13   A   No.
14   Q   So that no matter what the expert thought,
15 the funds just weren't there?
16   A   Correct.
17   Q   Are there any writings from you to Siobhan
18 Cole or Justin Proper or Mike Onufrak complaining
19 about any of the bills that are in exhibit 26 which
20 consists of bills from July of 2019 through I
21 believe it's early 2021?
22   A   I am thinking that I had sent an email
23 offering a reduced amount after the case was over,
24 but I would have to look at my emails to see that.
25       But it seems like at one point I was

Page 18

1 going to borrow money and pay.  And I made an offer.
2 It was a low offer.  That was after, you know, the
3 work was done and I had the bill.
4   Q   Okay.  So the expert is or will review the
5 bills and identify any issues that he or she may
6 find in them and communicate that to you; that is
7 your expectation?
8   A   Yes, sir.
9   Q   From your perspective leaving aside the
10 issue of available funds, do you have an
11 understanding today as to why these bills weren't
12 paid?
13   A   Well, they weren't paid because we didn't
14 have that kind of money at that time.
15   Q   Would you have paid them otherwise?
16   A   If it was-- if it was a reasonable amount
17 that we could have paid, yes.
18   Q   Are you aware of any instances in which
19 White and Williams charged for work that it did not
20 do?
21   A   I am not, but that is what we are going to
22 hire an expert for to be able to write a report and
23 then come to the court hearing.
24   Q   Well, there are statements in your answer
25 to the effect that White and Williams did not do all

Page 19

1 the things that-- and I will defer to the answer,
2 but that White and Williams essentially did not do
3 all the tasks that you wanted them to do; is that
4 correct?
5   A   Yes.
6   Q   Tell me about that.  What are the areas or
7 the tasks that you wanted them to do that they did
8 not do?
9   A   I think the answer that we gave is I have
10 got to prove that, but that is what the expert is
11 going to do for us.
12   Q   As you sit here are you aware of any
13 instances of White and Williams charging for work
14 that it did not do or double billing for something
15 that it did do?
16   A   Well, I have gone through the bills
17 myself.  And there is a lot of different things with
18 block billing that has large amounts.  But you know,
19 I would really have to have an expert to tell me if
20 that is a reasonable way to bill or not.
21   Q   And it sounds like even if the bills were,
22 in everyone's view, completely legitimate and
23 payable Crawl Space just did not have the money to
24 do it anyway, right?
25   A   Correct.

Deposition of William Sykes                    Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

Page 28

Q   Now, the trial of the New Jersey litigation occurred in October 2019.

A   Yes.

Q   And let me ask you this.  Is it fair to say that discovery phase of the case was handled principally by Siobhan Cole and Mike Onufrak?

A   You know, part of it might have been handled by the first attorneys because I know the first attorneys--

Q   Okay.

A   -- hired the expert witnesses.

Q   Okay.  And then the case when the case went to trial who principally handled it for Crawl Space?

A   Siobhan and Justin and it was another lady attorney and I forget her name.

Q   Natalie Moles?

A   Yes, Natalie.

Q   Do you have any complaints about the discovery phase of the case and the work that was done?

A   I can't think of any complaints right now.

Q   Okay.  How about the handling of the trial?  Is it your view that mistakes were made in the conduct of the trial that would justify Crawl

Page 29

Space in not paying the invoices that were rendered?

A   The trial-- the one defending us they seem to-- I don't know.  I'm-- Justin was introduced to me as a show pony and he kind of acted like that during the trial.  But I am-- I mean, I don't have a problem.  You know, every-- every attorney makes mistakes.

They got through the trial, they went on the defense.  It wasn't that great of a verdict for counterclaim, but there was no malpractice or anything with what they did.

Q   Okay.  And that case ended with a defense verdict for Crawl Space and recovery of $300,000 on at least some of the counterclaims that were asserted?

A   Correct.

Q   Now, after the-- and let me ask you this.  I mean, Mr. Byers is representing you here today.  What was his role in the New Jersey litigation?

A   I had paid him to make sure that White and Williams doesn't mess up our antitrust claim here.  So he provided them information of what we were doing.

Q   And he provided that information to Siobhan Cole or Justin?

Page 30

A   Yes, they didn't like accepting it.  I think they felt like maybe he's stepping on their toes or telling them what to do.  But he is a good trial attorney and he didn't want us to mess up the antitrust case.

Q   And what do you mean by mess up the antitrust case?

A   Well, that goes into the malpractice.  So the lawsuit we filed will explain that.  Because I think we are here today for the collection matter.  And I don't have any malpractice even thoughts against White and Williams on what they did in New Jersey.

Q   Okay.

A   I mean, what they did in New Jersey or what they introduced to the court it messed up our antitrust case, but they didn't-- I don't think they-- you know, they covered the trial.

We got a verdict, a good defense verdict and 300,000.  So there was no malpractice in the way they handled their case.

Q   Okay.  And as I read the answer and the discovery responses we received yesterday, the answer says that the firm did not do certain things that you expected them to do.  And I am trying to

Page 31

understand what exactly it was that wasn't done that should have been done.

A   And I will have our expert witness do a report and send it to you.

MR. MOONEY:  If we can pull up I think it is exhibit 27.  It's the answer of Crawl Space in the fee collection case.  That was fast.

I will represent to you-- and you can see that it's got the timestamp of the court.  This is the answer that was filed by Crawl Space to PPC's complaint in the Eastern District of Pennsylvania.

And if we can scroll down to page three, three of six.  You got to go up.  All right.  That's it.

- - -

Exhibit 27 was marked for identification.

- - -

BY MR. MOONEY:

Q   Sir, can you see that page there in front of you?

A   Yes.  Which number are you referring to?

Q   Well, I am going to start now.

A   Okay.

Q   You see a reference to Matthew Earle.  Do

Deposition of William Sykes

Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

Page 32

1  you know Matthew Earle?
2    A   No.
3    Q   Okay.  Does he have anything-- did he have
4  anything to do with the New Jersey litigation or the
5  looking to find experts or participating in any way
6  in the New Jersey litigation?
7    A   Not that I remember.  Duncan I think used
8  him as the--
9      MR. BYERS:  Yes, to-- I can proffer to you
10     that the only association that Matt had was
11     serving to sponsor me for the admission to the
12     Third Circuit Court of Appeals and that was it.
13     He had no other association with the case.
14  BY MR. MOONEY:
15    Q   Okay.  Number 19 says, "Denied.  Defendant
16  never refused to advise W&W settlement terms."  This
17  is referring to the antitrust case-- or I am sorry.
18  Let me just-- let me withdraw that.
19       There is-- in paragraph 19 it says,
20  "Defendant never refused to advise W&W of settlement
21  terms as there was no settlement of the Litigation."
22    A   What was the question for number 19?
23    Q   Yes, let me pull up-- the complaint is 14.
24  Number 14.  We can pull up paragraph 19.
25    A   If you can just read the question.

Page 33

1    Q   Okay, let me do that.
2    A   Yeah.
3    Q   Well, paragraph 15 says the litigation
4  proceeded to-- this is the New Jersey litigation--
5  proceeded to trial for three weeks between October
6  9, 2019 and October 29, 2019.
7       There the jury found in favor of
8  Crawl Space with respect to its defenses and
9  counterclaims and awarded $300,000 in damages by way
10  of background there.  And that is correct, right?
11    A   Yes.
12    Q   And then thereafter White and Williams
13  filed post trial motions on behalf of Crawl Space
14  and a notice of appeal went to the third circuit
15  challenging the damages awarded and some other
16  things.  Is that correct that White and Williams
17  filed an appeal?
18    A   Yes.
19    Q   And at some point then did you retain Mr.
20  Byers to handle anything relating to the New Jersey
21  litigation?
22    A   I kind of think I did, but I can't
23  remember that.  That was-- I don't know if he did
24  one of the appeals or not.
25    Q   Did he draft the post-trial motions that

Page 34

1  were filed in the New Jersey case?
2    A   I don't think so.
3    Q   And then paragraph 18 says upon
4  information and belief, Crawl Space and Smart Vent
5  products settled the litigation after retaining Mr.
6  Earle which sounds like is a correct statement
7  although it occurred somewhat later.
8    A   Yeah, that we might have to correct some
9  of the answers if the answers are referring to the
10  antitrust case.
11      MR. BYERS:  I believe that the response to
12     that would be yes, it's correct, but the two
13     things are unrelated I think is how this works.
14  BY MR. MOONEY:
15    Q   And 19 says Crawl Space refused to
16  disclose the amount of settlement to W&W.  And the
17  answer is defendant never refused to advise W&W of
18  settlement terms as there was no settlement of the
19  litigation referring to the New Jersey litigation.
20  Is that a correct statement?
21    A   I think that might not be correct.  I
22  refused to tell them the settlement for the
23  antitrust.
24    Q   Well, is-- to your knowledge is the New
25  Jersey litigation settled?

Page 35

1    A   The New Jersey is the one that we are
2  talking about for the collection.
3    Q   Yes.
4    A   That settled.  I just haven't made my
5  payments.
6    Q   Okay.  So the answer that says defendant
7  never refused to advise W&W of settlement terms,
8  that's correct, right?
9    A   I would have refused settlement terms if
10  we are talking about the antitrust case.  So that--
11  but now I am confused of the-- of the question and
12  answer.
13      MR. BYERS:  I think I can help you with
14     this.  With regards to the settlement the case
15     in New Jersey was in the post trial phase
16     including the appeal.
17      MR. MOONEY:  Right.
18      MR. BYERS:  And the settlement was a
19     global settlement that did resolve the appeals
20     of the matters.  And so it did end the New
21     Jersey litigation.
22      MR. MOONEY:  Okay, that's helpful.
23      MR. BYERS:  Yes, sorry about that.  I had
24     to think about it for a minute.  And when you
25     sort of get to the end of this train of thought

Deposition of William Sykes                    Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

Page 40

1  going to be easy to prove it and that I can be on
2  the stand and prove it, that I can do it.
3      Q    And when were you first told that?
4      A    Quite a few years ago.  I think maybe when
5  that bill came up.  And I can't really remember
6  exactly when.
7      Q    Because the Gettry Marcus firm did do work
8  for Crawl Space and did bill for it apart from
9  appearing for trial and deposition in the like, they
10 did do some work on the file, correct?
11     A    Yes.
12     Q    All right.  So somebody decided that an
13 expert would be a good idea.  Who was that?
14     A    The first attorney.
15     Q    Okay.  The folks at Rivkin Radler?
16     A    Yes.
17     Q    All right.
18         MR. BYERS:  When you reach a good stopping
19 point can we take a break?
20         MR. MOONEY:  Okay, I'm sorry.  I forgot
21 your request there.  Yes, why don't we take
22 break.
23              - - -
24         A recess was taken.
25              - - -

Page 41

1  BY MR. MOONEY:
2      Q    In paragraph 20 in the answer filed in the
3  case brought by PPC paragraph 20 says W&W failed to
4  perform all of the work that was needed and or
5  requested by defendant in the litigation.  And I am
6  just trying to pin down exactly what in your mind
7  was the work that was needed or requested and not
8  done by W&W.
9      A    I think, again, I am going to have to rely
10 on the expert witness.  And what if he comes back
11 and says everything he did was correct then I don't
12 have a defense.
13     Q    And at that point Crawl Space would pay
14 the bill?
15     A    Crawl Space isn't financially able to pay
16 everything that's owed right now.
17     Q    But putting that aside, Crawl Space would
18 acknowledge that it owes that money?
19     A    If that's what my expert witness turns out
20 in his report, correct.
21     Q    Was there a firm by the name of Hunton
22 Williams involved at all in assisting in the New
23 Jersey litigation?
24     A    I remember talking to them for some
25 reason, but I don't remember.  I don't know if I

Page 42

1  talked to them about the antitrust.  They are a
2  local firm and I did hire them for something, but I
3  can't remember what it was.
4      Q    Was it to review the expert reports that
5  were being developed in the case by Crawl Space?
6      A    I wouldn't think I would have hired
7  somebody to review the expert reports, but then I
8  can't remember what I hired them for.
9      Q    Did they ultimately provide work product
10 to Crawl Space or an opinion as to damages or the
11 appropriateness of them?
12     A    I don't think so.  I think I hired them to
13 look at something, but I can't remember what it was.
14 But I didn't continue to hire them.
15     Q    Yeah.
16     A    But I can't remember why I asked them.  I
17 mean, early on in the case I was concerned about the
18 antitrust.  And I might have gone to them and asked
19 them because I'm in a Smart Vent suit.  Everybody in
20 the field and the other companies went out of
21 business and White and Williams fought to keep me in
22 business.
23     Q    Okay.  But did you consider when the fee
24 case was filed did you consider bringing White and
25 Williams into that piece of litigation this case?

Page 43

1      A    I am not sure I understand.  Maybe
2  Duncan--
3      Q    Yeah, I am just looking for your
4  understanding.  I don't want to know what you talked
5  about with your lawyer.
6      A    Ask that again.
7      Q    Yes, I am just looking-- was there-- did
8  you give some thought to whether White and Williams
9  should be brought into the fee case that we are
10 taking the deposition in today?
11     A    Well, the invoice is from White and
12 Williams so they are in the case.
13     Q    Well, the case is styled as PPC as an SNE
14 of the amount owed by Crawl Space to White and
15 Williams.  So PPC is the plaintiff in the case.
16         Did you consider bringing in or
17 taking action against White and Williams to have
18 them participate in that dispute or this dispute
19 that we are having right now about the payment of
20 the bills?
21     A    No, I didn't consider that.
22     Q    Now, as of the time that the PPC case was
23 filed against Crawl Space in November 2021, is it
24 correct that Crawl Space had already settled with
25 Smart Vent on a global basis?

EXHIBIT "C"



**Michael N. Onufrak**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7174 | Fax 215.789.7674
onufrakm@whiteandwilliams.com | whiteandwilliams.com

October 12, 2015

By E-Mail -- billy@crawlspacedoors.com
William G. Sykes, President
Crawl Space Door System, Inc.
3700 Shore Drive #101
Virginia Beach, VA 23455

RE: Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc.
    No. 1:13-cv-05691-JBS-JKW
    Selective Claim No. 21365766

Dear Mr. Sykes:

Thank you for giving White and Williams LLP ("W&W") the opportunity to replace Rivkin Radler and represent Crawl Space Door System, Inc. ("Crawl Space") (hereinafter "Client") as counsel, in litigation pending in the United States District Court for the District of New Jersey (Camden) entitled Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc. ("Litigation"). Your insurance carrier Selective Insurance Company of America authorized White and Williams to represent your company on the counterclaim but only to the extent it buttresses the defense of Smart Vent's claim. I understand you will hire your own counsel, probably Dean E. Weisgold, P.C., to assist White and Williams in handling the counterclaim in the event it is necessary for something to be done on the counterclaim that does not necessarily buttress the defense of plaintiff's case-in-chief or if White and Williams withdraws if Selective ceases to pay defense costs. Examples of tasks that might be performed by co-counsel on the counterclaim would be development of a damages theory beyond the amount demanded by plaintiff in its case-in-chief or pursuit of punitive damages. This letter will serve to follow up on our conversation concerning White and Williams LLP ("W&W") providing legal services to Crawl Space.

For the sake of clarity, and as required by the Rules of Professional Conduct, I will set forth in this letter the understanding between W&W and Crawl Space with respect to our ongoing representation. If there is any portion of this letter which is unclear, I ask that you please give me a call so that we can go over it together.

16059038v.1

William G. Sykes, President
October 12, 2015
Page 2

W&W charges for its services on an hourly basis. The rates set forth herein are less than we typically would charge for a case like this one but the rates were adjusted downward to fit within the fee structure acceptable to Selective Insurance Company of America, your carrier which is defending Crawl Space under a reservation of rights letter. My adjusted hourly rate is $350 per hour. Associates in our Commercial Litigation group who may be assisting me in the handling of this matter have adjusted hourly rates of $225 - $245. Paralegals have the adjusted rate of $100 per hour. I will remain the primary attorney in charge of the litigation. Please be assured that it is W&W's practice to assign tasks in the most efficient and economic manner possible under the circumstances. Our hourly rates may be adjusted from time to time, normally at the end of each calendar year, but the rates which I have given to you will remain in place through calendar year 2016.

Charges are also made for expenditures incurred on behalf of Clients, including filing fees, photocopying, long distance telephone, excess postage, clerical overtime, computer research, travel costs and the like. Our statements for services rendered usually are provided monthly, covering time recorded through the previous month, plus disbursements, and are payable upon presentation.

It is W&W's practice on assuming representation of a new Client to request a retainer, in this case in the amount of $ - 0 -, be forwarded to us. The amount of our billings will be deducted from the retainer which Client has provided to us and we may request that you replenish the retainer up to the level of $ - 0 -, on a monthly basis. This retainer does not represent the total fees anticipated to complete this matter, but will be applied against our bills as they are submitted. Obviously, if our representation is concluded at a point when the retainer has not been fully utilized, we will either hold the remaining balance as a credit against future services, or refund the remaining balance, as you direct.

All billing will be sent to Selective and payment will be made by Selective. In the event that Selective ceases its defense of Crawl Space, then, after reasonable notice to Crawl Space, White and Williams will seek to withdraw as counsel for Crawl Space unless Crawl Space agrees to post a retainer satisfactory to White and Williams at that time.

We understand that all communication concerning this representation will, until we are instructed otherwise, be through you, and that correspondence and billing statements with respect to this matter should be addressed to you at the above address.

Under our standard representation procedures, W&W may discontinue its representation of Client if an invoice is not paid within 30 days of mailing, or if the retainer, when requested, is not forthcoming. If it becomes necessary to discontinue our representation, W&W will be relieved of any further obligations to Client. Moreover, in the event that we are representing Client in any litigation at such time as our invoices remain unpaid, Client agrees that W&W may immediately withdraw as counsel by filing the appropriate motion or praecipe for withdrawal as required by the Court.

16059038v.1

William G. Sykes, President
October 12, 2015
Page 3

As with all representations of this type, we believe it essential that all parties continue to feel comfortable and confident in the arrangement. Accordingly, you should feel free to terminate our engagement at any time (subject to the arrangement with respect to the payment of fees) and we must reserve the same right.

Please be advised that it is W&W's policy to retain Client files for a period of six (6) years after the termination of a matter, at which time the files will be destroyed. Prior to its destruction, you may forward a written request for return of the file, which we will provide at no additional cost except for postage or shipping charges, provided that all sums due and owing to W&W have been paid in full at that time. Upon closing the file, W&W will attempt to return to you any original documents contained in the file.

While I am sure that the above appears rather formal, it is our sincere desire that you clearly understand the activities involved in your representation, and our fees for services. I will be the attorney responsible for your work and for the preparation of Client's bills. We encourage you to contact us promptly if you have any concerns or questions about any aspects of our services or our bills.

We appreciate your giving us the opportunity to represent you, and certainly look forward to serving you on an ongoing basis.

Very truly yours,

WHITE AND WILLIAMS LLP

Michael N. Onufrak

MNO:med

Cc: David G. Hahn, Esq. (Via E-Mail – David.hahn@selective.com)

The above terms are understood and agreed to:        APPROVED:

**CRAWL SPACE DOOR SYSTEM, INC.**        **SELECTIVE INSURANCE COMPANY OF AMERICA**

By: _William G. Sykes_____        BY: _David G. Hahn_____
    William G. Sykes, President                David G. Hahn, Complex Claims Counsel
                                                Corporate Claims

DATE:_10/14/2015_____        DATE:_10|14|15_____

16059038v.1

EXHIBIT "D"



**Peter J. Mooney**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7164 | Fax 215.789.7664
mooneyp@whiteandwilliams.com | whiteandwilliams.com

June 4, 2021

**VIA E-MAIL**

William G. Sykes, President
Crawl Space Door Systems, Inc.
5741 Bayside Road #105
Virginia Beach, VA  23455

**RE:**   **Outstanding Accounts Receivable Owed to White and Williams LLP –**
**Crawl Space Door Systems, Inc.**

Dear Mr. Sykes:

I am the person at White and Williams, LLP tasked with collecting delinquent accounts
receivable from clients.  As you are probably aware, you owe White and Williams $670,077.93.

The procedure here at White and Williams, if I cannot reach an acceptable accommodation with
a client to satisfy outstanding accounts, is that the account receivable is assigned to Philadelphia
Professional Collections, LLC (**"PPC"**), a limited liability company wholly-owned by White and
Williams. PPC will then file a Complaint against the ex-client seeking to collect the outstanding
account.  Although this is not my preferable resolution to any outstanding accounts with prior
clients, it is sometimes necessary.  I hope that is not necessary in this case.

After receipt of this letter, kindly contact me to discuss making arrangements to pay the
outstanding account that you owe to White and Williams.  If I do not hear from you on or before
the close of business on June 11, 2021, the account receivable will be assigned by White and
Williams to PPC, which will then file suit against you to collect the debt.  In order to obviate the
expense, annoyance and adverse consequences of being involved in litigation, I respectfully
request that you contact me so that we can resolve this matter.

