IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : : | |
| *Plaintiff*, | : : | CIVIL ACTION |
| v. | : : | Case No. 2:21-cv-05476-GAM |
|  | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : : : | |
| *Defendant*. | : : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Crawl Space Door System, Inc. ("CSD"), by counsel, submit this response and memorandum in opposition to the Plaintiff Philadelphia Professional Collections, LLC's ("PPC's") Motion for Summary Judgment and in support of CSD's Motion for Summary Judgment.

Because the facts and law supporting both CSD's Motion for Summary Judgment (filed concurrently with this Memorandum) and its opposition to PPC's Motion for Summary Judgment are substantially the same, CSD provides its presentation of facts, law, and argument in this Memorandum in support of both.[1]

---

[1] CSD is not required to file a cross-motion for summary judgment but does so in an abundance of caution. "Where one party has invoked the power of the court to render a summary judgment against an adversary, Fed.R.Civ.P. 54(c) and 56, when read together, give the court the power to render a summary judgment for the adversary if it is clear that the case warrants that result, even

I.  **ARGUMENT**

   **A. Summary Judgment in Favor of CSD is a Foregone Conclusion.**

   **1. Summary.**

PPC's case is doomed at this point because it demanded trial by jury but has failed to identify an expert or provide an expert opinion as to the reasonableness and necessity of the fees it seeks to recover. PPC has also provided nothing more than unsupported allegations to the Court for consideration of its MSJ, and has failed to plead, let alone support in the record, the essential elements on which it has the burden for trial by jury. Those elements are missing from the record and nothing in the record before the Court on PPC's Motion for Summary Judgment provides any support for those elements. The lack of an expert alone is fatal in that "[w]hen a jury, rather than a judge, is to make the determination of the reasonableness and necessity of [legal fees], expert testimony is required as to the value of the services rendered." *Jacoby v. Aristone*, 2020 WL 5095499 at *9 (E.D.Pa. Aug. 28, 2020), *citing Black v. Stephens*, 662 F.2d 181, 201 (3d Cir. 1981).[2]

PPC has therefore "[d]eprived [itself] of the ability to prove causation or damages [and] summary judgment in favor of [CSD] is a foregone conclusion." *Ace Pallet Corp. v. Consolidated Rail Corp.*, 764 Fed.Appx. 197, 198-99 (3d Cir. 2019).

   **2. Analysis.**

The initial burden (on CSD's Motion for Summary Judgment) is on CSD to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catreet*, 477 U.S. 317, 330 (1986)

---

though the adversary has not filed a cross-motion for summary judgment." *Peiffer v. Lebanon School Dist.*, 673 F.Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted).

[2] PPC has not withdrawn its demand for a jury, nor can it unless CSD consents. *Bro-Tech v. Thermax, Inc.*, 2009 WL 737349, *2 (E.D. Pa. March 19, 2009), *citing* Fed. R. Civ. P. 38(d).

(citations omitted). CSD can meet this burden by "pointing out to the district court [ ] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Celotex*, 477 U.S. at 325.

Putting aside the fact that PPC nowhere alleges that the fees sought are reasonable[3] or necessary, PPC has the burden at trial to prove the reasonableness and necessity of the fees sought. "An attorney has the burden of proof as to the reasonableness of his fee when he sues to recover from his client." *McKenzie Const., Inc. v. Maynard*, 758 F.3d 97, 100 (3d Cir. 1985). PPC must show this through expert testimony. *Jacoby*, 2020 WL 5095499 at *9. Because the burden of persuasion at trial is on PPC, CSD satisfies Fed. R. Civ. P. 56's burden of production by demonstrating "that [PPC's] evidence is insufficient to establish an essential element of [PPC's] claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting).