Mr. William G. Sykes
June 4, 2021
Page 2

I am looking forward to your anticipated cooperation and I remain,

Very truly yours,

WHITE AND WILLIAMS LLP

Peter J. Mooney

PJM:vl

27225147v.1

EXHIBIT "E"



**White and Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

| | |
|---|---|
| Crawl Space Door Systems | Invoice Number          734830 |
| 3700 Shore Drive #101 | Invoice Date            07/18/19 |
| Virginia Beach, VA 23455 | Client Number         0036031 |
| | Matter Number          00001 |

Attn: William G. Sykes

Our File:    0036031.00001                                          Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 06/01/19 through 06/30/19:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 06/01/19 | Drafting Motions in Limine; | SKC | 4.2 |
| | Continued drafting motion to preclude Plaintiff's genericness expert, Dr. Seggev, at trial on the basis of his flawed methodology and improper sampling size; | NBM | 6.2 |
| | Drafting Motion in Limine; Legal research and review of pleadings for same; | MB | 4.9 |
| 06/02/19 | Drafting Motions in Limine | SKC | 2.2 |
| | Revised motion to preclude Dr. Seggev at trial in preparation to file same by upcoming Court ordered deadline; | NBM | 5.6 |
| | Drafting Motions in Limine; Legal research re: same; Correspondence with S. Cole re: same; | MB | 4.8 |
| 06/03/19 | Drafting Motions in Limine | SKC | 7.4 |
| | Revised motions in limine re: (1) precluding evidence and testimony relating to Smart Vent's flood vents; (2) precluding Trexler's testimony and legal conclusions; and (3) Dr. Seggev's expert report and testimony re: genericness study; | NBM | 9.4 |
| | Review Tom Little's deposition re drafting motion in limine to preclude his testimony; Drafted motion in limine to preclude testimony of Tom Little; Research Federal Rules of Evidence and case law regarding bias of expert witnesses,  expert witness requirements, and expert report preclusion re drafting motion in limine to preclude Tom Little's testimony; | SY | 10.2 |
| | Drafting Motions in Limine; Legal research re: same; Correspondence and meeting with S. Cole re: same; | MB | 2.9 |
| 06/04/19 | Legal research, finding and reviewing cases from the District of New Jersey on whether one party has used a confidential designation for documents that should not be designated confidential; | GEC | 1.2 |
| | Worked to finalize and file all motions in limine on behalf of CSD; | SKC | 6.7 |
| | Revised all motions in limine, reviewed and redacted "Attorneys Eyes Only" information, prepared  all exhibits and accompanying papers and prepared same for midnight filing deadline; | NBM | 10.9 |
| | Review discovery confidentiality order re objections and modifications; Research rules for confidentiality orders pertaining to discovery re objections and modifications; | SY | 8.7 |

0036031   Crawl Space Door Systems                                    Invoice Number      734830
00001     Smart Vent Products, Inc. v. Crawl Space Door System, Inc.  Invoice Date        07/18/19
                                                                                          Page 2

| Date | | Atty | Hours |
|---|---|---|---|
| | Continued drafting motion in limine to preclude testimony of Tom Little; | | |
| | Drafting MIL; Legal research re: same; Correspondence with S. Cole re: same; Filing same; | MB | 3.9 |
| 06/05/19 | Reviewed and analyzed all motions in limine filed by Smart Vent; | SKC | 4.6 |
| | Began review of Smart Vent's Motion in Limine to preclude testimony/opinions of Robert Wallace at trial; | NBM | 0.3 |
| | Continued researching rules and standards for confidentiality orders re objections and modifications; | SY | 3.7 |
| | Review of Plaintiff's Motions in Limine; Communication with S. Cole re: response; | MB | 0.7 |
| 06/06/19 | Reviewed and analyzed all prior scheduling orders and federal rules of civil procedure in order to confirm untimeliness of Smart Vent's motion for summary judgment; Exchanged numerous calls and emails with Mr. Sykes and Mr. Byers and worked generally on issues pertaining to motions in limine and confidentiality; | SKC | 5.0 |
| | Reviewed motions in limine including exhibits and performed extensive Daubert research to respond to motion to preclude expert; | JEP | 8.5 |
| | Drafted summary of case law concerning modification of confidentiality orders/overdesignation of attorneys; eyes only designations; Researched 3rd Circuit cases addressing untimely summary judgment motions; | SY | 7.4 |
| | Communication with S. Cole re: response to partial summary judgment motion; | MB | 0.2 |
| 06/07/19 | Drafted and filed letter motion seeking to strike Smart Vent's motion for summary judgment as untimely; Worked to identify issues and coordinate responses to motions in limine | SKC | 3.8 |
| | Began drafting response to motion in limine including reviewing expert deposition transcripts; | JEP | 5.8 |
| | Meeting to discuss necessary research re: introduction of Smart Vent's prior lawsuits; | NBM | 1.9 |
| 06/09/19 | Reviewed Smart Vent's motion to preclude Wallace's expert report and testimony in preparation to respond thereto; | NBM | 2.1 |
| 06/10/19 | Reviewed and analyzed Smart Vent's response to CSD request to strike improper Motion for Summary Judgment and exchanged correspondence re: same; | SKC | 1.0 |
| | Review of letter from Smart Vent counsel re: Motion for Partial Summary Judgment; Correspondence with S. Cole and J. Proper re: same; | MB | 0.2 |
| 06/11/19 | Reviewed Order issued by Magistrate Judge Williams re: on the record conference and exchanged correspondence re: same; | SKC | 0.3 |
| | Reviewed research re: admissibility of evidence relating to plaintiff's prior litigation; | NBM | 0.4 |
| 06/12/19 | Analyzed and prepared all trial exhibits identified by Smart Vent for confidentiality objections; | SKC | 7.4 |
| | Conference call with client and continued drafting response to motion in limine; | JEP | 5.7 |
| | Continued review and organization of Smart Vent's trial exhibits; | NBM | 3.8 |
| | Reviewed Smart Vent's motion in limine to preclude the introduction of evidence relating to Smart Vent's other litigation re drafting an opposition; Research rules of evidence and case law relating to introducing prior litigation re drafting opposition to motion in limine; | SY | 1.8 |
| | Review of Motion for Partial Summary Judgment; Legal research re: same; Correspondence with S. Cole re: same; | MB | 3.8 |
| 06/13/19 | More work on plaintiff's trial exhibits, gathering fragments of documents, combining files, | GEC | 3.9 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 734830 |
|---|---|---|---|
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 07/18/19 |
| | | | Page 3 |

| Date | | Atty | Hours |
|---|---|---|---|
| | and trying to obtain less blurry images; | | |
| | Exchanged correspondence with counsel for Smart Vent re: conference with Judge Williams; Exchanged correspondence with Dr. Rice; Continued working on trial exhibits and confidentiality issues; Working on response to Rice Motion in Limine; Continued working on multiple trial prep items including responses to motions in limine; | SKC | 5.7 |
| | Continued researching case law for introduction of other litigation re drafting response to plaintiff's motion in limine to exclude evidence of other litigation; Review plaintiff's partial motion for summary judgment as to the "FEMA Accepted" counterclaims re researching case law for defendants' opposition; Research case law for laches, SOL,  and waiver re opposition to plaintiff's partial motion for summary judgment as to defendant's "FEMA accepted" counterclaims; Drafting summary on case law for laches, SOL, waiver re responding to plaintiff's partial motion for summary judgment as to defendant's "FEMA accepted" counterclaims; Reviewed Plaintiff's amended complaint and complaints in plaintiff's other litigations re drafting a response to plaintiff's motion in limine to exclude evidence of other litigation; | SY | 8.6 |
| | Drafting and research re: opposition to Smart Vent's Motion for Partial Summary Judgment; Communication with S. Cole re: same; | MB | 3.9 |
| 06/14/19 | Getting good copies of documents listed by plaintiff as trial exhibits, not blurry and with all pages, and resolving and double-checking other problems; | GEC | 3.3 |
| | Exchanged emails and conferred with Dr. Rice re: issues in motion in limine; Reviewed and analyzed engineering issues for motions in limine and call with Dr. Rice; Reviewed draft response to motion for summary judgment and filed motion to carry same one motion cycle in light of call with Magistrate Judge Williams re: same; Reviewed order re-setting deadlines and exchanged correspondence re: same; Attention to multiple outstanding issues re: trial; | SKC | 4.3 |
| | Drafting and revising response to motion in limine; | JEP | 6.8 |
| | Create exhibit pdf from tags; | RS | 0.8 |
| | Continued researching case law for introduction of other litigation re drafting response to plaintiff's motion in limine to exclude evidence of other litigation; Drafted opposition to plaintiff's motion in limine to preclude the introduction of other litigation; | SY | 6.6 |
| | Research and drafting opposition to Motion for Summary Judgment; Correspondence with S. Cole re: same; | MB | 3.1 |
| 06/16/19 | Reviewed Robert Wallace's deposition testimony and began outlining response in opposition to Smart Vent's motion to preclude expert testimony of Mr. Wallace; | NBM | 2.6 |
| 06/17/19 | Prepared for call with Magistrate Judge Williams re: untimely motion for summary judgment; Call on the record with Magistrate Judge Williams; Continued working to identify and resolve issues for responses to motions filed by Smart Vent;; Follow up call with counsel for Smart Vent re: adjusting deadlines for motions in limine; | SKC | 5.3 |
| | Response to Motion to Preclude Robert Wallace's Testimony/Opinions - Researched issue of whether failure to validate a survey renders the survey design inadequate; Research re: equitable recoupment argument for insertion in response to Smart Vent's motion for summary judgment; | NBM | 4.4 |
| | Researched case law for hearsay and character evidence re drafting response to plaintiff's motion in limine to exclude evidence of other litigation; and continued researching case law re admitting evidence; Briefly reviewed 4 complaints from Smart Vent's other complaints again re drafting response to plaintiff's motion in limine to exclude evidence of other litigation; Continued drafting and revising opposition to plaintiff's motion in limine to exclude evidence of Smart Vent's other litigation; | SY | 9.8 |
| 06/18/19 | Reviewed Order administratively terminating Smart Vent's Motion for Summary | SKC | 2.8 |

| | | | |
|---|---|---|---|
| 0036031 | Crawl Space Door Systems | Invoice Number | 734830 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 07/18/19 |
| | | | Page 4 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | Judgment; Reviewed Correspondence re: new builder impacted by Smart Vent misstatements; Reviewed correspondence and anti trust complaint and exchanged correspondence re: same; Reviewed text order approving proposed scheduling of motions and exchanged correspondence re: same; Discussed issues pertaining to Magistrate Judge Williams order re: motions in limine and for summary judgment; Reviewed draft response to motion in limine to preclude evidence of other litigation; Reviewed and analyzed minute entry and exchanged correspondence with Smart Vent re: need for proposed order in light of same; Call to discuss motion in limine seeking dispositive relief; | | |
| | Reviewed Smart Vent's Motion for Summary Judgment re: laches on CSD's counterclaim and researched various defenses thereto; | NBM | 4.8 |
| | Edited and cite checked opposition to plaintiff's motion in limine to exclude evidence of Smart Vent's other litigation; | SY | 0.5 |
| | Review of Letter to the Court and Min Entry; | MB | 0.2 |
| 06/19/19 | Reviewed plaintiff's trial exhibits for confidentiality designations and sorted them by type of designation (Confidential or Attorneys' Eyes Only), to facilitate possible challenges to designations; | GEC | 2.9 |
| | Preliminary research re: seeking dispositive relief through a motion in limine; Outlined response to motion to dismiss counterclaims; Researched and analyzed elements and defenses to Laches; Identifying and preparing trial exhibits; | SKC | 6.0 |
| | Gathered Defendants Exhibits; | AJC | 2.5 |
| | Meeting with S. Cole to discuss response to Smart Vent's motion for summary judgment; | NBM | 4.7 |
| | Create exh pdfs from tag; | RS | 0.8 |
| | Review of Defendants Exhibits; Collection of same; | MB | 2.3 |
| 06/20/19 | Reviewed plaintiff's listed trial exhibits for confidentiality designations and sorted them by type of designation (Confidential or Attorneys' Eyes Only) and by who produced them, in order to consider possible challenges to the designations; | GEC | 2.6 |
| | Briefly reviewed and analyzed letter and declaration re: alleged breach of confidentiality order filed with court by Smart Vent; Prepared for issues pertaining to anti trust lawsuit; Worked to develop arguments in response to Smart Vent's stated intent to re-file motion for summary judgment as motion in limine; | SKC | 3.2 |
| | Discussion with S.Cole; reviewed confidentiality order; reviewed email exchange between counsel regarding the Graham disclosure re whether the disclosure of the Graham deposition was a breach; | SY | 1.2 |
| | Meeting with S. Cole re: FEMA Accepted counter claims; Follow up review of exhibits; | MB | 1.2 |
| 06/21/19 | Worked to analyze and develop strategy in response to Smart Vent's complaint to Judge Williams regarding alleged violation of Confidentiality Order; Briefly reviewed Smart Vent's re-filed motion in limine re: statute of limitations and exchanged correspondence re: same; | SKC | 3.4 |
| | Researched case law concerning confidentiality issues focusing on improper designations, information in the public domain, sanctions, and confidentiality of information concerning revenue in concern with plaintiff's complaints of a breach of the confidentiality order re Graham deposition transcript; Reviewed CSD's antitrust complaint, Smart Vent's letter to the court complaining of a breach of the confidentiality order and exhibits thereto, and briefly reviewed Graham's deposition transcript; | SY | 7.7 |
| 06/24/19 | Contacted Court re: letter from AJ DiMarino and Crawl Space Doors' response to same and worked to have same submitted by close of business; | SKC | 1.5 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 734830 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 07/18/19 |
| | | | Page 5 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | Drafted letter to the court addressing Smart Vent's letter that Crawl Space Doors breach the discovery confidentiality order; | SY | 5.4 |
| | Correspondence with service center re: defendants trial exhibits; Review of same; | MB | 1.1 |
| 06/25/19 | Reviewed and analyzed rebuttal letter filed by Smart Vent re: confidentiality issue; | SKC | 0.4 |
| | Review of letter from Smart Vent counsel re: DCO; Correspondence with S. Cole re: same; Legal research for MIL re: FEMA Accepted Counterclaims; | MB | 1.8 |
| 06/26/19 | Collection, review and redaction of Defendant's trial exhibits; | MB | 3.4 |
| 06/27/19 | Exchanged correspondence re: motion in limine arguments | SKC | 0.5 |
| | Created PDF using Pagevuault and adobe acrobat from a Website for Morgan Birch; | RCP | 0.3 |
| | Preparing defendants trial exhibits; Sorting same for confid; Review of confid order for same; Legal research re: opp to MIL FEMA Accepted counterclaims; | MB | 7.0 |
| 06/28/19 | Reviewed deposition transcripts in preparation for trial; | JEP | 4.0 |
| | Drafting opposition to MIL re: FEMA accepted counterclaims | MB | 6.1 |
| 06/30/19 | Legal research and drafting Opp to MIL re: FEMA Accepted misrepresentations; | MB | 1.4 |
| | | Total Hours | 306.4 |

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Morgan Birch | 52.90 | at | $295.00 | = | 15,605.50 |
| Arthur J. Cautilli | 2.50 | at | $150.00 | = | 375.00 |
| Siobhan K. Cole | 75.70 | at | $350.00 | = | 26,495.00 |
| Gretchen E. Cowell | 13.90 | at | $145.00 | = | 2,015.50 |
| Natalie B. Molz | 57.10 | at | $275.00 | = | 15,702.50 |
| Ryan C. Penny | 0.30 | at | $85.00 | = | 25.50 |
| Justin Proper | 30.80 | at | $350.00 | = | 10,780.00 |
| Reth Sorn | 1.60 | at | $85.00 | = | 136.00 |
| Sabina Yevdayeva | 71.60 | at | $225.00 | = | 16,110.00 |
| | Current Fees | | | | 87,245.00 |

**For Costs Advanced and Expenses Incurred:**

| | | |
|---|---|---|
| In-house Duplicating Costs | 0.80 | |
| In-house Duplicating Costs | 19.00 | |
| In-house Duplicating Costs | 3.20 | |
| In-house Duplicating Costs | 13.80 | |
| In-house Duplicating Costs | 0.40 | |
| In-house Duplicating Costs | 0.20 | |
| In-house Duplicating Costs | 1.80 | |
| Current Expenses | | 39.20 |

| | |
|---|---|
| Total Amount of This Invoice | 87,284.20 |
| Prior Balance Due | 52,406.10 |
| **Total Balance Due Upon Receipt** | **139,690.30** |


**White and Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

| | |
|---|---|
| Crawl Space Door Systems | Invoice Number          738254 |
| 3700 Shore Drive #101 | Invoice Date           08/16/19 |
| Virginia Beach, VA 23455 | Client Number          0036031 |
| | Matter Number          00001 |

Attn: William G. Sykes

Our File:    0036031.00001                                    Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 05/01/19 through 07/31/19:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 07/01/19 | Reviewed Order setting conference and exchanged correspondence re same; | SKC | 0.4 |
| | Reviewed motion in limine re FEMA Accepted counterclaims filed by plaintiff; Researched defenses of economic justification in response to plaintiff's motion in limine re FEMA Accepted counterclaims; Researched equitable recoupment defense in response to Plaintiff's motion in limine for FEMA accepted counterclaims; | SY | 4.3 |
| | Legal research and drafting Opp to MIL re: FEMA Accepted misrepresentations; | MB | 2.8 |
| 07/02/19 | Continued working to develop objections to Smart Vent's motions; | SKC | 4.0 |
| | Drafted brief in opposition to Smart Vent's motion to preclude expert report and testimony of Robert Wallace; | NBM | 5.3 |
| | Preparing trial exhibits; | MB | 0.7 |
| 07/03/19 | Prepared for and argued before Judge Williams re Smart Vent's demand for information and an Order regarding the Gram deposition and updated client re same; Drafting Motion in Limine Responses; | SKC | 6.4 |
| | Drafted response in opposition to Smart Vent's motion to exclude expert testimony of Robert Wallace; | NBM | 2.7 |
| | Drafting Opp to MIL re: FEMA accepted representations; | MB | 0.9 |
| 07/04/19 | Drafting Opp to MIL re: FEMA Accepted Representations; | MB | 2.3 |
| 07/08/19 | Drafting Responses to Smart Vent's Motions in Limine; | SKC | 8.5 |
| | Continued drafting brief in opposition to Smart Vent's motion in limine to preclude expert testimony of Robert Wallace; | NBM | 5.0 |
| | Edits to Opp to MIL re: FEMA Accepted evidence; Correspondence with S. Cole re: same; | MB | 1.9 |
| 07/09/19 | Drafted, revised, finalized and filed all responses to Smart Vent Motions in Limine; | SKC | 11.6 |
| | Revised, finalized, and filed all briefs in opposition to Smart Vent's motions in limine; | NBM | 10.1 |
| | Legal research and edits to Opposition to MIL; Preparing Opp to MILs for filing; | MB | 2.4 |
| 07/10/19 | Worked to comply with Judge Simandles request for courtesy copies of Motions in Limine; | SKC | 0.2 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 738254 |
|---|---|---|---|
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 08/16/19 |
| | | | Page 2 |

| Date | | Atty | Hours |
|---|---|---|---|
| | Reviewing Smart Vent's Opposition to CSD's MIL; Preparing courtesy copies of same for the judge; Sending same; | MB | 1.9 |
| 07/12/19 | Reviewed and calendared Order re Declaration; | SKC | 0.1 |
| 07/15/19 | Drafted and revised Sykes declaration and exchanged correspondence re same with Mr. Sykes and Mr. Byers; General case management; | SKC | 2.8 |
| 07/16/19 | Worked to revise, refine and file Sykes Declaration; Continued preparing trial outline; Exchanged correspondence with DiMarino re Order on Motion to Seal; | SKC | 4.7 |
| 07/17/19 | Received and analyzed Smart Vent's Motion to Seal; Exchanged correspondence with Mr. Byers re New Jersey Motions and call to discuss same; | SKC | 0.4 |
| 07/18/19 | Exchanged correspondence with Mr. Byers and worked to identify (non-confidential) discovery and exhibits that pertain to anti-trust case; Worked with Ms. Yerdayeva on objections to SV confidentiality; Call from Mr. Byers re counterclaim and overlap with anti-trust case; | SKC | 4.5 |
| 07/19/19 | Received and analyzed letter from Jay DiMarino re deposition designations; Received and analyzed letter from DiMarino re Sykes Declaration; | SKC | 0.4 |
| 07/22/19 | Exchanged correspondence with Mr. Sykes re Motions in Limine; telephone call with Mr. Sykes re Smart Vent's claims; Drafting trial themes and outline; Worked to define research project re flood events; Reviewed status of AEO project; | SKC | 6.0 |
| | Reviewed Smart Vent's and CSDs Exhibits/doc production labeled as Attorneys' Eyes Only/Confidential for the purpose of identifying improperly designated documents; | SY | 6.5 |
| 07/23/19 | Exchanged emails with Mr. Sykes re Smart Vent's continued smear campaign; met with Mr. Proper to further develop trial strategy; drafted correspondence to Smart Vent's counsel re Sykes Declaration and continued trial work; | SKC | 6.4 |
| | Continued reviewing Smart Vent's and CSD's Exhibits/doc production labeled as Attorneys' Eyes Only/Confidential for the purpose of identifying improperly designated documents; | SY | 2.7 |
| | Litigation strategy meeting with. J. Proper and S. Cole; Review of docket and local rules for Motion to File Under Seal; Correspondence with S. Cole re: same; Legal research re: protective orders; Review of confid. agreement for same; | MB | 2.0 |
| 07/24/19 | Exchanged correspondence and worked to determine strategy in light of news re Judge Simandle; Reviewed notices re filing under seal and exchanged correspondence with counsel for Smart Vent and Court re same; Continued working to prepare for trial; | SKC | 3.1 |
| | Meeting with lead counsel; | JEP | 1.3 |
| | Continued reviewing Smart Vent's and CSD's Exhibits/doc production labeled as Attorneys' Eyes Only/Confidential for the purpose of identifying improperly designated documents; | SY | 5.2 |
| | Preparing depositions for depo summaries; Correspondence with paralegal re: same; | MB | 0.5 |
| 07/25/19 | Exchanged emails with Mr. Sykes and Mr. Byers and continued trial preparation in light of silence from Court; | SKC | 2.5 |
| | Continued reviewing Smart Vent's and CSD's Exhibits/doc production labeled as Attorneys' Eyes Only/Confidential for the purpose of identifying improperly designated documents; | SY | 5.2 |
| 07/26/19 | Summarized pages 1 through 18 of the January 29, 2016 deposition transcript of Thomas S. Little, Jr.; | AJC | 2.1 |
| | Continued reviewing Smart Vent's and CSD's Exhibits/doc production labeled as Attorneys' Eyes Only/Confidential for the purpose of identifying improperly designated | SY | 6.9 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 738254 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 08/16/19 |
| | | | Page 3 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | documents; | | |
| | Communication with paralegal re: deposition summaries; Review of sample; Providing outline guidance; | MB | 0.6 |
| 07/29/19 | Trial prep; | SKC | 4.6 |
| | Summarized pages 19 through 34 of the January 29, 2016 deposition transcript of Thomas S. Little, Jr.; | AJC | 1.9 |
| | Continued reviewing Smart Vent's and CSD's Exhibits/doc production labeled as Attorneys' Eyes Only/Confidential for the purpose of identifying improperly designated documents; | SY | 6.7 |
| 07/30/19 | Reviewed and analyzed correspondence filed by Smart Vent re Sykes Declaration and demand for a privilege log and worked to respond to same by reviewing and identifying all improperly designated documents produced by Smart Vent; Exchanged correspondence re engagement of Mr. Byers and confidentiality; | SKC | 5.7 |
| | Created a separate list of Smart Vent's Exhibits with improper designations re letter objecting to all designations; | SY | 0.4 |
| | Correspondence with S. Cole re: waiving confid designations for pre-trial; Legal research re: same; Review of correspondence from A. DiMarino; | MB | 2.2 |
| 07/31/19 | Reviewed and analyzed Sykes transcript and other documents in order to draft confidentiality objections and prepare for trial; Exchanged correspondence with D. Byers and B. Sykes re Smart Vent's newest attacks and plans in response thereto; | SKC | 5.0 |
| | Collection of requested documents; Sending same to D. Byers; | MB | 0.6 |
| | Total Hours | | 162.4 |

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Morgan Birch | 18.80 | at | $295.00 | = | 5,546.00 |
| Arthur J. Cautilli | 4.00 | at | $150.00 | = | 600.00 |
| Siobhan K. Cole | 77.30 | at | $350.00 | = | 27,055.00 |
| Natalie B. Molz | 23.10 | at | $275.00 | = | 6,352.50 |
| Justin Proper | 1.30 | at | $350.00 | = | 455.00 |
| Sabina Yevdayeva | 37.90 | at | $225.00 | = | 8,527.50 |
| | Current Fees | | | | 48,536.00 |