It is axiomatic that where a claim requires expert testimony, summary judgment "for lack of an expert witness" is appropriate. *Kuhar v. Petzl Co.*, 2022 WL 1101580, *5-6 (3d. Cir. Apr. 13, 2022). *See, e.g., Boyd v. City of Phila.*, 2020 WL 1531454, *11 (E.D. Pa. March 31, 2020) (without an expert opinion plaintiff failed to establish a *prima facie* case for medical malpractice and summary judgment was granted); *Woelpper v. Scott Aviation*, 1991 WL 183774, *2 (E.D. Pa., Sept. 12, 1991) ("if the plaintiff is unable to establish the elements [of its claims] without offering expert testimony, summary judgment is appropriate"); *Hodge v. Caterpillar, Inc.*, 1992 WL 98415, *3 (E.D. Pa., Apr. 30, 1992) ("[n]otwithstanding [plaintiff's] allegation and the provisions of the Court's scheduling order, plaintiff . . 'offered neither competent evidence nor expert testimony to

---

[3] The only reference to the reasonableness of the fees sought is in PPC's Complaint, where PPC states that "[t]he fair and reasonable value of the legal services provided by W&W to Defendant, and for the associated costs and expenses incurred on Defendant's behalf, is $670,077.93." ECF 1, ¶. There is no support for this allegation anywhere else in the record nor in anything supporting PPC's Motion for Summary Judgment.

establish the essential elements . . . [and] [p]laintiff's failure to do so" entitled the defendant to summary judgment."). Summary judgment evidence relating to damages that require expert testimony but are unsupported by expert testimony is ". . . insufficient to establish that plaintiff suffered any actual harm. . ." *Jacob's Limousine Transportation, Inc. v. City of Newark*, 2016 WL 8679243, *15 (D.N.J. June 10, 2016).

Nothing in the facts of this case or in the law shifts PPC's burden onto CSD such that CSD is responsible for disproving what PPC cannot prove. PPC has no expert and no evidence, controverted or uncontroverted, proving the elements of its case and summary judgment in favor of CSD is therefore a "foregone conclusion."

It is also worth noting that PPC did not reserve the issue of liability for the jury and the issue of the damages for the Court. Fed. R. Civ. P. 38(c) provides: "(c) Specifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable." *See, e.g., Bro-Tech Corp. v. Thermax, Inc.*, 2009 WL 737349, *2, n.13 (E.D. Pa. March 19, 2009). It is therefore not for the Court to make any determination as to the damages sought, only whether CSD (or PPC) is entitled to summary judgment. The Court "cannot, without the consent of the parties, substitute its judgment for that of the jury on the issue of just compensation." *Brewer v. Uniroyal, Inc.*, 498 F.2d 973, 976 (6th Cir. 1974).

CSD is entitled to summary judgment because PPC cannot establish the essential elements of its claim before a jury.

### B. PPC's Motion for Summary Judgment Fails Because it is Unsupported.

PPC can't prevail on its Motion for Summary Judgment even if the Court finds that CSD is not entitled to summary judgment, and it fails for principally the same reasons that CSD is

entitled to summary judgment: PPC's motion is unsupported because PPC has deprived itself of the ability to prove its case at trial through expert testimony.

A motion for summary judgment must be properly supported. As noted above, where a claim requires expert testimony, summary judgment for lack of an expert witness is appropriate.

Plaintiff's Motion for Summary Judgment is premised upon two assertions; one of procedure and one of law. The first assertion is that CSD, having failed to provide an expert report within the time provided for by the Court's Scheduling Order (ECF. 11) in support of its position that PPC's claim for unpaid legal bills includes amounts billed for that PPC is not entitled to recover, cannot provide any evidence in defense against PPC's claim at trial. This is bolstered by the Court's Order of September 14, 2022 (ECF 22) that CSD is precluded from putting on evidence in support of its defense against PPC's claim. The second assertion is that, since CSD is precluded from putting on a defense, PPC is entitled to Summary Judgment based upon its assertion that there are, therefore, no facts in dispute.

PPC's Motion is fatally flawed. First, as noted above PPC bears the burden of proving the reasonableness and necessity of the fees sought and has provided nothing other than unsupported allegations. PPC is not entitled to the conclusion that it has made a *prima facie* case simply because it made allegations; it still must prove those allegations and the damages sought. And the preclusion of any factual evidence by CSD as to the excessiveness of the billing does nothing to alleviate PPC of its burden. PPC's position would impermissibly shift the burden to CSD to disprove what PPC cannot prove as a matter of law.