**For Costs Advanced and Expenses Incurred:**

| | | |
|---|---|---|
| Telephone Calls – Conference Call | 23.05 | |
| Searches | 28.90 | |
| Travel Expense | 15.45 | |
| Current Expenses | | 67.40 |

| | |
|---|---|
| Total Amount of This Invoice | 48,603.40 |
| Prior Balance Due | 129,690.30 |
| **Total Balance Due Upon Receipt** | **178,293.70** |



**White and Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

Crawl Space Door Systems                          Invoice Number          740702
3700 Shore Drive #101                             Invoice Date            09/18/19
Virginia Beach, VA 23455                          Client Number           0036031
                                                  Matter Number           00001

Attn: William G. Sykes

Our File:   0036031.00001                         Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 08/01/19 through 08/31/19:

| Date | | Atty | Hours |
|---|---|---|---|
| 08/01/19 | Exchanged emails and telephone calls with Mr. Sykes re: show cause motion; Call with Mr. Sykes and Mr. Byers; Continued working on discovery and trial prep issues; | SKC | 4.7 |
| 08/02/19 | Exchanged correspondence with Mr. Byers and worked to provide same with requested discovery; | SKC | 0.6 |
| | Review of discovery requests; Sending same to anti-trust counsel; | MB | 1.6 |
| 08/05/19 | Reviewed order reassigning the case; | JEP | 0.1 |
| | Locating and sending discovery requests and responses; Reviewing of text order; Amending pro hac application; Refiling same; | MB | 2.1 |
| 08/06/19 | Drafted and filed letter to Judge Williams addressing SV's continued demands for information re: the Graham Deposition including a privilege log and CDS's objections to same; General trial preparation and continued efforts to provide Mr. Byers with all requested information. Reviewed Order reassigning case to Judge Rodriguez and exchanged emails and telephone calls re: same; | SKC | 6.2 |
| | Locating and sending discovery requests and responses to D. Byers; | MB | 0.7 |
| 08/07/19 | Exchanged emails and telephone calls with counsel for SV and the Court re: motions to seal and reviewed and approved letter re: same; reviewed Court Order re: conference; and worked to locate historical discovery requested by Mr. Byers; | SKC | 2.8 |
| | Summarized pages 35 through 45 of the January 29, 2016 deposition transcript of Thomas S. Little, Jr.; | AJC | 1.5 |
| 08/08/19 | Exchanged emails with counsel for SV, filed letter with Court, and made phone calls to Court re: scheduled conference and reviewed order granting extension for motion to seal; | SKC | 1.0 |
| | Summarized pages 46 through 55 of the January 29, 2016 deposition transcript of Thomas S. Little, Jr.; | AJC | 1.4 |
| | Reviewed order regarding conference; | JEP | 0.1 |
| | Drafted letter to Magistrate Judge Williams regarding rescheduling of conference due to personal conflicts; | NBM | 1.0 |
| | Locating discovery responses; Sending same to D. Byers; | MB | 0.8 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 740702 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 09/18/19 |
| | | | Page 2 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 08/09/19 | Exchanged emails with Dr. Rice re: trial schedule; | SKC | 0.1 |
| | Summarized pages 56 through 66 of the January 29, 2016 deposition transcript of Thomas S. Little, Jr.; | AJC | 1.3 |
| 08/12/19 | Prepared for and appeared on behalf of Crawl Space Doors at conference before Magistrate Judge Williams re: Confidentiality and other discovery issues; | SKC | 5.6 |
| | Summarized pages 57 through 76 of the January 29, 2016 deposition transcript of Thomas S. Little, Jr.; Summarized pages 1 through 66 of the January 29, 2016 deposition transcript of Michael J. Graham; | AJC | 7.0 |
| | Conference with lead counsel and traveled to and attended pretrial conference; | JEP | 3.5 |
| | Revised spreadsheets in preparation for Attorney Cole's hearing regarding confidentiality designations; | NBM | 1.5 |
| 08/13/19 | Telephone Conference with Mr. Sykes, Mr. Proper, and Mr. Byers to discuss conference with Judge Williams and strategy going forward; Worked with Mr. Proper re: trial strategy; Drafted letter to counsel for SV setting forth objections to confidentiality designations and other discovery issues; Outlined areas of expert testimony for trial and key themes and points for each in advance of meeting with Mr. Byers; | SKC | 8.8 |
| | Summarized pages 67 through 138 of the January 29, 2016 deposition transcript of Michael J. Graham; | AJC | 2.0 |
| | Phone conference with client and outside counsel for Smart Vent; Meeting with lead counsel to discuss trial; Trial preparation including reviewing Little transcript for purposes of preparing for his examination; | JEP | 5.9 |
| | Drafted/revised spreadsheet with objections to Smart Vent's confidentiality designations; | SY | 3.4 |
| 08/14/19 | Worked on trial proof and law outline; Reviewed and analyzed Reichard video transcript; Meeting with Mr. Byers to inform same of trial strategy and expert themes; Call with counsel for SV to discuss various issues raised at conference with magistrate judge Williams including motion to seal and scheduling of trial; | SKC | 9.0 |
| | Summarized pages 139 through 145 of the January 29, 2016 deposition transcript of Michael J. Graham; Summarized pages 1 through 53 of the January 18, 2016 deposition transcript of Richard Broad, III, PE Summarized pages 1 through 11 of the January 15, 2016 deposition transcript of Harry Ranney; | AJC | 4.0 |
| | Trial preparation including meeting with outside counsel for Smart Vent; | JEP | 7.5 |
| 08/15/19 | Reviewed correspondence from SV to court requesting transcript of hearing re: confidentiality and other discovery issues; Completed review of Reichard deposition in preparation for trial and meeting with Mr. Byers; Meeting with Mr. Byers to inform same of trial strategy and expert themes; Continued working to prepare for trial, including review and analysis of SV identified trial exhibits and worked with counsel for SV to complete, revise, and file Motion to Seal; | SKC | 10.7 |
| | Summarized pages 12 through 73 of the January 15, 2016 deposition transcript of Harry Ranney; | AJC | 2.0 |
| | Trial preparation including meeting with outside counsel for Smart Vent; | JEP | 5.0 |
| | Organized trial exhibits and prepared trial binders; | NBM | 3.0 |
| 08/16/19 | Reviewed scheduling order re: motion to seal; Reviewed and analyzed Smart Vent Videos and other documents for use as rebuttal exhibits on cross examination and worked to address other evidentiary issues in advance of trial; Received email from office of Mr. Byers re: experts and spoke to Mr. Sykes and all experts in order to deal with issues pertaining to same; | SKC | 6.6 |
| | Summarized pages 74 through 84 of the January 15, 2016 deposition transcript of Harry | AJC | 1.0 |

| | | | |
|---|---|---|---|
| 0036031 | Crawl Space Door Systems | Invoice Number | 740702 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 09/18/19 |
| | | | Page 3 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | Ranney; | | |
| | Phone conference with client and discussions with lead counsel regarding strategy; Prepare for trial including reviewing Smart Vent's website; | JEP | 2.5 |
| | Organized and assembled expert witness binders for use at trial; | NBM | 1.6 |
| | Downloaded YouTube videos for Justin Proper; | RCP | 0.4 |
| | Meeting with S. Cole re: trial preparation; Call with Reichart re: trial prep and meeting; Correspondence with paralegal re: deposition summaries; | MB | 0.4 |
| 08/17/19 | Drafting supplemental Sykes Declaration and preparing for trial; | SKC | 8.5 |
| | Continued trial preparations - assembled trial binders; motion in limine binders; and other materials for use at trial and pre-trial proceedings; | NBM | 7.1 |
| 08/19/19 | Exchanged correspondence and participated in call to Judge Rodriguez's chambers re: trial schedule; Worked to revise and file supplemental Declaration of William Sykes; Continued working to resolve multiple issues including motion to seal and prepare for trial including correspondence and telephone calls with all experts re: trial timeline; | SKC | 7.6 |
| | Conference call with court regarding scheduling issues; | JEP | 0.2 |
| | Continued trial prep - assembled trial binders and conducted research regarding damages claims; | NBM | 1.5 |
| | Reviewed and analyzed previous motions filed by CSD and SV, as well as all Judge Simandle's orders in the case for the purpose of identifying remaining claims in the case and identifying standards and case law already established by the judge re drafting trial outline; | SY | 7.8 |
| | Review of exhibit prepared by litigation support; Correspondence with J. Proper re: FEMA response MIL; Sending same; | MB | 0.6 |
| 08/20/19 | Worked on multiple trial preparation issues including calls with Mr. Sykes and Mr. Byers regarding trial strategy and schedule for expert issues moving forward; | SKC | 3.2 |
| | Reviewed amended complaint re drafting trial preparation outline; Researched and analyzed unfair false advertising unfair competition claims re drafting trial preparation outline; | SY | 9.7 |
| | Collection and review of trial exhibits; | MB | 4.4 |
| 08/21/19 | Continued trial preparation; | SKC | 5.2 |
| | Continued researching false advertising claims under the Lanham Act re drafting trial outline; Researched False desingation claims under the Lanham Act re same; drafted trial outline | SY | 4.3 |
| | Review and collection of trial exhibits; Correspondence to counsel for SV re: same; Meeting with S. Cole re: same; Correspondence with R. Penny re: preparing exhibits for trial; | MB | 4.1 |
| 08/22/19 | Worked to revise and file declaration of William Sykes to include exhibit; Continued preparing for trial by reviewing previous Simandle opinions and outlining limitations set forth in same; | SKC | 3.6 |
| | Summarized pages 1 through 28 of the January 13, 2016 deposition transcript of Christopher Loney; | AJC | 2.1 |
| | Researched unfair competition claims under NJ law, common law, trademark infringement claims re drafting trial outline; continued drafting trial outline; | SY | 10.5 |
| | Communication with R. Penny re: trial exhibits; Edits to same; | MB | 0.9 |

0036031   Crawl Space Door Systems                                        Invoice Number        740702
00001     Smart Vent Products, Inc. v. Crawl Space Door System, Inc.      Invoice Date         09/18/19
                                                                                                Page 4

| Date | | Atty | Hours |
|---|---|---|---|
| 08/23/19 | Continued working to prepare for trial including call to discuss same with Mr. Sykes and correspondence with counsel for SV re: proposed trial dates; | SKC | 1.5 |
| | Reviewed CSD's first motion in limine and Smart Vent's response thereto in further preparation for upcoming pre-trial proceedings; | NBM | 2.5 |
| | Created a few placeholders for native Exhibits, Bates Stamped all Exhibits provided and built case in Trail Director. Assigned trial exhibit numbers tested videos and native excels and backed up entire case database onto an external hard-drive; | RCP | 4.0 |
| | Researched case law for CSD's counterclaims re drafting trial outline; continued drafting trial outline; | SY | 7.6 |
| | Communication with R. Penny re: trial exhibits and bates stamping; | MB | 0.5 |
| 08/26/19 | Exchanged multiple emails re: status of trial preparation and to-do items going forward; | SKC | 0.4 |
| | Prepared for trial including completing outline of examination for Little and began reviewing trial exhibits; | JEP | 3.5 |
| | Continued review of parties' respective motions in limine in preparation for pre-trial argument regarding same; | NBM | 6.3 |
| | Communication with R. Penney re: trial exhibits and prep; Edits to same; | MB | 0.9 |
| 08/27/19 | Reviewed correspondence from Jay DiMarino re: response to CSD objections to SV confidentiality designations; | SKC | 0.2 |
| | Reviewed trial exhibits; | JEP | 2.5 |
| | Reviewed motion for judgment on the pleadings; motion for injunctive relief; | NBM | 2.1 |
| | Edits to D-3; Correspondence with S. Cole and R. Penny re: same; | MB | 0.6 |
| 08/28/19 | Exchanged multiple emails with counsel for SV and reviewed reduced confidentiality designations; | SKC | 1.0 |
| 08/29/19 | Exchanged emails with Mr. Byers re: trial dates; | SKC | 0.2 |
| 08/30/19 | Review of P-032; Locating same; Correspondence with R. Penny re: same; | MB | 0.5 |

Total Hours        233.0

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Morgan Birch | 18.10 | at | $295.00 | = | 5,339.50 |
| Arthur J. Cautilli | 22.30 | at | $150.00 | = | 3,345.00 |
| Siobhan K. Cole | 87.50 | at | $350.00 | = | 30,625.00 |
| Natalie B. Molz | 26.60 | at | $275.00 | = | 7,315.00 |
| Ryan C. Penny | 4.40 | at | $85.00 | = | 374.00 |
| Justin Proper | 30.80 | at | $350.00 | = | 10,780.00 |
| Sabina Yevdayeva | 43.30 | at | $225.00 | = | 9,742.50 |

Current Fees                                                      67,521.00

**For Costs Advanced and Expenses Incurred:**

| | |
|---|---|
| In-house Duplicating Costs | 44.00 |
| In-house Duplicating Costs | 15.00 |
| In-house Duplicating Costs | 1,348.80 |
| Travel Expense | 20.85 |
| In-house Duplicating Costs | 14.80 |

0036031   Crawl Space Door Systems                                Invoice Number     740702
00001      Smart Vent Products, Inc. v. Crawl Space Door System, Inc.       Invoice Date     09/18/19

Page 5

Current Expenses            1,443.45

Total Amount of This Invoice        68,964.45

Prior Balance Due        168,293.70

**Total Balance Due Upon Receipt**      **237,258.15**



**White and Williams LLP**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

| | |
|---|---|
| Crawl Space Door Systems | Invoice Number    741446 |
| 3700 Shore Drive #101 | Invoice Date    10/16/19 |
| Virginia Beach, VA 23455 | Client Number    0036031 |
| | Matter Number    00001 |

Attn: William G. Sykes

Our File:    0036031.00001                                    Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 08/01/19 through 09/30/19:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 08/31/19 | Utilized Page Vault to capture and create searchable PDFs of a website for Natalie Molz; | RCP | 0.2 |
| 09/03/19 | Exchanged information and drafted correspondence re trial dates and worked to prepare for same; | SKC | 5.0 |
| | Meeting with S. Cole re: trial exhibits and case status; Communication with S. Cole re: letter to the Court re: trial date; Preparing same; Review of correspondence from SV re: trial exhibits; Preparing same; | MB | 0.8 |
| 09/04/19 | Trial prep; | SKC | 7.2 |
| | Reviewed Plaintiff's letter requesting leave to depose Mr. Sykes regarding actions with respect to AEO materials and began researching in preparation to respond thereto; | NBM | 2.5 |
| 09/05/19 | Drafted response to 10 page DiMarino letter re confidentiality issues and demand to depose Mr. Sykes; Responded to numerous issues re confidentiality and trial preparation; | SKC | 9.0 |
| | Summarized pages 29 through 76 of the January 13, 2016 deposition transcript of Christopher Loney; | AJC | 3.7 |
| | Began drafting response to letter filed by Smart Vent regarding alleged breach of confidentiality order and request to depose Mr. Sykes; | NBM | 7.9 |
| | Communication with S. Cole re: letter; | MB | 0.1 |
| 09/06/19 | Pulled documents from Concordance database in order to assist Ms. Morgan; | GEC | 1.1 |
| | Revised and filed response to DiMarino letter on confidentiality; Exchanged correspondence objecting to confidentiality of letter; Trial preparation; | SKC | 7.5 |
| | Prepared and produced supplemental production of documents containing updated financials of CSD; Revised and finalized letter in response to Smart Vent's request to depose Mr. Sykes and prepared same for filing; | NBM | 2.0 |
| | Communication with S. Cole re: trial date, trial exhibits, and response to confide letter; Correspondence with counsel for SV re: access to supplemental documents; Downloading same; Preparing materials for pre-trial conference; | MB | 1.7 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 741446 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 10/16/19 |
| | | | Page 2 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 09/08/19 | Extensive preparations for all issues to be discussed at pre-trial conference with Judge Rodriguez and telephone calls and correspondence with Mr. Sykes re attendance and confidentiality issues; | SKC | 12.0 |
| | Reviewed parties' motions in limine in preparation to meet with Judge Rodriguez to discuss pre-trial matters and administration; | NBM | 5.9 |
| 09/09/19 | Prepared for and represented CSD at pre-trial conference; Call with Mr. Sykes re conference follow up; Exchanged correspondence with experts; Working on issues raised at pre-trial by Judge Rodriguez; | SKC | 9.8 |
| | Prepared for and attended in-chambers meeting with Judge Rodriguez and parties to discuss motions in limine and pre-trial proceedings; | NBM | 8.9 |
| | Correspondence with N. Molz re: notes from pre-trial conference; Preparing for pre-trial conference; Attending pre-trial hearing; Follow up notes to S. Cole; | MB | 4.1 |
| 09/10/19 | Correspondence with experts; Reviewed and analyzed Order setting conference re confidentiality; Trial and conference prep; | SKC | 4.0 |
| 09/11/19 | Prepared for and represented CSD at conference with magistrate Judge Williams re alleged confidentiality breach; Exchanged correspondence re conference with Judge Williams; Drafted and filed correspondence to Judge Rodriguez requesting new conference date; Trial prep; | SKC | 5.9 |
| | Summarized pages 77 through 91 of the January 13, 2016 deposition transcript of Christopher Loney; | AJC | 1.7 |
| | Prepared for trial including reviewing historical websites and trial exhibits; | JEP | 7.0 |
| | Conference call with court to discuss alleged breach of confidentiality order; | NBM | 0.7 |
| 09/12/19 | Reviewed and analyzed Orders entered by Judge Williams re confidentiality; Trial prep; | SKC | 3.3 |
| | Correspondence with SV counsel re: trial exhibits; Preparing same; Sending same; Review of exhibits prepared by service center; | MB | 1.7 |
| 09/13/19 | Trial prep; | SKC | 3.4 |
| | Reviewed and analyzed Graham deposition transcript and prepare cross examination including reviewing documents needed for cross; | JEP | 6.8 |
| | Collection of trial exhibits; Correspondence with counsel for SV re: same; | MB | 2.2 |
| 09/16/19 | Analyzing deposition designations; Reviewed materials from Mr. Sykes and exchanged correspondence re same; | SKC | 2.4 |
| | Prepared Smart Vent's deposition designations for objections and counter-designations; | AJC | 1.8 |
| | Reviewed Smart Vent's deposition designations and began preparing objections thereto; | NBM | 1.5 |
| | Preparing trial exhibits; Review of SV deposition designations; Preparing same; Correspondence with S. Cole re: trial exhibits; | MB | 2.9 |
| 09/17/19 | Worked on numerous trial issues including damages proofs for counterclaims; | SKC | 9.8 |
| | Continued preparing for trial including exhibits, meetings with trial team and conference call with client; | JEP | 8.5 |
| | Continued working on objections to deposition designations, prepared supplemental production of documents to be served on plaintiff's counsel; | NBM | 1.2 |
| | Review of correspondence from S. Cole re: Sept 5 letter from A. DiMarino re: introduction of additional vent for trial; Review of letter for same; Preparing draft response for same; Review of correspondence re: SV trial exhibits; Preparing response to same; Correspondence with litigation support re: same; | MB | 2.3 |

0036031   Crawl Space Door Systems                                      Invoice Number    741446
00001     Smart Vent Products, Inc. v. Crawl Space Door System, Inc.    Invoice Date      10/16/19
                                                                                          Page 3

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 09/18/19 | Exchanged emails and calls with Mr. Sykes; Correspondence to DiMarino re New Vent use at trial and related issues; Continued trial prep including responses to designations; | SKC | 9.2 |
| | Prepared for trial with focus on damages experts which included reviewing all expert and rebuttal damages reports including financial documents; | JEP | 8.8 |
| | Continued preparing CSD's objections to plaintiff's deposition designations in order to meet tomorrow's deadline; | NBM | 7.6 |
| | Bates Stamped new and replacement Exhibits and imported to Trial Director; | RCP | 0.5 |
| 09/19/19 | Continued analyzing SV deposition designations and preparing objections to same together with correspondence to Court re submission and follow up phone calls; | SKC | 7.0 |
| | Prepared objections to Smart Vent's deposition designations; | AJC | 1.8 |
| | Prepared for trial with focus on reviewing all of our trial exhibits; | JEP | 8.2 |
| | Continued preparation of objections to plaintiff's deposition designations in further preparation to file same with the Court; | NBM | 5.1 |
| 09/20/19 | Worked on trial strategy with Mr. Proper; Continued working on legal issues re damages; Exchanged emails re SV marketing; Worked to complete and file objections to SV deposition designations; | SKC | 7.7 |
| | Continued preparing for trial; | JEP | 7.2 |
| | Research re: admissibility of deposition testimony at trial when party appears live to testify; trial strategy meeting; began reviewing model jury instructions; | NBM | 7.1 |
| | Captured Web articles and a video and saved in Trial Folder and imported into Trial Director; | RCP | 0.4 |
| | Correspondence with S. Doner re: trial exhibits; Communication with J. Proper re: SOL; Communication with S. Cole re: trial staffing; | MB | 0.4 |
| 09/22/19 | Drafting points for charge and other trial prep; | SKC | 5.5 |
| 09/23/19 | Worked on numerous trial preparation issues and items; | SKC | 5.7 |
| | Review motions regarding preclusion of trademark experts and responses, meeting with associate relating to argument and prepared for trial focusing on researching plaintiff's trademark expert including every old report and testimony; | JEP | 8.5 |
| | Pre-trial prep; research re admissibility issues concerning deposition designations; initial interest confusion; survey evidence admissibility; | NBM | 7.0 |
| | Met with Attorney Molz to discuss research assignment in preparation for pretrial conference; | TMK | 0.3 |
| | Review of correspondence from counsel for SV; Preparing response to same; | MB | 0.8 |
| 09/24/19 | Worked to develop areas of expert direct and cross; Call with Mr. Sykes re likely issues for next status conference; Reviewed and analyzed correspondence from J. DiMarino re new vents and reviewed materials re same to analyze any differences in calculations; Continued prep for next status conference; | SKC | 9.1 |
| | Prepared for argument on motions in limine including reviewing every motion and response and performing additional research as needed; | JEP | 8.0 |
| | Prepared materials for tomorrow's pre-trial conference; | NBM | 5.0 |
| | Conducted research regarding foundational objections in preparation for pretrial conference; | TMK | 3.8 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 741446 |
|---|---|---|---|
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 10/16/19 |
| | | | Page 4 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 09/25/19 | Prepared for an represented CSD at pre-trial conference; Worked to develop strategy and respond to all issues raised during pre-trial conference; Continued trial prep; | SKC | 10.2 |
| | Prepared for and attended conference with Judge Rodriguez and strategy discussion for trial following conference; | JEP | 8.6 |
| | Prepared for and attended pre-trial conference with Judge Rodriguez; Began drafting pretrial brief and other pretrial filings per Court's order; | NBM | 14.1 |
| | Drove to and appeared for Pre-Trial Dry Run at Camden County Federal Courthouse with council, started putting Crawlspace Concordance Database on loaner laptop for next weekend building power out. Brought gear home with me for set up Oct 4th; | RCP | 3.0 |
| | Meeting with S. Cole, J. Proper and N. Molz re: hearing; Review of correspondence from SV counsel re: trial exhibits: Preparing and collecting same; | MB | 0.6 |
| 09/26/19 | Reviewed discovery documents for plaintiff's trial exhibits, and prepared pdfs of specific trial exhibits; | GEC | 0.5 |
| | Reviewed opposition to bifurcation filed by Smart Vent and worked to develop response to same; Exchanged emails with experts re trial updates; Worked on trial exhibits; Worked to prepare list of damages research questions for CSD; Preparing for trial; | SKC | 6.4 |
| | Prepare for trial focusing on Graham; prepared opening for lead counsel and began reviewing engineer deposition transcripts to prepare counter designations; | JEP | 9.4 |
| | Continued drafting and revising trial brief and outlining relevant burdens and burden shifting; | NBM | 6.5 |
| | Review of exhibits prepared by G. Cowell; Correspondence with R. Penny re: trial exhibits; Review of correspondence from counsel for SV; Preparing exhibit for trial; | MB | 0.5 |
| 09/27/19 | Worked to draft and finalize letter to Court in response to DiMarino's opposition to bifurcation; Drafting Jury Charge; Conference with Mr. Byers re engineering findings; Conference with Mr. Proper re trial strategy; | SKC | 8.0 |
| | Conference call with client's outside counsel; Prepared for trial including reviewing all engineering expert deposition transcripts and prepared counter designations; Revised letter opposing bifurcation and reviewed/revised our response; | JEP | 9.6 |
| | Trial brief and strategy; | NBM | 8.9 |
| | Researched laches re drafting jury charge; | SY | 1.7 |
| 09/28/19 | Trial preparation and drafting pre-trial filings; | SKC | 7.4 |
| | Continued drafting trial brief; reviewed deposition transcripts in furtherance of same; | NBM | 4.2 |
| 09/29/19 | Drafting Jury Charge and general trial prep; | SKC | 5.5 |
| | Continued drafting trial brief and other trial prep; | NBM | 5.4 |
| 09/30/19 | Trial Prep with Mr. Sykes and drafting and filing jury instructions, trial brief, voir dire, and verdict sheet; | SKC | 15.5 |
| | Prepared for trial including working on jury charge, verdict slip and trial brief; meet with client, website search re latches, etc.; | JEP | 11.8 |
| | Drafted, revised, and finalized all pretrial filings in further preparation for midnight filing deadline - trial brief; jury instructions; verdict sheet; voir dire; | NBM | 16.4 |
| | Captured a web page and also bates stamped new exhibits and added them to Trial Director assigned trial exhibit numbers. Prepared equipment for Siobhan Cole and Natalie Molz so they can have all documents available during weekend shut down. | RCP | 2.6 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 741446 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 10/16/19 |
| | | | Page 5 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | Connected printer to laptop and tested, also put Crawl Space Concordance Database on loaner Laptop for Siobhan Cole; | | |
| | Researching laches, researching failure to respond to counterclaims in NJ, assisting Justin Proper in trial prep; | WHF | 0.9 |
| | Edited and revised CSD's trial brief; | SY | 2.6 |
| | Correspondence with litigation support and service vendor re: preparing exhibits for trial; Review of Letter from A. DiMarino and S. Cole re: bifurcation; | MB | 0.3 |
| | | Total Hours | 441.8 |