In the face of PPC's Motion for Summary Judgment, this alone is sufficient to create a genuine issue of material fact to warrant denial of PPC's Motion.

Second, as noted above because PPC's claims are being decided by a jury, PPC must show the reasonableness and necessity of the fees sought through expert testimony. *Jacoby*, 2020 WL 5095499 at *9). By its own admission, PPC is precluded from submitting expert testimony as the deadline for identification of an expert and disclosure of an expert opinion have long since passed, and it chose not to identify an expert or provide an expert report. ECF 23, p. 12.

There are, therefore, no facts that PPC has provided to prove those elements upon which PPC has the burden. The Court cannot substitute its analysis and opinion for the jury's with regards to the reasonableness and necessity of the fees sought, and PPC's claims require expert testimony which it chose not to provide.

PPC was also on notice of the need for expert testimony. In its Motion, PPC cites specifically to the deposition transcript of William Sykes where Sykes noted that their billing for legal fees would require expert analysis:

> Q. And did you have discussion with someone at that point as to the reasonableness of the bills or the accuracy of the bills?
> A. Yes, I had some. A friend of mine that is an accountant and he looked at it. **And he said that somebody would have to be an expert in this kind of bills**. (emphasis added).

ECF 23, p. 7.

Mr. Sykes was deposed on June 17, 2022. ECF 23, p. 7. The Court's Scheduling Order (ECF 11) Ordered that factual discovery was to be completed by June 8, 2022, and that PPC had thirty (30) days from that date to identify an expert (July 8, 2022), and thirty (30) days from that date to provide an expert report (August 8, 2022 after extending a day for the deadline falling on a Sunday). Despite having demanded trial by jury, the deadlines in the Court's Scheduling Order, and being placed on notice during Mr. Sykes's deposition that expert testimony was expected, PPC failed to identify an expert or provide an expert report within the deadlines.

PPC has admitted, without explanation, that it did not identify an expert. ECF 23, p. 12. As noted above, this failure deprives PPC of the support that is required for a summary judgment motion to be granted. PPC has not provided support to make a *prima facie* showing of its claims, and cannot be awarded summary judgment by arguing that CSD cannot disprove claims that PPC cannot prove.

## II. CONCLUSION

There is no dispute as to any material facts. PPC has claimed that CSD owes it attorneys' fees and demanded a jury trial. PPC has failed to procure an expert required under the law to prove the reasonableness and the need for the attorneys fees. PPC is therefore unable to meet its burden of proof and cannot prevail on its claims against CSD. Furthermore, for those very same flaws, PPC's Motion for Summary Judgment is unsupported and therefore fails as a matter of law.

WHEREFORE Defendant Crawl Space Door System, Inc. prays this Court:

1. Deny Plaintiff Philadelphia Professional Collection, LLC's Motion for Summary Judgment with prejudice;

2. Grant Crawl Space Door System, Inc.'s Summary Judgment, with prejudice; and

3. Other such relief as the Court may deem proper.

PATTEN, WORNOM, HATTEN, &
DIAMONSTEIN, P.C.

By: /Duncan G. Byers/_____
Duncan G. Byers, Esq.
(Pro Hac Vice) Virginia Bar No. 48146
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Ste 300
Newport News, VA 23602
Email: dbyers@pwhd.com

        cveals@pwhd.com
Tel: (757) 223-4500
Fax: (757) 249-1627
*Counsel for Defendant*

By: /Casey Green
Sidkoff, Pincus & Green (PA Bar No: )
1101 Market Street
Suite 2700
Philadelphia, PA 19107
cg@sidkoffpincusgreen.com
Tel: (215)574-0600
*Local Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to:

Farzana Islam, Esquire
White and Williams LLP
*Attorneys for Plaintiff*
*Philadelphia Professional Collections, LLC*
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Islamf@whiteandwilliams.com