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Morgan Birch | 18.40 | at | $295.00 | = | 5,428.00 |
| Arthur J. Cautilli | 9.00 | at | $150.00 | = | 1,350.00 |
| Siobhan K. Cole | 176.50 | at | $350.00 | = | 61,775.00 |
| Gretchen E. Cowell | 1.60 | at | $145.00 | = | 232.00 |
| William H. Fedullo | 0.90 | at | $305.00 | = | 274.50 |
| Tracey M. Kline | 4.10 | at | $305.00 | = | 1,250.50 |
| Natalie B. Molz | 117.90 | at | $275.00 | = | 32,422.50 |
| Ryan C. Penny | 6.70 | at | $85.00 | = | 569.50 |
| Justin Proper | 102.40 | at | $350.00 | = | 35,840.00 |
| Sabina Yevdayeva | 4.30 | at | $225.00 | = | 967.50 |
| Current Fees | | | | | 140,109.50 |

**For Costs Advanced and Expenses Incurred:**

| | | |
|---|---|---|
| In-house Duplicating Costs | 4,961.60 | |
| Lunches/dinners | 129.70 | |
| Miscellaneous | 56.73 | |
| Miscellaneous | 35.52 | |
| Travel Expense | 35.00 | |
| Travel Expense | 35.00 | |
| Travel Expense | 13.90 | |
| Travel Expense | 15.40 | |
| Travel Expense | 12.65 | |
| Travel Expense | 35.00 | |
| Travel Expense | 12.56 | |
| In-house Duplicating Costs | 125.60 | |
| Current Expenses | | 5,468.66 |

| | |
|---|---|
| Total Amount of This Invoice | 145,578.16 |
| Prior Balance Due | 227,258.15 |
| **Total Balance Due Upon Receipt** | **372,836.31** |



1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

| | |
|---|---|
| Crawl Space Door Systems | Invoice Number      745210 |
| 3700 Shore Drive #101 | Invoice Date       11/20/19 |
| Virginia Beach, VA 23455 | Client Number      0036031 |
| | Matter Number       00001 |

Attn: William G. Sykes

Our File:    0036031.00001                                    Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 10/01/19 through 10/31/19:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 10/01/19 | Trial preparation including communications with opposing counsel, Court staff and experts and meeting with Mr. Sykes; | SKC | 10.0 |
| | Prepared for and participated in conference call with Dr. Rice; Prepared for trial; Reviewed Smart Vent's filings; Reviewed and revised letter regarding laches; | JEP | 9.2 |
| | Trial prep; including 2 hour conference call with Dr. Rice; | NBM | 8.8 |
| | Writing and revising letter to Judge Rodriguez on laches issue; | WHF | 0.9 |
| | Correspondence with S. Cole re: preparing experts; Review and preparing trial exhibits; | MB | 0.7 |
| 10/02/19 | Extensive trial preparation on all matters including counter-designations and decisions on motions; | SKC | 14.7 |
| | Prepared for trial including going through exhibits again with focus on preparing exhibits to use for witness examinations, conferences with lead counsel to discuss strategy, and reviewing court orders and discussing effect; | JEP | 11.3 |
| | Trial prep; | NBM | 14.2 |
| | Created PDFs from websites for Justin Proper; | RCP | 1.0 |
| | Review of Order re: MILs and meeting with trial team re: same; Correspondence with G. Reichard re: conference call prep meeting; Review of trial exhibits; Correspondence with SV counsel re: same; | MB | 0.7 |
| 10/03/19 | Trial prep including calls with Dr. Rice, Mr. Sykes, and Dr. Reichard; | SKC | 14.0 |
| | Prepared for trial; | JEP | 12.0 |
| | Trial prep; conference call with Mr. Sykes and Mr. Qualtieri; modification of CSD's counter designations of deposition transcripts in light of Court's ruling; | NBM | 11.4 |
| | Building searchable Text for 2200 + docs where Text was not provided; Printing concordance tag to pdfs for trial prep; | RS | 2.5 |
| | Drove to Courthouse set up all equipment, tested, drove home; | RCP | 5.5 |
| | received new and replacement exhibits to bates stamp and put in designated folders along with updating Trial Director database. Assigned Trial exhibit numbers and backed | | |

| | | | |
|---|---|---|---|
| 0036031 | Crawl Space Door Systems | Invoice Number | 745210 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 11/20/19 |
| | | | Page 2 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | up; | | |
| | Looked up federal rules of evidence for under what circumstances an agent's statement is attributable to an opposing party; | WHF | 0.1 |
| | Correspondence with lit support re: Concordance database; Preparing supplemental trial exhibits; Correspondence with lit support re: same; Call with lit support re: same; | MB | 2.3 |
| 10/04/19 | Trial prep on all issues; | SKC | 12.0 |
| | Prepared for trial; | JEP | 10.0 |
| | Trial prep; including 2 hour call with Dr. Reichard, deposition designations, exhibit prep; drafted jury instructions and trial brief; | NBM | 12.3 |
| | Generating OCR text from Images, loading into concordance; Configure loaner laptop with concordance crawl space for trial use without the network; | RS | 3.0 |
| | Worked at home Bates Stamping replaced trial Exhibits. Created new Exhibits sent all to council with Bates numbering Imported into Trial Director and assigned Exhibit numbers; | RCP | 2.0 |
| | Preparing for trial; Call with G. Reichard re: trial prep; | MB | 4.3 |
| 10/05/19 | Trial prep; | SKC | 13.0 |
| | Trial prep; gathered and prepared documents to be used for impeachment at trial; | NBM | 13.2 |
| | Worked at home Bates Stamping and replacing trial Exhibits. Downloaded and converted Deposition Videos and sent back to council to view. Created new Exhibits sent all to council with Bates numbering Imported into Trial Director and assigned Exhibit numbers; | RCP | 4.2 |
| | Preparing for trial; | MB | 4.4 |
| 10/06/19 | Trial prep; | SKC | 14.2 |
| | Prepared for trial; | JEP | 7.5 |
| | Trial prep; continued work on impeachment documents and trial brief/jury instructions/voir dire; | NBM | 11.8 |
| | Worked at home Bates Stamping and replacing trial Exhibits. Downloaded and converted Deposition Videos and sent back to council to view. Worked on opening demonstrative through PowerPoint and Trial Director. Created new Exhibits sent all to council with Bates numbering Imported into Trial Director and assigned Exhibit numbers. Backed up entire case database on an external harddrive; | RCP | 11.5 |
| | Preparing for trial; | MB | 2.1 |
| 10/07/19 | Trial; Post-trial prep; | SKC | 17.0 |
| | Attended trial and prepared for next day including reviewing Graham trial testimony and Little cross; | JEP | 16.5 |
| | Trial - prepared for and attended trial; | NBM | 15.5 |
| | Backed up entire case database from edits during trial, bates stamped daily transcript sent to all council added to Trial Director and assigned exhibit numbers; Drove to courthouse and Presented exhibits utilizing Trial Director, printed documents during Trial, Drove home; | RCP | 14.0 |
| | Drove to Courthouse early to test equipment, worked through lunch on exhibits and printing, drove home. Worked at home creating new exhibits and bates stamping | | |

| 0036031 | Crawl Space Door Systems | Invoice Number | 745210 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 11/20/19 |
| | | | Page 3 |

| Date | | Atty | Hours |
|------|---|------|-------|
| | assigning trial exhibit numbers updated all folders and Trial Director; | | |
| | Providing discovery materials for trial prep; | MB | 0.3 |
| 10/08/19 | Trial; Post-trial prep; | SKC | 17.0 |
| | Attended trial and prepared for next day including reviewing Little's direct testimony and industry standards; | JEP | 15.0 |
| | Trial - prepared for and attended trial; | NBM | 16.1 |
| | Search locate MP4 and M4v vidoes copy to P and make exhibits for prinitng for tiral; | RS | 1.5 |
| | Drove to courthouse and Presented exhibits utilizing Trial Director, printed documents during Trial, Drove home; Worked at home before driving into court creating new exhibits bates stamping assigning exhibit number in Trial Director and sent all revisions to council printed out everything when got to Courthouse. VPNed into siobhan coles laptop and searched for videos and received daily transcript to bates stamp and send back. Backed up entire case database; | RCP | 13.6 |
| 10/09/19 | Trial; Post-trial prep; | SKC | 20.0 |
| | Prepared for Little and reviewed new documents and video prior to trial as well as attended trial and prepared for next day; | JEP | 16.0 |
| | Trial - prepared for and attended trial; | NBM | 12.2 |
| | Search for powerpoint crawl space and make pdfs; | RS | 0.8 |
| | Drove to courthouse and Presented exhibits utilizing Trial Director, printed documents during Trial, Drove home; Drove to courthouse and back. Worked at home Bates Stamping replaced trial Exhibits. Created new Exhibits sent all to council with Bates numbering Imported into Trial Director and assigned Exhibit numbers; | RCP | 13.8 |
| 10/10/19 | Trial; | SKC | 10.7 |
| | Attended trial and discussed strategy as well as drafted motion to conform pleadings to the proof to add punitive damage claim; | JEP | 11.5 |
| | Trial - prepared for and attended trial; | NBM | 15.0 |
| | Drove to courthouse and Presented exhibits utilizing Trial Director, printed documents during Trial, Drove home; Drove to courthouse and back. Worked at home Bates Stamping Daily and sent back to council updated Trial Director and Backed up case for weekend; | RCP | 10.6 |
| 10/11/19 | Worked on numerous trial issues including correspondence and coordination of all experts; | SKC | 5.4 |
| | Researched issues and drafted motion to conform pleadings to the proof to add punitive damages; Researched and outline motion for sanctions; Conferences with lead counsel and team regarding motions and strategy; Reviewed initial and supplemental disclosures; | JEP | 9.9 |
| | Trial prep; | NBM | 1.2 |
| | Research for motion to conform pleadings and rule 37 motion; | WHF | 4.0 |
| 10/12/19 | Trial prep; | SKC | 4.0 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 745210 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 11/20/19 |
| | | | Page 4 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | Conference call with Mr. Fiddler regarding sanctions motion and strategy; Conference call with lead counsel and meet and confer with opposing counsel; Reviewed Graham and Little deposition testimony for discovery violations; | JEP | 2.8 |
| | Trial prep - including drafting motion to conform the pleadings to the evidence, motion for sanctions as a result of discovery misconduct; | NBM | 4.6 |
| | Working on Rule 37 motion and motion to conform; | WHF | 0.9 |
| 10/13/19 | Trial prep; | SKC | 7.5 |
| | Reviewed trial transcripts and drafted motion for sanctions and motion to conform the pleadings to the evidence adduced at trial; | NBM | 7.7 |
| | Working on Rule 37 motion and motion to conform; Researching under what circumstances a punitive damage claim can be added at trial in federal court; | WHF | 2.0 |
| 10/14/19 | Trial prep including direct of Mr. Sykes; cross of Crago and Miker; call with Reichard and various other issues; | SKC | 16.0 |
| | Drafted motion for sanctions and additional research; Revised motion to conform pleadings to the proof; Reviewed Crago and prepared outline for cross to assist lead counsel; Trial strategy meetings; Reviewed stipulation re dismissal; | JEP | 14.3 |
| | Trial prep - reviewed trial transcripts, drafted motion to conform the pleadings to the evidence at trial; drafted letter to Judge Rodriguez regarding exclusion of John Miller's third expert report at trial; filed same; | NBM | 12.5 |
| | Searched external harddrive for a native email and created PDF from metadata for siobhan Cole; | RCP | 1.0 |
| | Editing sanctions motion, writing discovery affidavit pursuant to local rules, putting together exhibits, and writing proposed order; | WHF | 2.9 |
| 10/15/19 | Trial; Post-trial prep; | SKC | 17.0 |
| | Attended trial and prepared for Miller cross examination; | JEP | 13.0 |
| | Trial - prepared for and attended trial; | NBM | 14.0 |
| | Worked from home before court creating new exhibits. Worked in courtroom late giving exhibits to court reporters. Drove home and worked with tony Novoa and tested zoom for a witness. Received daily bates stamped and sent to all council and updated in trial Director received new email to create PDF bates stamp send to council and updated all folders and TD received new exhibits to bates and update all folders and TD from council backed up entire case database on external also created an exhibit list of published exhibits for the court. Did a dry run and tested with dr Reinhard using zoom. Received demonstrative to bates stamp and updated all folders and TD ; | RCP | 12.5 |
| | Left Tom Merrill at Rutgers a message regarding our intent to subpoena him; | WHF | 0.1 |
| 10/16/19 | Trial; Post-trial prep; | SKC | 16.5 |
| | Continued preparing for cross of Miller including reviewing trial testimony; Travel to and attend trial; Prepared for next day including confirming transcripts being read in and assisting lead counsel with direct of expert witnesses and trial strategy; | JEP | 14.8 |
| | Trial - prepared for and attended trial; | NBM | 13.9 |
| | Received emails to create new exhibits bates stamp update everything etc drove in to CH. Presented all day During Trial. worked through lunch printing from transcripts. Drive home daily transcripts. Updated all folders on P drive and trial director. | RCP | 11.6 |

| 0036031 | Crawl Space Door Systems | Invoice Number | 745210 |
|---|---|---|---|
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 11/20/19 |
| | | | Page 5 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 10/17/19 | Trial; | SKC | 10.0 |
| | Traveled to and attended trial and discussed strategy; Researched standard for precluding evidence a party intends to use at trial but was never produced in discovery; Draft letter to Judge Rodriguez regarding sanctions motion; Drat preliminary statement in opposition to bench brief; E-mailed opposing counsel regarding discovery misconduct; | JEP | 12.3 |
| | Trial - prepared for and attended trial; drafted and revised letter to the Court regarding exclusion of Smart Vent's rebuttal witnesses; | NBM | 12.3 |
| | Drove in to courthouse, presented exhibits printed documents etc. drive home; | RCP | 10.0 |
| | Researching and drafting Rule 37 motion to exclude evidence; | WHF | 5.3 |
| 10/18/19 | Drafting Motion to Compel; Continued working to complete and file Motion to Compel and for sanctions and other trial prep; | SKC | 11.0 |
| | Reviewed and analyzed recently produced videos and pictures and discussed strategy; Drafted and researched motion to compel; Phone conference with court regarding motion to compel; Reviewed and marked up plaintiff's proposed charge; Drafted motion for judgment on the pleadings; Prepared outline for closing argument to assist lead counsel; E-mailed opposing counsel regarding documents; | JEP | 10.6 |
| | Drafted and revised motion to compel seeking emergency relief in the form of a Rule 45 subpoena served on Mr. Coulbourne; | NBM | 5.8 |
| | Copied new videos to local drive. Converted for Trial Director made screen grabs bates stamped and renamed photos and videos. Updated all folders on the P drive for council. Backed up entire case database onto an external hard drive; | RCP | 3.0 |
| 10/19/19 | Exchanged emails re various issues and began working on closing argument; | SKC | 1.5 |
| | Updated outline for closing argument; | JEP | 1.5 |
| 10/20/19 | Trial prep including closing statement and motion for judgment as a matter of law; | SKC | 12.0 |
| | Reviewed Smart Vent memo to allow videos; Discussed response with trial team; Drafted preliminary statement; Conference call with Dr. Reichard; Reviewed research by associates; | JEP | 3.6 |
| | Drafted response in opposition to plaintiff's motion to admit evidence and for a curative jury instruction; | NBM | 14.5 |
| | Worked from hoe on screen grabs of video metadata for Siobhan Cole and emailed her the PDFS; | RCP | 0.5 |
| | Reading cases that Smart Vent cited in its opposition brief, distinguishing them from the facts in our case; Drafting section of response to motion; | WHF | 3.9 |
| 10/21/19 | Trial; Post-trial prep; | SKC | 17.2 |
| | Attended court; Reviewed trial transcripts to help with closing argument; Researched disgorgement of profits; Discussed strategy for closing; Reviewed and commented on Smart Vent's revised verdict slip; Reviewed and commented on our verdict slip and prepared additional questions; | JEP | 15.1 |
| | Trial prep - drafted and fled response in opposition to Smart Vent's cross-motion to admit evidence and for a curative jury instruction; motion for judgment as a matter of law; | NBM | 16.2 |

| | | | |
|---|---|---|---|
| 0036031 | Crawl Space Door Systems | Invoice Number | 745210 |
| 00001 | Smart Vent Products, Inc. v. Crawl Space Door System, Inc. | Invoice Date | 11/20/19 |
| | | | Page 6 |

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | Drove into court early to connect and test. Presented exhibits during trial, worked through lunch on exhibits and printing. Gave court reporters daily exhibits on thumb drive, drove home and worked from home on new exhibits and daily transcripts bates stamping importing to Trial Director assigned trial exhibits numbers etc. Backed up entire case database and updated all folders on the P drive; | RCP | 16.5 |
| 10/22/19 | Trial; | SKC | 10.4 |
| | Prepared for and attended court; | JEP | 10.0 |
| | Trial prep and trial; | NBM | 11.6 |
| | Drove into court early to connect and test. Presented exhibits during trial, worked on exhibits and printing. Gave court reporters daily exhibits on thumb drive, drove home and worked from home on new exhibits and daily transcripts bates stamping importing to Trial Director assigned trial exhibits numbers etc. Backed up entire case database and updated all folders on the P drive; | RCP | 9.8 |
| 10/23/19 | Worked to close liability phase and start damages phase; | SKC | 6.5 |
| | Prepared for damages portion of the trial, both our damages and dealing with their claim; Researched disgorgement and remedies including right to jury trial and Rule 39; Reviewed their damages charge and discussed internally; | JEP | 13.0 |
| | Trial prep; | NBM | 2.1 |
| 10/24/19 | Trial; | SKC | 8.0 |
| | Attended trial and get verdict and continue working on damages case; | JEP | 12.8 |
| | Trial - prepared for and attended trial; | NBM | 10.0 |
| | Drove into court early to connect and test. Presented exhibits during trial, worked on exhibits and printing. Gave court reporters daily exhibits on thumb drive, drove home and worked from home on new exhibits and daily transcripts bates stamping importing to Trial Director assigned trial exhibits numbers etc. Backed up entire case database and updated all folders on the P drive. | RCP | 10.0 |
| 10/25/19 | Working on damages phase and other issues including numerous calls with Jay DiMarino; | SKC | 4.8 |
| | Prepared for damages including putting together models and performing analysis; conference calls with client and expert and discussions internally and with client regarding settlement; | JEP | 11.2 |
| | Worked with Justin Proper on demonstratives for the damages portion of the trial; | RCP | 6.0 |
| 10/26/19 | Exchanged calls and emails with Mr. Sykes and worked on damages calculations; | SKC | 1.5 |
| | Worked at home on demonstrative Drafts for Justin and sent back; | RCP | 2.4 |
| 10/27/19 | Worked on damages and settlement discussions with DiMarino; | SKC | 4.0 |
| | Prepared for damages trial including demonstratives and discussions with expert; | JEP | 5.8 |
| | Worked at home all day building demonstratives and received new exhibits to bates stamp and have ready for court, emailed all council and experts also imported to Trial Director assigned trial exhibit numbers and backed up entire case database onto external hard drive and secondary laptop; | RCP | 10.0 |
| 10/28/19 | Trial; Post-trial prep drafting Motion re disgorgement and response in opposition to judgment as a matter of law; | SKC | 18.0 |

0036031   Crawl Space Door Systems                                                    Invoice Number      745210
00001       Smart Vent Products, Inc. v. Crawl Space Door System, Inc.       Invoice Date        11/20/19
                                                                                                                        Page 7

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| | Prepared for and attended court and prepared for next day including cross argument, revised damages issues, reviewing and preparing for latest damages report and researching issues relating to disgorgement and reviewing brief; | JEP | 16.4 |
| | Trial (Day 1 of Damages); drafted brief in response to Smart Vent's Motion for Judgment as a Matter of Law and in response to arguments made on the record regarding CSD's potential inability to submit disgorgement remedy to the jury; | NBM | 17.6 |
| | Drove into court early to connect and test. Presented exhibits during trial, worked on exhibits and printing. Gave court reporters daily exhibits on thumb drive, drove home and worked from home on new exhibits and daily transcripts bates stamping importing to Trial Director assigned trial exhibits numbers etc. Backed up entire case database and updated all folders on the P drive; | RCP | 11.0 |
| 10/29/19 | Trial; | SKC | 11.0 |
| | Attended court; | JEP | 9.5 |
| | Trial (Day 2 of Damages) - prepared for and attended trial; | NBM | 10.6 |
| | Drove into court early to connect and test. Presented exhibits during trial, worked on exhibits and printing. Gave court reporters daily exhibits on thumb drive, drove home and worked from home on new exhibits and daily transcripts bates stamping importing to Trial Director assigned trial exhibits numbers etc. Backed up entire case database and updated all folders on the P drive; | RCP | 12.5 |
| | Providing support to trial team; | WHF | 0.2 |
| 10/30/19 | Post-trial; | SKC | 0.5 |
| | Drove to courthouse to break down gear and had to wait for them to have room ready for me to pack up and drove back home; | RCP | 4.0 |
| 10/31/19 | Exchanged emails and worked to determine necessary motions for 11/8 filing deadline; | SKC | 1.5 |
| | Reviewed Court's orders and researched deadlines for post-trial filings; | NBM | 0.4 |
| | Researching options for post trial relief; | WHF | 1.0 |

                                                                                                  Total Hours        1138.9

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Morgan Birch | 14.80 | at | $295.00 | = | 4,366.00 |
| Siobhan K. Cole | 326.90 | at | $350.00 | = | 114,415.00 |
| William H. Fedullo | 21.30 | at | $305.00 | = | 6,496.50 |
| Natalie B. Molz | 285.50 | at | $275.00 | = | 78,512.50 |
| Ryan C. Penny | 197.00 | at | $85.00 | = | 16,745.00 |
| Justin Proper | 285.60 | at | $350.00 | = | 99,960.00 |
| Reth Sorn | 7.80 | at | $85.00 | = | 663.00 |

                                        Current Fees                                                 321,158.00

**For Costs Advanced and Expenses Incurred:**

| | |
|---|---|
| In-house Duplicating Costs | 2,461.00 |
| Travel Expense | 10.00 |
| In-house Duplicating Costs | 32.20 |
| Color Copying | 60.00 |
| In-house Duplicating Costs | 237.80 |
| Searches | 2.30 |

0036031   Crawl Space Door Systems                                    Invoice Number    745210
00001     Smart Vent Products, Inc. v. Crawl Space Door System, Inc.  Invoice Date      11/20/19
                                                                                        Page 8

| | |
|---|---:|
| Off Site Duplicating | 223.08 |
| In-house Duplicating Costs | 241.60 |
| Travel Expense | 15.35 |
| Travel Expense | 9.30 |
| Travel Expense | 10.00 |
| Travel Expense | 19.18 |
| Color Copying | 84.00 |
| Travel Expense | 187.92 |
| Overtime | 1,599.00 |
| Overtime – Sorn, R | 236.53 |
| Current Expenses | 5,429.26 |
| Total Amount of This Invoice | 326,587.26 |
| Prior Balance Due | 362,836.31 |
| **Total Balance Due Upon Receipt** | **689,423.57** |

 **White** and **Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395                    TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

Crawl Space Door Systems                                    Invoice Number          747123
3700 Shore Drive #101                                      Invoice Date          12/16/19
Virginia Beach, VA 23455                                   Client Number         0036031
                                                           Matter Number           00001
Attn: William G. Sykes

Our File:    0036031.00001                                 Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 09/01/19 through 11/30/19:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 11/01/19 | Received and reviewed docket and pertinent Court rulings in order to assess the necessity and scope of post-trial motions following trial; | EMK | 0.6 |
| | Worked to devise appellate strategy and exchanged correspondence re same as well as telephone calls with Mr. Sykes; | SKC | 2.0 |
| | Call with Ms. Cole to discuss post-trial deadlines; correspondence to/from Mr. Koch regarding appellate issues and materials; | NBM | 0.5 |
| 11/04/19 | Reviewed and analyzed strategy and necessity of post-trial motions following trial; | EMK | 1.3 |
| | Received and reviewed court notice re transcript; Call from DiMarino re extending deadlines and follow-up conversations with Mr. Sykes and all counsel re same with correspondence to DiMarino; Worked to identify Appellate issues necessary for post-trial motions; Exchanged correspondence re Trexler Report and other issues with Mr. Sykes; | SKC | 3.6 |
| 11/05/19 | Further reviewed and analyzed necessary Post-Trial Motions following trial; Drafted outline of necessary Post-Trial Motions following trial; | EMK | 2.2 |
| | Exchanged numerous emails and telephone calls with client, Mr. Byers and Mr. DiMarino re post-trial issues; | SKC | 2.5 |
| 11/06/19 | Call from Mr. Byers and continued working on post-trial issues; | SKC | 2.4 |
| 11/18/19 | Call from Jay DiMarino; | SKC | 0.1 |
| 11/20/19 | Received telephone call from counsel for Smart Vent re settlement overtures, drafted correspondence to Mr. Sykes re same and had follow-up call with Mr. Sykes re same; | SKC | 1.2 |
| 11/21/19 | Received and reviewed correspondence from Mr. Sykes re settlement; | SKC | 0.1 |
| 11/22/19 | Exchanged correspondence with Mr. Proper and Mr. DiMarino re settlement negotiations; | SKC | 0.2 |
| 11/25/19 | Exchanged emails and telephone calls with Mr. Sykes and emailed Mr. DiMarino to advise re settlement negotiations; Exchanged correspondence with Mr. Byers re post trial motions; | SKC | 0.6 |
| 11/26/19 | Call from Jay DiMarino and follow up emails with all counsel; | SKC | 0.2 |
| | | Total Hours | 17.5 |

0036031    Crawl Space Door Systems                                               Invoice Number     747123
00001       Smart Vent Products, Inc. v. Crawl Space Door System, Inc.       Invoice Date       12/16/19
                                                                         Page 2

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Siobhan K. Cole | 12.90 | at | $350.00 | = | 4,515.00 |
| Edward Koch | 4.10 | at | $350.00 | = | 1,435.00 |
| Natalie B. Molz | 0.50 | at | $275.00 | = | 137.50 |
| | | | Current Fees | | 6,087.50 |

**For Costs Advanced and Expenses Incurred:**

| | | |
|---|---|---|
| In-house Duplicating Costs | 115.80 | |
| Messenger/delivery (Delivery of Videos to Judge Rodriguez) | 52.50 | |
| Overtime | 219.64 | |
| Travel Expense | 1,070.72 | |
| Current Expenses | | 1,458.66 |

Total Amount of This Invoice          7,546.16

Prior Balance Due          689,423.57

**Total Balance Due Upon Receipt**     **696,969.73**



1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

| | |
|---|---|
| Crawl Space Door Systems | Invoice Number     750379 |
| 3700 Shore Drive #101 | Invoice Date     12/31/19 |
| Virginia Beach, VA 23455 | Client Number     0036031 |
| | Matter Number     00001 |

Attn: William G. Sykes

Our File:   0036031.00001                                        Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 12/01/19 through 12/31/19:

| Date | | Atty | Hours |
|---|---|---|---|
| 12/02/19 | Post-trial motion for sanctions; | NBM | 0.5 |
| 12/03/19 | Call with Mr. Byers re post trial motions; Drafting sanctions motion and other post-trial issues; | SKC | 1.4 |
| 12/04/19 | Exchanged correspondence with Mr. Byers re post trial motions; Continued working on post trial matters; | SKC | 2.3 |
| 12/05/19 | Reviewed, finalized and filed motion for sanctions; Revised, finalized and filed motion for new trial; | SKC | 7.0 |
| | Revised and finalized CSD's post trial motion for sanctions; revised draft omnibus motion for other post-trial relief; prepared and filed all motions; | NBM | 10.6 |
| 12/06/19 | Exchanged correspondence re Smart Vent post trial motions; Reviewed and analyzed Court notices re post trial motions; | SKC | 0.3 |
| 12/09/19 | Call with Mr. Sykes re responses to post trial motions filed by Smart Vent; | SKC | 0.2 |
| | Reviewed post-trial motions in preparation to respond; | NBM | 0.6 |
| 12/10/19 | Reviewed and analyzed Smart Vent's post trial motions; | SKC | 2.2 |
| | Reviewed Smart Vent's post trial motions and began outlining responses thereto; | NBM | 4.4 |
| 12/11/19 | Continued working to review and respond to Smart Vent post trial motions including drafting email to DiMarino re erroneous timing of responses; | SKC | 6.0 |
| | Response in opposition to Smart Vent's post-trial motion for a permanent injunction; | NBM | 6.8 |
| 12/12/19 | Exchanged emails and calls with DiMarino re post trial motions; Drafted and filed letter to Judge Rodriguez re post trial motions; Exchanged emails with Mr. Byers; Continued working on post trial responses; | SKC | 4.9 |
| | Began drafting response to Smart Vent's post-trial request for a permanent injunction; | NBM | 1.4 |
| 12/13/19 | Continued working on responses to post trial motions; | SKC | 4.0 |
| | Continued briefing response to Smart Vent's injunction motion; | NBM | 1.1 |
| 12/17/19 | Continued working on post trial motions; | SKC | 3.0 |
| | Drafted response to Smart Vent's post-trial motion for a permanent injunction; | NBM | 5.3 |

0036031   Crawl Space Door Systems                                      Invoice Number      750379
00001     Smart Vent Products, Inc. v. Crawl Space Door System, Inc.    Invoice Date        12/31/19
                                                                                            Page 2

| Date | | Atty | Hours |
|---|---|---|---|
| | Response to JMOL re:  damages phase of trial; | | |
| 12/30/19 | Continued drafting response in opposition to Smart Vent's post-trial motion for judgment as a matter of law with respect to the damages phase of trial; | NBM | 3.7 |
| 12/31/19 | Drafted and revised response to Smart Vent's JMOL motion seeking to limit CSD's damages to nothing; | NBM | 2.8 |

                                                                        Total Hours         68.5

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Siobhan K. Cole | 31.30 | at | $350.00 | = | 10,955.00 |
| Natalie B. Molz | 37.20 | at | $275.00 | = | 10,230.00 |

                          Current Fees                                                   21,185.00

                          Total Amount of This Invoice                                   21,185.00

                          Prior Balance Due                                             686,969.73

                          **Total Balance Due Upon Receipt**                            **708,154.73**



**White and Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

Crawl Space Door Systems                                    Invoice Number          752151
3700 Shore Drive #101                                      Invoice Date           02/18/20
Virginia Beach, VA 23455                                   Client Number         0036031
                                                           Matter Number           00001

Attn: William G. Sykes

Our File:   0036031.00001                           Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 01/01/20 through 01/31/20:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 01/02/20 | Drafted response in opposition to Smart Vent's post-trial  motion for judgment as a matter of law as to the damages phase of trial; | NBM | 6.2 |
| 01/03/20 | Worked to complete responses to SV post-trial motions; | SKC | 1.5 |
| 01/03/20 | Drafted and revised response in opposition to Smart Vent's motion for judgment as a matter of law with respect to the liability phase of trial; | NBM | 7.3 |
| 01/04/20 | Began drafting response in opposition to Smart Vent's post-trial motion for a permanent injunction; | NBM | 5.3 |
| 01/05/20 | Worked to revise and complete responses to SV post-trial motions; | SKC | 3.0 |
| 01/05/20 | Revised opposition to Smart Vent's post-trial motion for a permanent injunction; | NBM | 4.1 |
| 01/06/20 | Drafting and revising CSD's responses to SV post-trial motions; Finalized and filed post-trial responses; | SKC | 4.9 |
| 01/06/20 | Revised and finalized all three response briefs in opposition to Smart Vent's post-trial motions and prepared same for filing; | NBM | 9.5 |
| 01/07/20 | Reviewed Smart Vent's response in opposition to CSD's motion for sanctions and motion for a new trial on damages; | NBM | 0.9 |
| 01/14/20 | Reviewed Smart Vent's response in opposition to CSD's motion for a new trial on damages and began outlining response thereto; | NBM | 2.9 |
| 01/15/20 | Call from Duncan Byers; | SKC | 0.4 |
| 01/20/20 | Drafted reply brief in response to Smart Vent's opposition to CSD's motion for a new trial on damages; | NBM | 4.9 |
| 01/21/20 | Worked to analyze and revise arguments in response/reply to Motion for Sanctions; | SKC | 1.2 |
| 01/21/20 | Drafted reply brief in response to Smart Vent's opposition to CSD's motion for sanctions; | NBM | 5.4 |
| 01/22/20 | Drafted and revised reply briefs; | NBM | 3.2 |
| 01/27/20 | Analyzed Reply Briefs; | SKC | 3.0 |
| | | Total Hours | 63.7 |

0036031    Crawl Space Door Systems                                    Invoice Number    752151
00001      Smart Vent Products, Inc. v. Crawl Space Door System, Inc.  Invoice Date      02/18/20
                                                                                         Page 2

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Siobhan K. Cole | 14.00 | at | $350.00 | = | 4,900.00 |
| Natalie B. Molz | 49.70 | at | $275.00 | = | 13,667.50 |

|  |  |
|---|---|
| Current Fees | 18,567.50 |
| Total Amount of This Invoice | 18,567.50 |
| Prior Balance Due | 698,154.73 |
| **Total Balance Due Upon Receipt** | **716,722.23** |



**White and Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395     TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

| Crawl Space Door Systems | Invoice Number | 760840 |
|---|---|---|
| 3700 Shore Drive #101 | Invoice Date | 06/16/20 |
| Virginia Beach, VA 23455 | Client Number | 0036031 |
| | Matter Number | 00001 |

Attn: William G. Sykes

Our File:    0036031.00001                                        Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 05/01/20 through 05/31/20:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 05/05/20 | Compressed trial exhibits and prepared same to be sent to Duncan per client's request; | NBM | 0.6 |
| 05/07/20 | Exchanged correspondence with Mr. Sykes and Mr. Byers re: exchange of information; | SKC | 0.3 |
| 05/08/20 | Worked to identify and send necessary documents and exchanged correspondence re: same; | SKC | 1.0 |
| 05/08/20 | Reviewed trial exhibits and extracted all confidential/attorneys' eyes only exhibits; | NBM | 1.8 |
| | Total Hours | | 3.7 |

**Attorney Time Summary:**

| **Attorney** | **Hours** | | **Rate** | | **Value** |
|---|---|---|---|---|---|
| Siobhan K. Cole | 1.30 | at | $350.00 | = | 455.00 |
| Natalie B. Molz | 2.40 | at | $275.00 | = | 660.00 |
| | Current Fees | | | | 1,115.00 |
| | Total Amount of This Invoice | | | | 1,115.00 |
| | Prior Balance Due | | | | 701,722.23 |
| | **Total Balance Due Upon Receipt** | | | | **702,837.23** |


**White** and
**Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

Crawl Space Door Systems                          Invoice Number          763438
3700 Shore Drive #101                             Invoice Date           07/15/20
Virginia Beach, VA 23455                           Client Number          0036031
                                                   Matter Number            00001

Attn: William G. Sykes

Our File:    0036031.00001                          Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 06/01/20 through 06/30/20:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 06/25/20 | Provided Requested Status Update to Third Circuit; | SKC | 0.2 |
| | | Total Hours | 0.2 |

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Siobhan K. Cole | 0.20 | at | $350.00 | = | 70.00 |

| | |
|---|---|
| Current Fees | 70.00 |
| Total Amount of This Invoice | 70.00 |
| Prior Balance Due | 697,837.23 |
| **Total Balance Due Upon Receipt** | **697,907.23** |



**White** and **Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395

Main 215.864.7000 | Fax 215.864.7123

TAX I.D. # 23-1421789

Crawl Space Door Systems
3700 Shore Drive #101
Virginia Beach, VA 23455

| | |
|---|---|
| Invoice Number | 766353 |
| Invoice Date | 08/18/20 |
| Client Number | 0036031 |
| Matter Number | 00001 |

Attn: William G. Sykes

Our File:   0036031.00001

Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 07/01/20 through 07/31/20:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 07/20/20 | Exchanged information requested by Mr. Byers; | SKC | 0.2 |
| 07/30/20 | Exchanged emails and telephone calls with Court, client, and Mr. Byers re: necessary information requested by Court and Mr. Byers; | SKC | 1.3 |
| 07/31/20 | Call from Mr. Byers re: information needed; | SKC | 0.3 |
| | | Total Hours | 1.8 |

**Attorney Time Summary:**

| **Attorney** | **Hours** | | **Rate** | | **Value** |
|---|---|---|---|---|---|
| Siobhan K. Cole | 1.80 | at | $350.00 | = | 630.00 |

| | |
|---|---|
| Current Fees | 630.00 |
| Total Amount of This Invoice | 630.00 |
| Prior Balance Due | 692,907.23 |
| **Total Balance Due Upon Receipt** | **693,537.23** |



**White and Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395                    TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

| | |
|---|---|
| Crawl Space Door Systems | Invoice Number        768643 |
| 3700 Shore Drive #101 | Invoice Date        09/11/20 |
| Virginia Beach, VA 23455 | Client Number        0036031 |
| | Matter Number        00001 |

Attn: William G Sykes

---

Our File:    0036031.00001                                    Handling Attorney:  Siobhan K. Cole

---

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 08/01/20 through 08/31/20:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 08/03/20 | Reviewed dockets and other necessary documents to determine propriety of exhibit use; | SKC | 1.3 |
| 08/04/20 | Reviewed list of exhibits from Attorney Byers and assembled same; | NBM | 1.3 |
| 08/04/20 | Retrieved Exhibits from Archive case for Natalie Molz; | RCP | 0.2 |
| | Total Hours | | 2.8 |

**Attorney Time Summary:**

| Attorney | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Siobhan K. Cole | 1.30 | at | $350.00 | = | 455.00 |
| Natalie B. Molz | 1.30 | at | $275.00 | = | 357.50 |
| Ryan C. Penny | 0.20 | at | $85.00 | = | 17.00 |

Current Fees                                                         829.50

Total Amount of This Invoice                          829.50

Prior Balance Due                                           688,537.23

**Total Balance Due Upon Receipt**                  **689,366.73**



**White** and
**Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395          TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

Crawl Space Door Systems                                    Invoice Number          771681
3700 Shore Drive #101                                       Invoice Date          10/14/20
Virginia Beach, VA 23455                                    Client Number          0036031
                                                            Matter Number           00001

Attn: William G Sykes

---

Our File:    0036031.00001                                  Handling Attorney:  Siobhan K. Cole

---

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 09/01/20 through 09/30/20:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 09/24/20 | Reviewed and analyzed order and opinion on post trial motions and exchanged email correspondence re: same; | SKC | 0.5 |
| 09/25/20 | Reviewed Order entering judgment and emailed Mr. Sykes re: same; | SKC | 0.2 |
| | Total Hours | | 0.7 |

**Attorney Time Summary:**

| **Attorney** | **Hours** | | **Rate** | | **Value** |
|---|---|---|---|---|---|
| Siobhan K. Cole | 0.70 | at | $350.00 | = | 245.00 |

Current Fees                                                                          245.00

Total Amount of This Invoice                                          245.00

Prior Balance Due                                                            684,366.73

**Total Balance Due Upon Receipt**                                **684,611.73**


**White** and
**Williams** LLP

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395           TAX I.D. # 23-1421789
Main 215.864.7000 | Fax 215.864.7123

Crawl Space Door Systems                                    Invoice Number        774219
3700 Shore Drive #101                                      Invoice Date         11/16/20
Virginia Beach, VA 23455                                   Client Number        0036031
                                                           Matter Number         00001

Attn: William G Sykes

Our File:   0036031.00001                                  Handling Attorney:  Siobhan K. Cole

Re: Smart Vent Products, Inc. v. Crawl Space Door System, Inc.

For Professional Services Rendered from 10/01/20 through 10/31/20:

| **Date** | | **Atty** | **Hours** |
|---|---|---|---|
| 10/20/20 | Reviewed and analyzed filing notices from Dist of NJ; | SKC | 0.4 |
| 10/22/20 | Drafted and Finalized Withdrawal of Appearances; | SKC | 0.5 |
| 10/26/20 | Edits to Withdrawal of Appearance for S. Cole and M. Onufrak; Sending same to S. Cole; | MB | 0.5 |
| | Total Hours | | 1.4 |

**Attorney Time Summary:**

| **Attorney** | **Hours** | | **Rate** | | **Value** |
|---|---|---|---|---|---|
| Morgan Birch | 0.50 | at | $295.00 | = | 147.50 |
| Siobhan K. Cole | 0.90 | at | $350.00 | = | 315.00 |
| Current Fees | | | | | 462.50 |

**For Costs Advanced and Expenses Incurred:**

| **Date** | | **Value** |
|---|---|---|
| 10/07/20 | Searches – Pacer | 0.70 |
| 10/07/20 | Searches – Pacer | 3.00 |
| | Current Expenses | 3.70 |

| | |
|---|---|
| Total Amount of This Invoice | 466.20 |
| Prior Balance Due | 679,611.73 |
| **Total Balance Due Upon Receipt** | **680,077.93** |

Delaware | Massachusetts | New Jersey | New York | Pennsylvania | Rhode Island

# EXHIBIT "F"

## ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT is made this 2nd day of June, 2021 by White and Williams LLP, a Pennsylvania limited partnership (**"W&W"**), to Philadelphia Professional Collections LLC, a Pennsylvania limited liability company (**"PPC"**).

### BACKGROUND

A.     W&W is a Pennsylvania limited partnership engaging in the practice of law.

B.     PPC is a Pennsylvania limited liability company, engaged in the business of collecting accounts receivable and other claims of professional organizations such as law firms, accounting firms, physicians, accountants, etc.

C.     W&W desires to sell, assign, transfer and convey all of its right, title and interest, in, to and under any accounts, contract rights, claims or causes of action (collectively, **"Claims"**) that it has against Crawl Space Door Systems, Inc. to PPC.

### ASSIGNMENT

NOW, THEREFORE, W&W, intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agrees as follows:

1.     **Assignment**.  W&W hereby sells, assigns, transfers, and conveys unto PPC, all of W&W's right, title, interest and ownership of any nature whatsoever, in, to, or under any Claims which W&W has or may have against Crawl Space Door Systems, Inc. (the **"Account Debtor"**). Such assignment is non-recourse to W&W.

2.     **Assignor's Representations and Warranties**.  W&W represents and warrants to PPC that it has the right to assign the Claims hereunder, that such Claims are assigned free and clear of any liens, claims or encumbrances whatsoever in favor of any third party, and that

W&W has not previously pledged, assigned, sold, transferred or encumbered any of the Claims set forth herein to any other party, person or entity.  Furthermore, W&W represents and warrants that the total amount of accounts receivable due and owing by the Account Debtor to W&W is, as of June 2, 2021, $670,077.93.  W&W makes no representations or warranties whatsoever except those set forth above.

3.    **Cooperation**.  W&W agrees to cooperate with PPC in connection with the collection of the Claims and, if necessary, to testify at any proceedings commenced by PPC to collect or otherwise satisfy same.  In addition, W&W will make its files available to PPC, if necessary, in connection with such collective activities.

4.    **Miscellaneous**.  This Agreement constitutes the entire agreement and understanding of the parties with respect to the subject matter hereof and will be governed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

WHITE AND WILLIAMS LLP

By _____
Andrew F. Susko, Partner

**Acceptance of Assignment**:

Philadelphia Professional Collections LLC
hereby accepts the above Assignment:

_____
Peter J. Mooney, President

# EXHIBIT "G"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2021**

E-Filing Number: 2111048409

**001950**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS LLC | CRAWL SPACE DOOR SYSTEM, INC., ALIAS: CRAWL SPACE DOOR SYSTEMS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| ONE LIBERTY PL  SUITE 1900 1650 MARKET ST PHILADELPHIA PA 19103 | 3700 SHORE DRIVE, STE. #101 VIRGINIA BEACH VA 23455 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal  ☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less  ☒ More than $50,000.00 | ☐ Arbitration  ☐ Jury  ☐ Non-Jury  ☐ Other: | ☐ Mass Tort  ☐ Savings Action  ☐ Petition | ☒ Commerce  ☐ Minor Court Appeal  ☐ Statutory Appeals | ☐ Settlement  ☐ Minors  ☐ W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** NOV **23** 2021 **M. RUSSO** | IS CASE SUBJECT TO COORDINATION ORDER?  YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PHILADELPHIA PROFESSIONAL COLLECTIONS LLC

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FARZANA ISLAM | WHITE AND WILLIAMS, LLP ONE LIBERTY PLACE, SUITE 1800 1650 MARKET STREET PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)864-7018 | (215)399-9617 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 323427 | islamf@whiteandwilliams.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| FARZANA ISLAM | Tuesday, November 23, 2021, 06:18 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

# COMMERCE PROGRAM ADDENDUM
# TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

_____ 1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

__X__ 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

       _____ a. Uniform Commercial Code transactions;

       _____ b. Purchases or sales of business or the assets of businesses;

       _____ c. Sales of goods or services by or to business enterprises;

       _____ d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

       _____ e. Surety bonds;

       _____ f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

       _____ g. Franchisor/franchisee relationships.

_____ 3. Actions relating to trade secret or non-compete agreements;

_____ 4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____ 5. Actions relating to intellectual property disputes;

_____ 6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____ 7. Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

_____ 8. Actions relating to corporate trust affairs;

_____ 9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

_____ 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

**WHITE AND WILLIAMS LLP**
BY:  Farzana Islam, Esquire
Identification No. 323427
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
(215) 864-7018
islamf@whiteandwilliams.com

Attorneys for Plaintiff
Philadelphia Professional
Collections, LLC

*Filed and Attested by the Prothonotary Office of Judicial Records 23 NOV 2021 06:18 pm M. RUSSO*

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC 1650 Market Street Suite 1800 Philadelphia, PA 19103 | : : : : : : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS  NO. |
| Plaintiff, | : : : | |
| v. | : : : | |
| CRAWL SPACE DOOR SYSTEM, INC., D/B/A CRAWL SPACE DOOR SYSTEMS, INC. 3700 Shore Drive, Ste. #101 Virginia Beach, VA 23455 | : : : : : | |
| Defendant. | : : : | |

## NOTICE

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Philadelphia Bar Association Lawyer Referral and Information Service**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333/TTY (215) 451-6197**

27309040v.1

Case ID: 211101950

<u>**AVISO**</u>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333/TTY (215) 451-6197**

2

**WHITE AND WILLIAMS LLP**
BY:   Farzana Islam
Identification No(s). 323427
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
(215) 864-7018
islamf@whiteandwilliams.com

Attorneys for Plaintiff
Philadelphia Professional
Collections, LLC

|  |  |  |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC<br>1650 Market Street<br>Suite 1800<br>Philadelphia, PA 19103 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
|  | : |  |
|  | : | NO. |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CRAWL SPACE DOOR SYSTEM, INC., D/B/A CRAWL SPACE DOOR SYSTEMS, INC.<br>3700 Shore Drive, Ste. #101<br>Virginia Beach, VA 23455 | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## COMPLAINT

Plaintiff Philadelphia Professional Collections, LLC, by and through its undersigned counsel, for its Complaint against Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc., alleges as follows:

## THE PARTIES

1.      Plaintiff Philadelphia Professional Collections LLC ("Plaintiff" or "PPC") is a Pennsylvania limited liability company with a principal place of business located at 1650 Market Street, Suite 1800, Philadelphia, Pennsylvania 19103.

3

Case ID: 211101950

2.      Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc., ("Defendant" or "Crawl Space") is a corporation organized under the laws of the State of Virginia, with a principal place of business at 3700 Shore Drive, Ste. #101, Virginia Beach, Virginia 23455.

## JURISDICTION AND VENUE

3.      Jurisdiction and venue are proper in this Court because the transactions and/or occurrences giving rise to this cause of action occurred in Philadelphia County, Pennsylvania.

4.      Specifically, William Sykes, President of Crawl Space, contacted Michael N. Onufrak, a former partner located in the Philadelphia office of White and Williams, LLP ("W&W"), and requested that W&W represent Crawl Space in litigation pending before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.*, Docket No. 1:13-cv-05691-JBS-JKW (the "Litigation").

5.      Prior to engaging in legal services, Mr. Onufrak sent Defendant an engagement letter for the Litigation from W&W's Philadelphia office.  A copy of the engagement letter, dated October 14, 2015 (the "Engagement Letter"), is attached hereto as **Exhibit A**.

6.      Defendant signed the Engagement Letter and returned it to Mr. Onufrak.

7.      Thereafter, various attorneys in W&W's Philadelphia office rendered services on behalf of W&W to Defendant for the Litigation.

## FACTS

8.      PPC is the assignee of W&W as to any accounts, accounts receivable, claims, or causes of action that W&W has, or had, against the Defendant.

9.      On or about October 14, 2015, Defendant engaged W&W to perform legal services on behalf of Defendant in connection with the Litigation.

4

Case ID: 211101950

10.    Specifically, Defendant sought representation in a matter pending before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.*, Docket No. 1:13-cv-05691-JBS-JKW (the "Litigation").

11.    As set forth in the parties' Engagement Letter, Defendant agreed that W&W would be paid for its legal services on an hourly basis. As expressly noted by Mr. Onufrak:

> W&W charges for its services on an hourly basis. The rates set forth herein are less than we typically would charge for a case like this one but the rates were adjusted downward to fit within the fee structure acceptable to Selective Insurance Company of America, your carrier . . . My adjusted hourly rate is $350 per hour. Associates in our Commercial Litigation group who may be assisting me in the handling of this matter have adjusted hourly rates of $225-245. Paralegals have the adjusted rate of $100 per hour.

**Ex. A at 2.**

12.    William Sykes, President of Crawl Space, signed the Engagement Letter on behalf of Defendant.

13.    Upon information and belief, Mr. Sykes is also a licensed attorney.

14.    Throughout the Litigation, W&W defended Crawl Space against unfair competition, negligent misrepresentation, and federal trademark infringement claims alleged by its competitor, Smart Vent Products, Inc. W&W also rendered services in furtherance of all counterclaims and eleven affirmative defenses on Crawl Space's behalf.

15.    The Litigation proceeded to trial for three weeks between October 7, 2019 and October 29, 2019. There, the jury found in favor of Crawl Space with respect to its defenses and counterclaims and awarded $300,000 in damages.

Case ID: 211101950

16.     Thereafter, W&W filed all appropriate post-trial motions on behalf of Defendant and a Notice of Appeal to the United States Court of Appeals for the Third Circuit challenging the damages award, the denial of Crawl Space's request for attorneys' fees, and Crawl Space's post-trial motion for sanctions.

17.     On or about October 20, 2020, Crawl Space retained the legal services of Mr. Matthew Z. Earle, an attorney unaffiliated with W&W.

18.     Upon information and belief, Crawl Space and Smart Vent Products, Inc. settled the Litigation after retaining Mr. Earle.

19.     Crawl Space refused to disclose the amount of settlement to W&W.

20.     W&W performed all legal services required of it pursuant to the agreement with Defendant, including but not limited to representing Crawl Space in pre-trial litigation, at trial, and in post-trial litigation between October 2015 and October 2020.

21.     On or about June 4, 2021, W&W informed Crawl Space of the outstanding balance of $670,077.93 due for legal services rendered by W&W pursuant to the agreement with Crawl Space.  See **Exhibit B.**

22.     Following Defendant's nonpayment of the $670,077.93, W&W assigned all of its rights and claims (the "Assignment") against Defendant Crawl Space to PPC.  A true and accurate copy of the Assignment is attached as **Exhibit C.**

### COUNT ONE – BREACH OF CONTRACT

23.     PPC incorporates by reference as if fully set forth herein all of the averments of the preceding paragraphs of this Complaint.

24.     Defendant agreed to pay for legal services provided by W&W in connection with the Litigation in accordance with the parties' agreement.

6

Case ID: 211101950

25.     Despite demand, Defendant has failed and refused to make full payment of the amounts owed to W&W.

26.     In breach of Defendant's agreement with W&W, Defendant has failed and refused to pay for legal services invoiced by W&W pursuant to the agreement, which amount totals $670,077.93, exclusive of interest.

27.     Pursuant to W&W's assignment, PPC is entitled to recover all amounts owed by Defendant to W&W.

28.     WHEREFORE, Plaintiff Philadelphia Professional Collections LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crawl Space in the amount of $670,077.93, together with interest, costs, and such further relief as the Court deems just and proper.

## COUNT TWO – UNJUST ENRICHMENT

29.     Plaintiff incorporates by reference as if fully set forth herein all of the averments of the preceding paragraphs of this Complaint.

30.     Alternatively, beginning on or about October 14, 2015, at Defendant's request, W&W performed legal services for Defendant and incurred costs and expenses on Defendant's behalf in connection with the Litigation.

31.     Defendant knowingly accepted and benefited from the legal services provided by W&W, and from the associated costs and expenses W&W incurred on Defendant's behalf, without paying for the aforementioned legal services, costs or expenses.

7

Case ID: 211101950

32.     Defendant's failure to pay W&W for the legal services it provided, and for the associated costs and expenses W&W incurred on his behalf, caused Defendant to be unjustly enriched, at the expense of W&W, under circumstances which would make it inequitable for Defendant to have obtained the benefit of such services without payment for their value.

33.     The fair and reasonable value of the legal services provided by W&W to Defendant, and for the associated costs and expenses incurred on Defendant's behalf, is $670,077.93.

34.     Pursuant to W&W's assignment, PPC is entitled to recover all such amounts owed by Defendant.

WHEREFORE, Plaintiff Philadelphia Professional Collections LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crawl Space in the amount of $670,077.93, together with interest, costs, and such further relief as the Court deems just and proper.

WHITE AND WILLIAMS LLP

BY:  *Farzana Islam*

Farzana Islam, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections*
*LLC*

Dated: November 23, 2021

8

Case ID: 211101950

## **VERIFICATION**

I, Peter J. Mooney, Esquire, hereby verify that I am the President of Philadelphia Professional Collections LLC, that I am authorized to make this Verification on its behalf, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements made therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
Peter J. Mooney, President

Dated:  November 23, 2021

9

27309040v.1

Case ID: 211101950

## CERTIFICATE OF SERVICE

I, Farzana Islam, Esq., hereby certify that on this 23rd day of November 2021, I caused a

true and correct copy of the foregoing Complaint to be served on Defendant by way of the Court's

ECF System and by First Class U.S. Mail as follows:

CRAWL SPACE DOOR SYSTEM, INC., D/B/A
CRAWL SPACE DOOR SYSTEMS, INC.
3700 Shore Drive, Ste. #101
Virginia Beach, VA 23455

WHITE AND WILLIAMS LLP

BY: _____
Farzana Islam, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections*
*LLC*

27309040v.1

Case ID: 211101950

# EXHIBIT A

27309040v.1

Case ID: 211101950



**White and Williams LLP**

**Michael N. Onufrak**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7174 | Fax 215.789.7674
onufrakm@whiteandwilliams.com | whiteandwilliams.com

October 12, 2015

By E-Mail -- billy@crawlspacedoors.com
William G. Sykes, President
Crawl Space Door System, Inc.
3700 Shore Drive #101
Virginia Beach, VA 23455

RE: Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc.
No. 1:13-cv-05691-JBS-JKW
Selective Claim No. 21365766

Dear Mr. Sykes:

Thank you for giving White and Williams LLP ("W&W") the opportunity to replace Rivkin Radler and represent Crawl Space Door System, Inc. ("Crawl Space") (hereinafter "Client") as counsel, in litigation pending in the United States District Court for the District of New Jersey (Camden) entitled Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc. ("Litigation"). Your insurance carrier Selective Insurance Company of America authorized White and Williams to represent your company on the counterclaim but only to the extent it buttresses the defense of Smart Vent's claim. I understand you will hire your own counsel, probably Dean E. Weisgold, P.C., to assist White and Williams in handling the counterclaim in the event it is necessary for something to be done on the counterclaim that does not necessarily buttress the defense of plaintiff's case-in-chief or if White and Williams withdraws if Selective ceases to pay defense costs. Examples of tasks that might be performed by co-counsel on the counterclaim would be development of a damages theory beyond the amount demanded by plaintiff in its case-in-chief or pursuit of punitive damages. This letter will serve to follow up on our conversation concerning White and Williams LLP ("W&W") providing legal services to Crawl Space.

For the sake of clarity, and as required by the Rules of Professional Conduct, I will set forth in this letter the understanding between W&W and Crawl Space with respect to our ongoing representation. If there is any portion of this letter which is unclear, I ask that you please give me a call so that we can go over it together.

16059038v.1

Case ID: 211101950

William G. Sykes, President
October 12, 2015
Page 2

W&W charges for its services on an hourly basis. The rates set forth herein are less than we typically would charge for a case like this one but the rates were adjusted downward to fit within the fee structure acceptable to Selective Insurance Company of America, your carrier which is defending Crawl Space under a reservation of rights letter. My adjusted hourly rate is $350 per hour. Associates in our Commercial Litigation group who may be assisting me in the handling of this matter have adjusted hourly rates of $225 - $245. Paralegals have the adjusted rate of $100 per hour. I will remain the primary attorney in charge of the litigation. Please be assured that it is W&W's practice to assign tasks in the most efficient and economic manner possible under the circumstances. Our hourly rates may be adjusted from time to time, normally at the end of each calendar year, but the rates which I have given to you will remain in place through calendar year 2016.

Charges are also made for expenditures incurred on behalf of Clients, including filing fees, photocopying, long distance telephone, excess postage, clerical overtime, computer research, travel costs and the like. Our statements for services rendered usually are provided monthly, covering time recorded through the previous month, plus disbursements, and are payable upon presentation.

It is W&W's practice on assuming representation of a new Client to request a retainer, in this case in the amount of $ - 0 -, be forwarded to us. The amount of our billings will be deducted from the retainer which Client has provided to us and we may request that you replenish the retainer up to the level of $ - 0 -, on a monthly basis. This retainer does not represent the total fees anticipated to complete this matter, but will be applied against our bills as they are submitted. Obviously, if our representation is concluded at a point when the retainer has not been fully utilized, we will either hold the remaining balance as a credit against future services, or refund the remaining balance, as you direct.

All billing will be sent to Selective and payment will be made by Selective. In the event that Selective ceases its defense of Crawl Space, then, after reasonable notice to Crawl Space, White and Williams will seek to withdraw as counsel for Crawl Space unless Crawl Space agrees to post a retainer satisfactory to White and Williams at that time.

We understand that all communication concerning this representation will, until we are instructed otherwise, be through you, and that correspondence and billing statements with respect to this matter should be addressed to you at the above address.

Under our standard representation procedures, W&W may discontinue its representation of Client if an invoice is not paid within 30 days of mailing, or if the retainer, when requested, is not forthcoming. If it becomes necessary to discontinue our representation, W&W will be relieved of any further obligations to Client. Moreover, in the event that we are representing Client in any litigation at such time as our invoices remain unpaid, Client agrees that W&W may immediately withdraw as counsel by filing the appropriate motion or praecipe for withdrawal as required by the Court.

16059038v.1

William G. Sykes, President
October 12, 2015
Page 3

As with all representations of this type, we believe it essential that all parties continue to feel comfortable and confident in the arrangement. Accordingly, you should feel free to terminate our engagement at any time (subject to the arrangement with respect to the payment of fees) and we must reserve the same right.

Please be advised that it is W&W's policy to retain Client files for a period of six (6) years after the termination of a matter, at which time the files will be destroyed. Prior to its destruction, you may forward a written request for return of the file, which we will provide at no additional cost except for postage or shipping charges, provided that all sums due and owing to W&W have been paid in full at that time. Upon closing the file, W&W will attempt to return to you any original documents contained in the file.

While I am sure that the above appears rather formal, it is our sincere desire that you clearly understand the activities involved in your representation, and our fees for services. I will be the attorney responsible for your work and for the preparation of Client's bills. We encourage you to contact us promptly if you have any concerns or questions about any aspects of our services or our bills.

We appreciate your giving us the opportunity to represent you, and certainly look forward to serving you on an ongoing basis.

Very truly yours,

WHITE AND WILLIAMS LLP

Michael N. Onufrak

MNO:med

Cc: David G. Hahn, Esq. (Via E-Mail – David.hahn@selective.com)

The above terms are understood and agreed to:

CRAWL SPACE DOOR SYSTEM, INC.

By: _William G. Sykes_
William G. Sykes, President

DATE: _10/14/2015_

APPROVED:

SELECTIVE INSURANCE COMPANY OF AMERICA

BY: _David G. Hahn_
David G. Hahn, Complex Claims Counsel
Corporate Claims

DATE: _10|14|15_

16059038v.1

Case ID: 211101950

# EXHIBIT B



**Peter J. Mooney**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7164 | Fax 215.789.7664
mooneyp@whiteandwilliams.com | whiteandwilliams.com

June 4, 2021

<u>**VIA E-MAIL**</u>

William G. Sykes, President
Crawl Space Door Systems, Inc.
5741 Bayside Road #105
Virginia Beach, VA  23455

**RE:    Outstanding Accounts Receivable Owed to White and Williams LLP –
         Crawl Space Door Systems, Inc.**

Dear Mr. Sykes:

I am the person at White and Williams, LLP tasked with collecting delinquent accounts receivable from clients.  As you are probably aware, you owe White and Williams $670,077.93.

The procedure here at White and Williams, if I cannot reach an acceptable accommodation with a client to satisfy outstanding accounts, is that the account receivable is assigned to Philadelphia Professional Collections, LLC (**"PPC"**), a limited liability company wholly-owned by White and Williams. PPC will then file a Complaint against the ex-client seeking to collect the outstanding account.  Although this is not my preferable resolution to any outstanding accounts with prior clients, it is sometimes necessary.  I hope that is not necessary in this case.

After receipt of this letter, kindly contact me to discuss making arrangements to pay the outstanding account that you owe to White and Williams.  If I do not hear from you on or before the close of business on June 11, 2021, the account receivable will be assigned by White and Williams to PPC, which will then file suit against you to collect the debt.  In order to obviate the expense, annoyance and adverse consequences of being involved in litigation, I respectfully request that you contact me so that we can resolve this matter.

Mr. William G. Sykes
June 4, 2021
Page 2

I am looking forward to your anticipated cooperation and I remain,

Very truly yours,

WHITE AND WILLIAMS LLP

Peter J. Mooney

PJM:vl

Case ID: 211101950

# EXHIBIT C

Case ID: 211101950

## ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT is made this 2nd day of June, 2021 by White and Williams LLP, a Pennsylvania limited partnership (**"W&W"**), to Philadelphia Professional Collections LLC, a Pennsylvania limited liability company (**"PPC"**).

### BACKGROUND

A.     W&W is a Pennsylvania limited partnership engaging in the practice of law.

B.     PPC is a Pennsylvania limited liability company, engaged in the business of collecting accounts receivable and other claims of professional organizations such as law firms, accounting firms, physicians, accountants, etc.

C.     W&W desires to sell, assign, transfer and convey all of its right, title and interest, in, to and under any accounts, contract rights, claims or causes of action (collectively, **"Claims"**) that it has against Crawl Space Door Systems, Inc. to PPC.

### ASSIGNMENT

NOW, THEREFORE, W&W, intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agrees as follows:

1.     **Assignment**.  W&W hereby sells, assigns, transfers, and conveys unto PPC, all of W&W's right, title, interest and ownership of any nature whatsoever, in, to, or under any Claims which W&W has or may have against Crawl Space Door Systems, Inc. (the **"Account Debtor"**). Such assignment is non-recourse to W&W.

2.     **Assignor's Representations and Warranties**.  W&W represents and warrants to PPC that it has the right to assign the Claims hereunder, that such Claims are assigned free and clear of any liens, claims or encumbrances whatsoever in favor of any third party, and that

27225175v.1

Case ID: 211101950

W&W has not previously pledged, assigned, sold, transferred or encumbered any of the Claims

set forth herein to any other party, person or entity.  Furthermore, W&W represents and warrants

that the total amount of accounts receivable due and owing by the Account Debtor to W&W is,

as of June 2, 2021, $670,077.93.  W&W makes no representations or warranties whatsoever

except those set forth above.

        3.      **Cooperation**.  W&W agrees to cooperate with PPC in connection with the

collection of the Claims and, if necessary, to testify at any proceedings commenced by PPC to

collect or otherwise satisfy same.  In addition, W&W will make its files available to PPC, if

necessary, in connection with such collective activities.

        4.      **Miscellaneous**.  This Agreement constitutes the entire agreement and

understanding of the parties with respect to the subject matter hereof and will be governed and

interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

        WHITE AND WILLIAMS LLP

By_____

        Andrew F. Susko, Partner

**Acceptance of Assignment:**

Philadelphia Professional Collections LLC
hereby accepts the above Assignment:

_____

Peter J. Mooney, President

EXHIBIT "H"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | CASE NO. 2:21-cv-05476-GAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## **DEFENDANTS' ANSWER TO COMPLAINT**

Defendant, by and through its counsel Weir & Partners LLP hereby responds to Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

2. Admitted.

3. Denied. To the contrary, the transaction and the services performed by the law firm, White and Williams, LLP ("W&W") were in connection with litigation in the United States District Court for the District of New Jersey, Camden vicinage. While W&W have an office in Philadelphia, it also has an office in Cherry Hill, New Jersey. A major portion of the claim asserted related to time spent at trial in Camden New Jersey.

4. Admitted.

5. Admitted.

6. Admitted.

7.      Denied as stated. Defendant acknowledges that several attorneys employed by W&W worked on the New Jersey litigation. It is denied that all of the work was performed in Philadelphia. To the contrary the trial was conducted in New Jersey where the case was filed.

8.      Denied. The letter from Peter J. Mooney (Exhibit C) and the partially executed assignment Agreement (Exhibit C) are attached to the Complaint; these being in writing speak for themselves and no further response is required.

9.      Denied. The representation being pursuant to a written document, said document speaks for itself and no further response is required.

10.     Admitted.

11.     Denied. The representation being pursuant to a written document, said document speaks for itself and no further response is required. Defendant denies all efforts to characterize its contents.

12.     Admitted.

13.     Denied as stated. It is admitted that William Sykes is an attorney. If by licensed, Plaintiff means licensed to practice law in Pennsylvania, same is denied as Mr. Sykes is admitted to the practice of law in the Commonwealth of Virginia.

14.     Admitted that W&W performed services as it was obligated to perform. It is denied that W&W performed all services to which it was required and/or requested by Defendant to perform in connection with counterclaims that Defendant had and were or should have been asserted in the Litigation.

15.     Denied as Crawl Space did not succeed on all of its defenses and Smart Vent prevailed on one of its claims.

16.     Denied. The allegations relate to written documents that speak for themselves and Defendant denies any characterization of same.

17.     Denied. Defendant did not retain the legal services of Matthew Z. Earle.

18.     Denied. Defendant did not retain Mr. Earle and is unaware of any settlement that Mr. Earle achieved.

19.     Denied. Defendant never refused to advise W&W of settlement terms as there was no settlement of the Litigation.

20.     Denied. To the contrary, W&W failed to perform all of the work that was needed and/or requested by Defendant in the litigation.

21.     Demand Admitted. Exhibit B being in writing speaks for itself and no further response is required.

22.     Denied. After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth thereof. Further, Exhibit C being in writing speaks for itself.

23.     Denied. Defendant incorporates herein its answer to paragraphs 1-22 as though set forth at length.

24.     Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

25.     Demand admitted; refusal to pay admitted for the reason that W&W is not entitled to the sums it claims.

26.     Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

27.     Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

28.     Wherefore, Defendant demands judgment in its favor and against Plaintiff together with costs of suit and such other relief as the Court deems just and proper.

29.     Denied. Defendant incorporates herein its answer to paragraphs 1-28 as though set forth at length.

30.     Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

31.     Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

32.     Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

33.     Denied. The averment constitutes a conclusion of law to which no response is required. To the extent this paragraph constitutes a factual averment, the same is denied.

Wherefore, Defendant demands judgment in its favor and against Plaintiff together with costs of suit and such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Defendant has no liability to Plaintiff as Plaintiff's alter ego, White and Williams is not entitled to recover on the claims asserted herein had it and not Plaintiff filed this lawsuit.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the Defendant as the Defendant is not found in this district nor does it do business in the Commonwealth of Pennsylvania and has not thereby

voluntarily consented to jurisdiction. Defendant will move to transfer this matter to the United States District Court for the District of New Jersey, Camden vicinage.

THIRD AFFIMATIVE DEFENSE

Venue is not proper in this judicial district as the subject matter upon which Plaintiff's alleged claims are based did not arise in this judicial district but rather in the district of New Jersey, Camden vicinage and a motion to transfer will be filed.

WEIR & PARTNERS LLP

Dated: December 28, 2021

By: /s/ Steven E. Angstreich_____
Steven E. Angstreich, Esquire
Attorney I.D. No.: 3739
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
215-665-8181
sangstreich@weirpartners.com

*Attorneys for Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | CASE NO. 2:21-cv-05476-GAM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Steven E. Angstreich, Esquire, hereby certify that on December 28, 2021, I caused to be served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via ECF upon the following:

Farzana Islam, Esq.
White & Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
islamf@white@williams.com
*Attorneys for Plaintiff*

WEIR & PARTNERS LLP

Dated: December 28, 2021

By: */s/ Steven E. Angstreich*
Steven E. Angstreich, Esquire
Attorney I.D. No.: 3739
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
215-665-8181
sangstreich@weirpartners.com
*Attorneys for Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc.*

EXHIBIT "I"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC,<br><br>                                    *Plaintiff*,<br><br><br>              v.<br><br><br>CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC.,<br><br>                                    *Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>Case No. 2:21-cv-05476-GAM |

## PLAINTIFF PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC's
## FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT

Pursuant to Federal Rule of Civil Procedure 26 and 34, Plaintiff Philadelphia Professional Collections, LLC ("PPC"), by and through its undersigned counsel, requests defendant Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space") respond under oath to the following Requests for Production within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

1.      "Complaint" as used herein means the civil action complaint filed by PPC and against Crawl Space and pending before the U.S. District Court for the Eastern District of Pennsylvania at Case No. 2:21-cv-05476-GAM.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all possible responses.

3.      The term "all" includes the term "each," or "any," or "every," and vice versa.

4.      The terms "include" and "including" shall mean including without limitation.

28906080v.1

5.      "Communication" as used herein means every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopies, emails, voicemails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda, and other Documents that contain or reflect such transmission of information.

6.      The terms "Regarding," "concerning," "relating," "referring," "discussing," "containing," "identifying," "showing," "evidencing," and "providing" are used in their broadest sense and mean anything that, in whole or in part, analyzes, comments upon, concerns, contains, considers, constitutes, contradicts, comprises, deals with, describes, discusses, embodies, evidences, indicates, identifies, involves, mentions, memorializes, pertains to, provides, refers to, reflects, regards, relates to, responds to, shows, states, summarizes, supports, or is in any way factually, legally, or logically pertinent to or connected with the subject matter or topic in question, either in whole or in part.

7.      "The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation all writings, drawings, graphs, charts, photographs, sound recordings, images, calendars, diaries, code books, manuals, data, and data compilations, stored in any medium, including electronically stored information and computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

8.      The terms "identify," "identity," "identification," "describe," "description" or "state" shall mean to set forth every fact or document relevant to the answer, which you, your agents and/or representatives have knowledge, including, without limitation, the following:

-2-

a) When referring to an individual, the individual's full name, present or last known home and business addresses (by street, city, state and zip code), present or last known home and business telephone numbers;

b) When referring to a corporation, business, legal or governmental entity, the full name and address of its principal place of business and each of its other places of business, the name and address of each of the agents that acted for it with respect to matters that are relevant to the Request involved, and its relationship, if any, to you;

c) When referring to a document, provide the information sufficient to properly identify such document in a subpoena or request for production under the applicable rules of civil procedure, including, without limitation:

 (i) the type of document (e.g., letter, e-mail, memorandum, notes, report, facsimile, etc.);

 (ii) the date of the document or approximate date of the document if the precise date is unknown;

 (iii) the name of all persons who had a role in preparing, drafting or reviewing the document;

 (iv) the name of all persons who received the document;

 (v) the present location of the original document; and

 (vi) the custodian of the original document.

d) When referring to an oral statement, communication, or allegation, state:

 (i) the date of the statement, communication or allegation;

 (ii) the place where the statement, communication or allegation was made;

 (iii) whether the statement, communication or allegation was made in person or by telephone;

-3-

      (iv)    the substance of the statement, communication or allegation;

      (v)    each person who was present during, or who participated in, the statement, communication or allegation; and

      (vi)    whether or not you have a written, mechanical or electronic record of such statement or communication.

   e)   When referring to any act, state:

      (i)    the date of such act;

      (ii)    the place of such act;

      (iii)    the substance of such act;

      (iv)    the person or persons performing the act; and

      (v)    each person who was present during, or who participated in, the act.

9.    The "Litigation" as used herein refers to the litigation before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.,* Docket No. 1:13-cv-05691-JBS-JKW.

10.    "Person" as used herein refers to a natural person as well as any legal entity, including, but not limited to, a partnership, corporation, joint venture, firm, association, proprietorship, agency, board, authority or commission.

11.    "W&W" as used herein refers to White and Williams LLP, as well as any agents, representatives, entities, attorneys, and any other individuals acting on White and Williams LLP's behalf or pursuant to its direction.

12.    "You" or "your" shall refer to Crawl Space as well as any agents, representatives, entities, attorneys, and any other individuals acting on Crawl Space's behalf or pursuant to its direction.

13.    Words used in the singular shall include the plural and vice versa.  Gender is to be wholly disregarded.

-4-

14.     Where a claim of privilege is asserted in objecting to any Request, and a document is not provided on the basis of such objection, the following information must be provided:

a)     the privilege being asserted;

b)     the date of the document;

c)     the author(s) of the document;

d)     the identity of the attorney and client involved;

e)     the type of document involved (i.e., memorandum, letter, contract, etc.);

f)     the identity of those receiving copies of the document;

g)     the general content of the document;

h)     the ground upon which you consider each such document to be privileged; and

i)     such other information as is necessary to identify the document for a subpoena _duces_ _tecum_.

15.     If you maintain that any document or record requested herein has been lost, misplaced, destroyed, or is otherwise no longer in your possession, custody or control, set forth with respect to each such document:

a)     the contents of the document;

b)     a description of the document;

c)     the present location of the original any copies of the document, if known;

d)     the date of such loss or destruction;

e)     a description of how and why the document was lost or destroyed;

f)     the name of the person with the most knowledge of how, why and when the document was lost or destroyed;

g)     the author of the document and his/her present or last known home and business addresses and telephone numbers; and

h)     the sender and recipient of the document, if applicable.

16.     These Requests include and extend to any and all relevant information and/or documents in the personal files of your present and former officers, employees, agents, representatives, employees, attorneys and accountants.

17.     These Requests are continuing in nature, and if information is discovered after you serve your answers that would change or supplement the answer given, demand is hereby made that said information or documents be furnished immediately.

18.     Nothing in these Requests is to be construed as an admission or waiver on the part of PPC.  When facts are stated as part of a Request, PPC does not concede those facts as true.

### **REQUESTS**

1.     All documents and communications relied upon by you in responding to Plaintiff Philadelphia Professional Collections, LLC's First Set of Interrogatories.

2.     All documents and communications between you and any individual (except your counsel) regarding W&W's representation in the Litigation.

3.     All documents and communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you.

4.     All invoices for legal work performed by W&W for which you claim W&W is not entitled to payment.

5.     All documents and communications between you and any third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation.

6.      All   documents   and   communications   evidencing   your   engagement   and/or prospective engagement of any third-party for advice and/or legal services in connection with the Litigation.

7.      All documents and communications supporting and/or evidencing your claim that W&W failed to perform all work needed and/or requested by you in connection with the Litigation.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY:   _Farzana Islam_____
Farzana Islam

1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7018
*Attorneys for Plaintiff*
*Philadelphia Professional Collections,*
*LLC*

Dated:  May 16, 2022

-7-

## CERTIFICATE OF SERVICE

I certify that on this 16th day of May 2022, a true and correct copy of Plaintiff Philadelphia Professional Collections, LLP's First Request for Production to be served via electronic mail upon following:

Steven E. Angstreich

Weir Greenblatt Pierce LLP

SAngstreich@wgpllp.com

*Attorneys for Defendant, Crawl Space Door System, Inc.*

Farzana Islam

-8-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : : : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | Case No. 2:21-cv-05476-GAM |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : : | |
| | : | |
| *Defendant*. | : | |
| | : | |

### PLAINTIFF PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC's FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Plaintiff Philadelphia Professional Collections, LLC ("PPC"), by and through its undersigned counsel, requests defendant Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space") respond under oath to the following First Set of Interrogatories within thirty (30) days pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

1.      "Complaint" as used herein means the civil action complaint filed by PPC and against Crawl Space and pending before the U.S. District Court for the Eastern District of Pennsylvania at Case No. 2:21-cv-05476-GAM.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all possible responses.

3.      The term "all" includes the term "each," or "any," or "every," and vice versa.

4.      The terms "include" and "including" shall mean including without limitation.

5.      "Communication" as used herein means every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopies, emails, voicemails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda, and other Documents that contain or reflect such transmission of information.

6.      The terms "Regarding," "concerning," "relating," "referring," "discussing," "containing," "identifying," "showing," "evidencing," and "providing" are used in their broadest sense and mean anything that, in whole or in part, analyzes, comments upon, concerns, contains, considers, constitutes, contradicts, comprises, deals with, describes, discusses, embodies, evidences, indicates, identifies, involves, mentions, memorializes, pertains to, provides, refers to, reflects, regards, relates to, responds to, shows, states, summarizes, supports, or is in any way factually, legally, or logically pertinent to or connected with the subject matter or topic in question, either in whole or in part.

7.      "The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation all writings, drawings, graphs, charts, photographs, sound recordings, images, calendars, diaries, code books, manuals, data, and data compilations, stored in any medium, including electronically stored information and computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

8.      The terms "identify," "identity," "identification," "describe," "description" or "state" shall mean to set forth every fact or document relevant to the answer, which you, your agents and/or representatives have knowledge, including, without limitation, the following:

-2-

a)     When referring to an individual, the individual's full name, present or last known home and business addresses (by street, city, state and zip code), present or last known home and business telephone numbers;

b)     When referring to a corporation, business, legal or governmental entity, the full name and address of its principal place of business and each of its other places of business, the name and address of each of the agents that acted for it with respect to matters that are relevant to the interrogatory involved, and its relationship, if any, to you;

c)     When referring to a document, provide the information sufficient to properly identify such document in a subpoena or request for production under the applicable rules of civil procedure, including, without limitation:

      (i)     the type of document (_e.g._, letter, e-mail, memorandum, notes, report, facsimile, etc.);

      (ii)     the date of the document or approximate date of the document if the precise date is unknown;

      (iii)     the name of all persons who had a role in preparing, drafting or reviewing the document;

      (iv)     the name of all persons who received the document;

      (v)     the present location of the original document; and

      (vi)     the custodian of the original document.

d)     When referring to an oral statement, communication, or allegation, state:

      (i)     the date of the statement, communication or allegation;

      (ii)     the place where the statement, communication or allegation was made;

      (iii)     whether the statement, communication or allegation was made in person or by telephone;

-3-

        (iv)     the substance of the statement, communication or allegation;

        (v)     each person who was present during, or who participated in, the statement, communication or allegation; and

        (vi)     whether or not you have a written, mechanical or electronic record of such statement or communication.

    e)    When referring to any act, state:

        (i)     the date of such act;

        (ii)     the place of such act;

        (iii)     the substance of such act;

        (iv)     the person or persons performing the act; and

        (v)     each person who was present during, or who participated in, the act.

9.    The "Litigation" as used herein refers to the litigation before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.,* Docket No. 1:13-cv-05691-JBS-JKW.

10.    "Person" as used herein refers to a natural person as well as any legal entity, including, but not limited to, a partnership, corporation, joint venture, firm, association, proprietorship, agency, board, authority or commission.

11.    "W&W" as used herein refers to White and Williams LLP, as well as any agents, representatives, entities, attorneys, and any other individuals acting on White and Williams LLP's behalf or pursuant to its direction.

12.    "You" or "your" shall refer to Crawl Space as well as any agents, representatives, entities, attorneys, and any other individuals acting on Crawl Space's behalf or pursuant to its direction.

13.    Words used in the singular shall include the plural and vice versa. Gender is to be wholly disregarded.

14.     Where a claim of privilege is asserted in objecting to any Interrogatory, and a document is not provided on the basis of such objection, the following information must be provided:

a)     the privilege being asserted;

b)     the date of the document;

c)     the author(s) of the document;

d)     the identity of the attorney and client involved;

e)     the type of document involved (i.e., memorandum, letter, contract, etc.);

f)     the identity of those receiving copies of the document;

g)     the general content of the document;

h)     the ground upon which you consider each such document to be privileged; and

i)     such other information as is necessary to identify the document for a subpoena <u>duces tecum</u>.

15.     If you maintain that any document or record requested herein has been lost, misplaced, destroyed, or is otherwise no longer in your possession, custody or control, set forth with respect to each such document:

a)     the contents of the document;

b)     a description of the document;

c)     the present location of the original any copies of the document, if known;

d)     the date of such loss or destruction;

e)     a description of how and why the document was lost or destroyed;

f)     the name of the person with the most knowledge of how, why and when the document was lost or destroyed;

g)     the author of the document and his/her present or last known home and business addresses and telephone numbers; and

h)     the sender and recipient of the document, if applicable.

16.    These Interrogatories and Documents include and extend to any and all relevant information and/or documents in the personal files of your present and former officers, employees, agents, representatives, employees, attorneys and accountants.

17.    These Interrogatories are continuing in nature, and if information is discovered after you serve your answers that would change or supplement the answer given, demand is hereby made that said information or documents be furnished immediately.

18.    Nothing in these Interrogatories is to be construed as an admission or waiver on the part of PPC.  When facts are stated as part of an Interrogatory, PPC does not concede those facts as true.

## **INTERROGATORIES**

1.    Identify all persons who you believe may have knowledge of facts relating to any claims and/or defenses in the Litigation.  For each such person, please identify:

      (a)    the person's name;

      (b)    the person's last known home and business address;

      (c)    the person's last known home, business, and mobile telephone numbers;

      (d)    the nature and substance of the facts that you believe the person to know; and

      (e)    whether any documents evidence each such person's knowledge of these facts, and if so, please produce copies of each such document.

**RESPONSE:**

2.      Describe, in detail, all communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you, and for each such communication identify:

      (a)      the date of such communication(s);

      (b)      the manner or medium in which the communication was made;

      (c)      the individual(s) to whom the communication(s) was made; and

      (d)      whether any documents evidencing the communication(s) exist, and if so, produce copies of all such documents.

**RESPONSE:**


3.      State the full basis for your claim that "W&W failed to perform all of the work that was needed and/or requested" by you in connection with the Litigation.

**RESPONSE:**


4.      Identify all legal work performed by W&W that you claim W&W is not entitled to payment for and provide the full basis for your claim.

**RESPONSE:**


5.      State the full basis for your claim that "W&W is not entitled to the sum its claims."

**RESPONSE:**

-7-

6.      State whether you ever had any communications with Matthew Z. Earle, or any other third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation, and if so, identify and describe each such communication.

**RESPONSE:**

7.      State whether you engaged or discussed engagement with any third-party for advice and/or legal services in connection with the Litigation.  If your answer is in the affirmative, please identify:

   (a)      the individual or third-party whom you engaged or discussed engagement with;

   (b)      the date(s) on which you engaged or discussed engagement for advice and/or legal services;

   (c)      whether any documents evidencing the individual and/or third-party's engagement exist.

**RESPONSE:**

8.      Identify the names, last known addresses and last known telephone numbers of all persons who provided information used in answering these Interrogatories.

**RESPONSE:**

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: _____

Farzana Islam

1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7018
*Attorneys for Plaintiff*
*Philadelphia  Professional  Collections,*
*LLC*

Dated:  May 16, 2022

## CERTIFICATE OF SERVICE

I certify that on this 16th day of May 2022, a true and correct copy of Plaintiff Philadelphia Professional Collections, LLP's First Set of Interrogatories to be served via electronic mail upon following:

Steven E. Angstreich

Weir Greenblatt Pierce LLP

SAngstreich@wgpllp.com

*Attorneys for Defendant, Crawl Space Door System, Inc.*

Farzana Islam

-10-

# EXHIBIT "J"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
|  | : |  |
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC,: | : |  |
| *Plaintiff,* | : |  |
|  | : | CIVIL ACTION |
| v. | : | Case No. 2:21-cv-05476-GAM |
|  | : |  |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL | : |  |
| SPACE DOOR SYSTEMS, INC., | : |  |
|  | : |  |
| *Defendant.* | : |  |
|  | : |  |

**DEFENADANT'S RESPONSES ANDD OBJECTIONS TO PLAINTIFF
PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC'S FIRST SET OF
REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT**

Defendant, Crawl Space Door System, Inc ("Crawl Space") by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26 and 34, hereby objects and responds to Plaintiff, Philadelphia Professional Collections, LLC ("PPC") interrogatories as follows.

I.    **DEFENDANT'S OBJECTIONS TO "INSTRUCTIONS" AND "DEFINITIONS"
       FOR ALL OF PLAINTIFF'S REQUEST FOR PRODUCTION OF
       DOCUMENTS**

Defendant objects to Plaintiff's purported Instructions in that any instructions for responding to discovery requests are contained within and governed by applicable law, the Federal Rules of Civil Procedure, and Local Rules. Defendant's responses will be made consistent with and as required by those laws and Rules and not definitions and instructions promulgated by Plaintiff. defendant further objects to Plaintiff's purported Instructions as any request for production of documents is required to be internally and independently both

consistent and complete.  To the extent that any request for production of documents requires information not contained within the body of the request itself renders the request vague and unanswerable.

Defendant objects to Plaintiff's purported Definitions in that each and every request is required to be internally and independently both consistent and complete. To the extent that any request requires information not contained within the body of the request itself renders the request vague and unanswerable. Further, Defendant objects to Plaintiff's purported Definitions to the extent that such Definitions exceed the scope of applicable law, the Federal Rules of Civil Procedure, and Local Rules governing responses to discovery requests.

## **REQUESTS**

1.  All documents and communications relied upon by you in responding to Plaintiff Philadelphia Professional Collections, LLC's First Set of Interrogatories.

    **RESPONSE:**

    None other than the billing records of W&W already in the possession of W&W.

2.  All documents and communications between you and any individual (except counsel) regarding W&W's representation in the Litigation.

    **RESPONSE:**   None at this time.  This response may be supplemented.

3.  All documents and communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you.

    **RESPONSE:**  None other than Counsel.

4. All invoices for legal work performed by W&W for which you claim W&W is not entitled to payment.

**RESPONSE:**   W&Ws legal bills and this response will be supplemented by expert disclosure pursuant to the Courts scheduling order.

5. All documents and communications between you and any third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation.

**RESPONSE:**   None at this time.  This response may be supplemented.

6. All documents and communications evidencing your engagement and/or prospective engagement of any third-party for advice and/or legal services in connection with the Litigation.

**RESPONSE:** None

7. All documents and communications supporting and/or evidencing your claim that W&W failed to perform all work needed and/or requested by you in connection with the Litigation.

**RESPONSE:**   See responses above.

PATTEN, WORNOM, HATTEN, & DIAMONSTEIN, P.C.

By: /Duncan G. Byers/_____
Duncan G. Byers, Esq.

-3-

(Pro Hac Vice) Virginia Bar No. 48146
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Ste 300
Newport News, VA 23602
Email: dbyers@pwhd.com
         cveals@pwhd.com
Tel: (757) 223-4500
Fax: (757) 249-1627
*Counsel for Defendant*

Steven E. Angstreich
Weir Greenblatt Pierce LLP
Admission Date: February 10, 1971
Attorney I.D. No.: 3739
1339 Chestnut Steet, Suite 500
Philadelphia, PA 19107
(215) 665-8181
sangstreich@wgpllp.com
*Local Counsel for Defendant*

Dated: June 15, 2022

## CERTIFICATE OF SERVICE

I certify that on this 15 day of June 2022, a true and correct copy of Defendant's Responses

and Objections to Plaintiff's First Set of Interrogatories to Defendant, Crawl Space Door System,

Inc. d/b/a Crawl Space Door Systems, Inc. to be served via electronic mail upon following:

Peter J. Mooney
White & Williams
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
mooneyp@whiteandwilliams.com

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC,: <br> *Plaintiff,* : <br><br> : <br> v. : <br><br> : <br> CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL : <br> SPACE DOOR SYSTEMS, INC., : <br><br> : <br> *Defendant.* : <br><br> : | CIVIL ACTION <br> Case No. 2:21-cv-05476-GAM |

RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT, CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR
SYSTEMS, INC.,

Defendant, Crawl Space Door System, Inc ("Crawl Space") by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 33, hereby objects and responds to Plaintiff, Philadelphia Professional Collections, LLC ("PPC") interrogatories as follows.

## I.      DEFENDANT'S OBJECTIONS TO "INSTRUCTIONS" AND "DEFINITIONS" FOR ALL OF PLAINTIFF'S INTERROGATORIES

Defendant objects to Plaintiff's purported Instructions in that any instructions for responding to discovery requests are contained within and governed by applicable law, the Federal Rules of Civil Procedure, and Local Rules. Defendant's responses will be made consistent with and as required by those laws and Rules and not definitions and instructions promulgated by Plaintiff. defendant further objects to Plaintiff's purported Instructions as any interrogatory is required to be internally and independently both consistent and complete. To the extent that any interrogatory requires information not contained within the body of the

interrogatory itself renders the interrogatory vague and unanswerable.

Defendant objects to Plaintiff's purported Definitions in that each and every interrogatory is required to be internally and independently both consistent and complete. To the extent that any interrogatory requires information not contained within the body of the interrogatory itself renders the interrogatory vague and unanswerable. Further, Defendant objects to Plaintiff's purported Definitions to the extent that such Definitions exceed the scope of applicable law, the Federal Rules of Civil Procedure, and Local Rules governing responses to discovery requests.

## **INTERROGATORIES**

1.      Identify all persons who you believe may have knowledge of facts relating to any claims and/or defenses in the Litigation.  For each such person, please identify:

     (a)    the person's name;
     (b)    the person's last known home and business address;
     (c)    the person's last known home, business, and mobile telephone numbers;
     (d)    the nature and substance of the facts that you believe the person to know;

           and

     (e)    whether any documents evidence each such person's knowledge of these facts, and if so, please produce copies of each such document.

**RESPONSE:**

    a.   William G. Sykes
        3669 Sea Gull Bluff drive Virginia Beach, VA 23455
        Home – 757-464-2015 Mobile – 757-615-3613

        Counsel, staff, and employees of White & Williams who worked in the case in New Jersey.

        Any others are legal counsel.

    b.   W&W overcharged and double billed for work they performed.

      c.  W&W's invoices. – already in the possession of Plaintiff.

    2.    Describe, in detail, all communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you, and for each such communication identify:

      (a)    the date of such communication(s);
      (b)    the manner or medium in which the communication was made;
      (c)    the individual(s) to whom the communication(s) was made; and
      (d)    whether any documents evidencing the communication(s) exist, and if so, produce copies of all such documents.

**RESPONSE:**

    OBJECTION.  Any such communication would be privileged.  Notwithstanding that objection, none.

    3.    State the full basis for your claim that "W&W failed to perform all of the work that was needed and/or requested" by you in connection with the Litigation.

**RESPONSE:**

    W&W overcharged and double billed for work they performed. The information about the overbilling will be produced by our expert witness(es) in a few weeks.

    4.    Identify all legal work performed by W&W that you claim W&W is not entitled to payment for and provide the full basis for your claim.

**RESPONSE:**

    The information about the overbilling will be produced by our expert witness(es) in a few weeks.

5.        State the full basis for your claim that "W&W is not entitled to the sum its claims."

6.

**RESPONSE:**

W&W overcharged and double billed for work they performed. The information about the overbilling will be produced by our expert witness(es) in a few weeks.

7.        State whether you ever had any communications with Matthew Z. Earle, or any other third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation, and if so, identify and describe each such communication.

**RESPONSE:**

I have not talked to Matthew Earle and the only communication with Mr. Earle was through my counsel related to engagement of Mr. Earle and is therefore privileged.

8.        State whether you engaged or discussed engagement with any third-party for advice and/or legal services in connection with the Litigation.  If your answer is in the affirmative, please identify:

        (a)        the individual or third-party whom you engaged or discussed engagement with;

        (b)        the date(s) on which you engaged or discussed engagement for advice and/or legal services;

        (c)        whether any documents evidencing the individual and/or third-party's engagement exist.

**RESPONSE:**

OBJECTION.   Any such communication would be privileged.   Notwithstanding that objection, none.

9.      Identify the names, last known addresses and last known telephone numbers of all

persons who provided information used in answering these Interrogatories.

**RESPONSE:**

Other than assistance of counsel, I was the only one that gathered information used in

answering these Interrogatories.

PATTEN, WORNOM, HATTEN, &
DIAMONSTEIN, P.C.

By: /Duncan G. Byers/
Duncan G. Byers, Esq.
(Pro Hac Vice) Virginia Bar No. 48146
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Ste 300
Newport News, VA 23602
Email: dbyers@pwhd.com
          cveals@pwhd.com
Tel: (757) 223-4500
Fax: (757) 249-1627
*Counsel for Defendant*

Steven E. Angstreich
Weir Greenblatt Pierce LLP
Admission Date: February 10, 1971
Attorney I.D. No.: 3739
1339 Chestnut Steet, Suite 500
Philadelphia, PA 19107
(215) 665-8181
sangstreich@wgpllp.com
*Local Counsel for Defendant*

Dated:  June 15, 2022

## CERTIFICATE OF SERVICE

I certify that on this 15th day of June 2022, a true and correct copy of  Defendant's

Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant, Crawl Space

Door System, Inc. d/b/a Crawl Space Door Systems, Inc. was served via electronic mail upon

following:

Peter J. Mooney, Esq.
White & Williams
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
mooneyp@whiteandwilliams.com

# EXHIBIT "K"

## CRAWL SPACE INTEREST CALCULATION

| DATE | INVOICE AMOUNT | PRIOR BALANCE | PAYMENT | AMOUNT DUE | INTEREST |
|---|---|---|---|---|---|
| 7/18/19 | 87,284.00 | 52,406.00 | | 139,690.30 | 26,912.33 |
| 8/16/19 | 48,603.00 | 129,690.00 | 10,000.00 | 178,239.70 | 7,253.13 |
| 9/18/19 | 68,964.45 | 168,293.70 | 10,000.00 | 237,258.00 | 10,709.64 |
| 10/16/19 | 145,578.00 | 227,258.00 | 10,000.00 | 372,836.00 | 24,738.34 |
| 11/20/19 | 326,587.26 | 362,836.00 | 10,000.00 | 689,423.57 | 54,487.66 |
| 12/16/19 | 7546.16 | 689,423.57 | | 696,969.73 | 1,266.49 |
| 12/31/19 | 21,185.00 | 686,969.73 | 10,000.00 | 708,154.73 | 1,849.66 |
| 2/18/20 | 18,567.50 | 698,154.73 | 10,000.00 | 716,722.23 | 318.27 |
| 6/16/20 | 1,115.00 | 701,222.23 | 15,000.00 | 702,937.23 | 0.00 |
| 7/15/20 | 70.00 | 697,907.23 | 5,000.00 | 697,907.23 | 0.00 |
| 8/18/20 | 630.00 | 392,907.23 | 5,000.00 | 693,537.23 | 0.00 |
| 9/11/20 | 829.50 | 685,537.23 | 4,400.00 | 689,366.73 | 0.00 |
| 0/14/20 | 245.00 | 684,366.73 | 5,000.00 | 684,611.73 | 0.00 |
| 11/16/20 | 466.00 | 679,611.93 | 10,000.00 | 670,077.93 | 0.00 |
| | | | | | 127,535.52 |

| | |
|---|---|
| Starting Amount (PV)?: | $139,690.00 |
| Annual Interest Rate?: | 6.0000% |
| Days (-9,999 < # < 47,482)?: | 1,172 |
| Start Date (year > 1969)?: | 08/17/2019 |
| End Date (year < 2100)?: | 11/01/2022 |
| Days In Year?: | 365 |
| Interest Earned: | $26,912.33 |
| Future Value (FV): | $166,602.33 |
| Annual Percentage Yield (A...: | 5.6403% |
| Daily Interest Rate: | 0.0164% |

©2022 Pine Grove Software LLC, all rights reserved

| | |
|---|---|
| Starting Amount (P.V.)?: | $38,603.00 |
| Annual Interest Rate?: | 6.0000% |
| Days (-9,999 < # < 47,482)?: | 1,143 |
| Start Date (year > 1969)?: | 09/15/2019 |
| End Date (year < 2100)?: | 11/01/2022 |
| Days In Year?: | 365 |
| Interest Earned: | $7,253.13 |
| Future Value (FV): | $45,856.13 |
| Annual Percentage Yield (A...: | 5.6522% |
| Daily Interest Rate: | 0.0164% |

©2022 Pine Grove Software LLC, all rights reserved

| | |
|---|---|
| Starting Amount (P.V.)?: | $58,694.00 |
| Annual Interest Rate?: | 6.0000% |
| Days (-9,999 < # < 47,482)?: | 1,110 |
| Start Date (year > 1969)?: | 10/18/2019 |
| End Date (year < 2100)?: | 11/01/2022 |
| Days In Year?: | 365 |
| Interest Earned: | $10,709.64 |
| Future Value (FV): | $69,403.64 |
| Annual Percentage Yield (A...: | 5.6659% |
| Daily Interest Rate: | 0.0164% |

©2022 Pine Grove Software LLC, all rights reserved

Starting Amount (P.V.)?:   $135,578.00

Annual Interest Rate?:   6.0000%

Days (-9,999 < # < 47,482)?:   1,110

Start Date (year > 1969)?:   10/18/2019

End Date (year < 2100)?:   11/01/2022

Days In Year?:   365

Interest Earned:   $24,738.34

Future Value (FV):   $160,316.34

Annual Percentage Yield (A…   5.6659%

Daily Interest Rate:   0.0164%

©2022 Pine Grove Software LLC, all rights reserved

| | |
|---|---|
| Starting Amount (P.V.)?: | $316,587.00 |
| Annual Interest Rate?: | 6.0000% |
| Days (-9,999 < # < 47,482)?: | 1,047 |
| Start Date (year > 1969)?: | 12/20/2019 |
| End Date (year < 2100)?: | 11/01/2022 |
| Days In Year?: | 365 |
| Interest Earned: | $54,487.66 |
| Future Value (FV): | $371,074.66 |
| Annual Percentage Yield (A...: | 5.6923% |
| Daily Interest Rate: | 0.0164% |

©2022 Pine Grove Software LLC, all rights reserved

| | |
|---|---|
| Starting Amount (PV)?: | $7,546.00 |
| Annual Interest Rate?: | 6.0000% |
| Days (-9,999 < # < 47,482)?: | 1,021 |
| Start Date (year > 1969)?: | 01/15/2020 |
| End Date (year < 2100)?: | 11/01/2022 |
| Days In Year?: | 365 |
| Interest Earned: | $1,266.49 |
| Future Value (FV): | $8,812.49 |
| Annual Percentage Yield (A...: | 5.7033% |
| Daily Interest Rate: | 0.0164% |

©2022 Pine Grove Software LLC, all rights reserved

| | |
|---|---|
| Starting Amount (P.V.)?: | $11,185.00 |
| Annual Interest Rate?: | 6.0000% |
| Days (-9,999 < # < 47,482)?: | 1,006 |
| Start Date (year > 1969)?: | 01/30/2020 |
| End Date (year < 2100)?: | 11/01/2022 |
| Days In Year?: | 365 |
| Interest Earned: | $1,849.66 |
| Future Value (FV): | $13,034.66 |
| Annual Percentage Yield (A…: | 5.7096% |
| Daily Interest Rate: | 0.0164% |

©2022 Pine Grove Software LLC, all rights reserved

Starting Amount (P.V.)?: | $8,567.00

Annual Interest Rate?: | 6.0000%

Days (-9,999 < # < 47,482)?: | 226

Start Date (year > 1969)?: | 03/20/2022

End Date (year < 2100)?: | 11/01/2022

Days In Year?: | 365

Interest Earned: | $318.27

Future Value (FV): | $8,885.27

Annual Percentage Yield (A…: | 6.0682%

Daily Interest Rate: | 0.0164%

©2022 Pine Grove Software LLC, all rights reserved

Starting Amount (PV)?: $670,077.93

Annual Interest Rate?: 6.0000%

Days (-9,999 < # < 47,482)?: 1

Start Date (year > 1969)?: 10/04/2021

End Date (year < 2100)?: 10/05/2021

Days In Year?: 365

Interest Earned: $110.15

Future Value (FV): $670,188.08

Annual Percentage Yield (A...: 6.1831%

Daily Interest Rate: 0.0164%

©2022 Pine Grove Software LLC, all rights reserved

# EXHIBIT "L"





**Phila Prof Coll 18749-329**

| | |
|---|---|
| DocVerify ID: | 905FD7D7-D3F0-49A0-90C8-4D5FDD642680 |
| Created: | October 07, 2022 07:43:00 -8:00 |
| Pages: | 2 |
| Remote Notary: | Yes / State: PA |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Siobhan K Cole (skc)**
October 07, 2022 07:46:29 -8:00 [F65AC1FD7EE0] [38.98.196.78]
coles@whiteandwilliams.com (Principal) (Personally Known)

**E-Signature Notary: Donna Maria Kobryn (DMK)**
October 07, 2022 07:46:29 -8:00 [71E356698E58] [100.34.57.40]
kobrynd@whiteandwilliams.com
I, Donna Maria Kobryn, did witness the participants named above
electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat.
All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : |
| *Plaintiff*, | : |
| | : |
| v. | : CIVIL ACTION |
| | : Case No. 2:21-cv-05476-GAM |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : |
| | : |
| *Defendant*. | : |
| | : |

## AFFIDAVIT OF SIOBHAN K. COLE, ESQUIRE

Siobhan K. Cole, being duly sworn according to law, deposes and says as follows:

1.      I am a partner at White and Williams LLP ("W&W").

2.      I was lead counsel for Crawl Space in the *Smart Vent v. Crawl Space* matter litigated in the United States District Court for the District of New Jersey.

3.      I have reviewed the unpaid invoices attached as Exhibit E to the Affidavit of Peter J. Mooney.

4.      The time entries are accurate in their description of the work performed and the time it took to do it. The rates are correct.

5.      Mr. Sykes never complained to me that the firm was overbilling Crawl Space for its work in the New Jersey litigation.

6.      Attached as Exhibit M to PPC's Memorandum of Law is a copy of an email exchange between me and Mr. Sykes dated January 15, 2019 concerning rates charged by WW to Crawl Space and Mr. Sykes' acceptance of them.

29725944v.1

905FD7D7-D3F0-49A0-90C8-4D5FDD642680 — 2022/10/07 07:43:00 -8:00 — Remote Notary

7.      Attached as Exhibit N to PPC's Memorandum of Law is a copy of another email exchange between me and Mr. Sykes dated January 15, 2019 concerning rates.

Siobhan K Cole
Signed on 2/022/10/07 07:46:29 -8:00

_____

Siobhan K. Cole

COMMONWEALTH OF PENNSYLVANIA          :

COUNTY OF PHILADELPHIA                        :

Signed and sworn to (or affirmed) before me on ____7th____ day of ____October____, 2022 by Siobhan K. Cole.

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Donna Maria Kobryn, Notary Public
Bucks County
My Commission Expires Nov 15, 2024
Commission Number 1087359
Notary Stamp 2022/10/07 07:46:29 PST          71E356696E58

Notarial act performed by audio-visual communication

29725944v.1

# EXHIBIT "M"

**From:** Cole, Siobhan
**Sent:** Tuesday, January 15, 2019 4:35 PM
**To:** Mary Ellen DiMento (dimentom@whiteandwilliams.com) <dimentom@whiteandwilliams.com>
**Subject:** FW: Discovery Order on Appeal and Rates

Client approval of rates for new matter forms.  Thanks.

---

**From:** billy@crawlspacedoors.com <billy@crawlspacedoors.com>
**Sent:** Tuesday, January 15, 2019 4:33 PM
**To:** Cole, Siobhan <Coles@whiteandwilliams.com>
**Subject:** RE: Discovery Order on Appeal and Rates

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

Siobhan:

The fee change is great and I approve it.  I appreciate everything you have done for our company.

Billy Sykes

---

**From:** Cole, Siobhan <Coles@whiteandwilliams.com>
**Sent:** Tuesday, January 15, 2019 3:39 PM
**To:** billy@crawlspacedoors.com
**Subject:** Discovery Order on Appeal and Rates

Billy:

Attached is a statement of reasons that Magistrate Judge Williams finally issued in response to Judge Simandle's order directing her to explain her reasoning on the old motion to compel your communications with the engineers.  Now we need to re-file our actual appeal, but that shouldn't be too difficult since we already drafted it once.

Also attached is a rate-change letter.  Our executive committee brought it to my attention that the rates you are being charged are still the negotiated Selective rate from three years ago and they are requiring that they be increased.  Rather than changing you to our normal partner/associate 2019 rates, which would be $430 for me and $295 for our associate Natalie Molz, I asked for and received approval to simply change my rate to the 2016 Selective partner rate that you were paying Mike ($350), and moving Natalie up to the 2019 Selective associate rate of $275.  Can you please let me know by reply email if these rates are acceptable to you?  Feel free to give me a call if you have any questions.

Best,

Siobhan

**Siobhan K. Cole**
1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.6891 | Fax 215.864.7123
coles@whiteandwilliams.com | whiteandwilliams.com

**Confidentiality Notice:** This e-mail message and any documents accompanying this e-mail transmission contain information from the law firm of White and Williams LLP which is privileged and confidential attorney-client communication and/or work product of counsel. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of any action in reliance on the contents of this e-mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

# EXHIBIT "N"

**From:** Cole, Siobhan
**Sent:** Tuesday, January 15, 2019 3:39 PM
**To:** billy@crawlspacedoors.com
**Subject:** Discovery Order on Appeal and Rates

Billy:

Attached is a statement of reasons that Magistrate Judge Williams finally issued in response to Judge Simandle's order directing her to explain her reasoning on the old motion to compel your communications with the engineers. Now we need to re-file our actual appeal, but that shouldn't be too difficult since we already drafted it once.

Also attached is a rate-change letter. Our executive committee brought it to my attention that the rates you are being charged are still the negotiated Selective rate from three years ago and they are requiring that they be increased. Rather than changing you to our normal partner/associate 2019 rates, which would be $430 for me and $295 for our associate Natalie Molz, I asked for and received approval to simply change my rate to the 2016 Selective partner rate that you were paying Mike ($350), and moving Natalie up to the 2019 Selective associate rate of $275. Can you please let me know by reply email if these rates are acceptable to you? Feel free to give me a call if you have any questions.

Best,

Siobhan

**Siobhan K. Cole**
1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.6891 | Fax 215.864.7123
coles@whiteandwilliams.com | whiteandwilliams.com

**Confidentiality Notice:** This e-mail message and any documents accompanying this e-mail transmission contain information from the law firm of White and Williams LLP which is privileged and confidential attorney-client communication and/or work product of counsel. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this e-mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.



**Siobhan K. Cole**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.6891 | Fax 215.789.7532
coles@whiteandwilliams.com | whiteandwilliams.com

January 15, 2019

By E-Mail

William G. Sykes, President
Crawl Space Door System, Inc.
3700 Shore Drive #101
Virginia Beach, VA  23455

RE:  Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc.

Dear Billy:

We are enclosing our proposed 2019 hourly billing rates for the partners, counsel, associates and
paralegals who work on the legal matters we are handling on your behalf.  As has been our practice, we
have tried to hold these increases down as much as possible, in order to continue to provide substantial
value to our clients.  At the same time, we have been confronted with a number of increased costs in areas
such as compensation, insurance and health benefit expenses.  Since, as a law firm, such a high proportion
of our costs consist of our human capital, we are more impacted by increases in compensation and health
insurance costs than some other businesses may be.

To a great extent, these rate increases are being reviewed by, and mandated by, firm management, in an
effort to insure that appropriate and equitable rate increases are implemented on a firm-wide basis.

We believe that our rates continue to be lower than those charged by comparable, peer group firms, and we
continue to strive to provide true value for our clients both in the way we staff the matters which you
entrust to us, and in the expertise possessed by our lawyers.  The work we do for you is very significant to
us, and we look forward to continuing to serve you.

Please give me a call if you have any questions concerning the enclosed rates.  These rates will take effect
January 1, 2019

Very truly yours,

WHITE AND WILLIAMS LLP

Siobhan K. Cole

File No. 1474001-28

Crawl Space Door System, Inc.
2019 Billing Rates

|  | Per Hour |
|---|---|
| Siobhan K. Cole (Partner) | $350.00 |
| Natalie Molz (Associate) | $275.00 |
| Paralegals | $120.00 |

22165774v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| SMART VENT PRODUCTS, INC.,<br><br>            Plaintiff,<br><br>        v.<br><br>CRAWL SPACE DOOR SYSTEM, INC.,<br><br>        Defendant. | Civil No. 13-5691-JBS-KMW |

## STATEMENT OF REASONS AND SUPPLEMENTAL ORDER

This matter is before the Court on the Honorable Jerome B. Simandle's October 9, 2018, Order granting Defendant Crawl Space Door System, Inc.'s motion to appeal this Court's March 28, 2018, Discovery Order and remanding the motion to the undersigned for the entry of a statement of reasons and an appropriate order. [Dkt. No. 158]. In the March 28, 2018, Discovery Order, this Court concluded that Defendant's communications with engineers concerning the amended certifications that Defendant created as a result of the permanent injunction entered by Judge Simandle are relevant and ordered Defendant to produce same. [Dkt. No. 133]. The Court ordered Defendant to produce its communications with engineers concerning the amended certifications for the following reasons[1]:

- The amended certifications are relevant to the claims and defenses in this case in that they were prepared in response to Judge Simandle's decision on the permanent injunction;

---

[1] Regrettably, especially in light of the contentiousness of the parties, the Court did not conduct this discovery conference on the record and is therefore limited in its reasoning to its recollection and the letters of counsel (Dkt. Nos. 130 and 131).

- The amended certifications bear directly on Defendant's compliance with the permanent injunction. As such, the communications that formed the basis of the creation of the amended certifications, which appear on Defendant's website, are discoverable in that they demonstrate whether or not Defendant revised same to comply with the findings of Judge Simandle in his entry of the permanent injunction;
- The amended certifications are also relevant because Plaintiff contends that the amended certifications misrepresent the performance of Defendant's flood vents (*see* Dkt. No. 130 at 3), which also informs Plaintiff's alleged damages as they relate to the permanent injunction; and
- The Court rejects Defendant's bald assertion of the work product doctrine because Defendant did not, as it must, set forth with any specificity information to support the application of the doctrine. *See Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 306 (D.N.J. 2008) ("The party asserting work product protection bears the burden to show the doctrine applies."); consequently,

IT IS this **8th** day of **January 2019** hereby

**ORDERED** that as stated in this Court's March 28, 2018, Discovery Order [Dkt. No. 133], the communications related to certifications created by Defendant as a result of the permanent injunction entered by Judge Simandle are relevant and Defendant is therefore required to produce same.

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Jerome B. Simandle

2