**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC,<br><br>                                      *Plaintiff*,<br><br><br>                  v.<br><br><br>CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC.,<br><br>                                      *Defendant*. | :<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:   Case No. 2:21-cv-05476-GAM<br>:<br>:<br>:<br>:<br>:<br>: |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff's Motion for Sanctions Under Rule 37(b) And/Or This Court's Inherent Authority Due to Crawl Space's Misconduct, and any response thereto, it is hereby ORDERED that said Motion is GRANTED.

It is FURTHER ORDERED that:

(1) An entry of default judgment is entered against Defendant Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. in the amount of _____, exclusive of prejudgment interest and fees;

(2)  Defendant is ordered to pay all attorneys' fees and costs that Plaintiff Philadelphia Professional Collections, LLC has incurred since **July 5, 2022**.

                                        BY THE COURT:

                                        _____

                                        McHugh, J.

29819817v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : |
| *Plaintiff*, | : |
| | : |
| v. | : CIVIL ACTION |
| | : Case No. 2:21-cv-05476-GAM |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : |
| | : |
| *Defendant*. | : |
| | : |

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37

Plaintiff Philadelphia Professional Collections, LLC, by and through its undersigned counsel, hereby moves the Court to enter default judgment against Defendant Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc., pursuant to Federal Rule of Civil Procedure 37. The grounds for this motion are set forth in Plaintiff's Memorandum of Law, which is incorporated herein.

Date: November 4, 2022

WHITE AND WILLIAMS LLP

By:_____

Peter J. Mooney, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections, LLC*
1650 Market Street
Suite 1800
Philadelphia, PA 19103
(215) 864-7164

29819817v.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | Case No. 2:21-cv-05476-GAM |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**PLAINTIFF PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>SANCTIONS PURSUANT TO FED. R. CIV. P. 37</u>**

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND ............................................................................2

III.    LEGAL STANDARD.........................................................................................4

IV.     ARGUMENT .......................................................................................................6

      A.      The Relevant Factors Under Poulis Compel Default Judgment. ............................6

            1.      Crawl Space is personally responsible........................................................6

            2.      PPC has been substantially prejudiced. ....................................................7

            3.      Crawl Space Has a History of Dilatoriness................................................9

            4.      Crawl Space's conduct is willful and in bad faith. ..................................11

            5.      Default Judgment is the only effective sanction. ......................................12

            6.      PPC's claims should be deemed meritorious.............................................13

      B.      PPC is Entitled To An Award of Fees And Costs. ................................................14

V.      CONCLUSION..................................................................................................15

29819817v.1

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund,
  29 F.3d 863, 874 (3d Cir. 1994) .................................................................................9

Am. Motors Ins. Co. v. Beaver,
  1994 U.S. Dist. LEXIS 15618 (E.D. Pa. Nov. 2, 1994) ...........................................5

Anchorage Assoc. v. V.I. Bd. of Tax Review,
  922 F.2d 168 (3d Cir. 1990) .....................................................................................5

Bowers v. Nat.'l College Athletic Ass'n,
  475 F.3d 524, 538 (3d Cir. 2007) .............................................................................5

Briscoe v. Klaus,
  538 F.3d 252 (3d Cir. 2008) ...........................................................................6, 9, 11

Deitrick v. Costa,
  2014 U.S. Dist. LEXIS 183443 (Md. Pa. Dec. 11, 2014) ........................................8

Global Creditors Corp. v. Diamond Logistics, Inc.,
  2014 U.S. Dist. LEXIS 118227 (D.N.J. Aug. 6, 2014) ..........................................12

Hayes v. Nestor,
  2013 U.S. Dist. LEXIS 130678 (D. N.J. Sep. 12, 2013) ........................................11

Klehr, Harrison, Harvey, Branzburg & Ellers LLP v. Spencer Trask Specialty
  Group, LLC,
  2009 U.S. Dist. LEXIS 93506 (E.D. Pa. Oct. 6, 2009) ...........................................6

Miller v. Thompson-Walk,
  2019 U.S. Dist. LEXIS 83249 (W.D. Pa. May 17, 2019) .........................................5

Nike USA, Inc. v. Off. Unlimited Inc.,
  2022 U.S. Dist. LEXIS 73657 (E.D. Pa. Apr. 21, 2022) ........................................11

Pelino v. Gilmore,
  2020 U.S. Dist. LEXIS 89784 (W.D. Pa. May 21, 2020) .........................................5

Plumbers Union Local No. 690, 2009 U.S. Dist. LEXIS 74381 at *3 (E.D. Pa.
  Aug. 20, 2009) ........................................................................................................12

Poulis v. State Farm Fire and Cas. Co.,
  747 F.3d 863 (3d Cir. 1984) ...................................................................5, 6, 7, 12, 13

-ii-

Rhoads Indus. v. Bldg. Materials Corp. of Am.,
    254 F.R.D. 216 (E.D. Pa. 2008)....................................................................8

Rhone-Poulenc Rorer Inc. v. Home Indem. Co.,
    32 F.3d 851 (3d Cir. 1994)..........................................................................8

Roman v. City of Reading,
    121 Fed. App'x 955 (3d Cir. 2005).............................................................11

Scarborough v. Eubanks,
    747 F.2d 871 (3d Cir. 1984)........................................................................7

Styer v. Frito-Lay, Inc.,
    2015 U.S. Dist. LEXIS 33466 (M.D. Pa. Mar. 18, 2015)...........................4

Tillio v. Mendelsohn,
    256 F. App'x 509 (3d Cir. 2007) .................................................................6

United States v. Forrest,
    2022 U.S. Dist. LEXIS 28240 (M.D. Pa. Feb. 16, 2022) .........................12

Ware v. Rodale Press, Inc.,
    322 F.3d 218 (3d Cir. 2003)........................................................................7

West Coast Quartz Corp. v. M.E.C. Tech, Inc.,
    2017 U.S. Dist. LEXIS 71403 (D.N.J. May 9, 2017) ...............................11

Williams-Leste,
2017 U.S. Dist. LEXIS 14851, at *5 (E.D. Pa. Feb. 1, 2017) .......................12

## OTHER AUTHORITIES

Fed. R. Civ. P. 26...........................................................................................4, 8

Fed. R. Civ. P. 30.............................................................................................4

Fed. R. Civ. P. 37 .....................................................................................*passim*

Plaintiff, Philadelphia Professional Collections, LLC ("PPC"), by and through its undersigned counsel, moves for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure and this Court's inherent power to punish contumacious discovery conduct and prevent the perpetration of a fraud upon the court.  PPC's Motion seeks an Order entering default judgment against Crawl Space on all claims asserted.  PPC additionally requests an Order compelling Crawl Space to pay for all fees and costs it has incurred since July 5, 2022.

## I.   **INTRODUCTION**

Throughout the discovery process, Crawl Space has engaged in misconduct by: (1) failing to produce any relevant documents and evidence; and (2) defying this Court's September 14, 2022, Order in which the Court directed that:

> Because the Defendant has asserted attorney-client privilege, it must certify in writing whether or not any discovery was withheld on that basis, and if so, must within fourteen (14) days of this Order provide a privilege log.

ECF 22.  In the same Order, the Court ruled that:

> By virtue of Defendant's representations and response to Plaintiff's motion, ECF 21, Defendant is necessarily precluded from presenting any factual evidence at trial in support of its contention that billing was excessive.

ECF 22 at n.1.  To date, Crawl Space has produced neither a certification (which it cannot do, since materials were clearly withheld on the basis of privilege) nor a privilege log in accordance with the Order, despite already suffering consequences from its failure to make timely discovery.

Moreover, Crawl Space repeatedly represented in its minimal discovery responses that any alleged deficiencies in W&W's billing would be identified in an expert report, to be delivered within "a couple weeks" of the June 15, 2022 discovery responses and Mr. Sykes' June 17,2022

-1-

deposition. Nonetheless, Crawl Space never produced the promised expert report, and Sykes testified that if the expert did not identify any deficiencies, "I have no defense." <u>See</u> Deposition Testimony of William Sykes, at 42:2-13, Exhibit "A" hereto. Given Crawl Space's utter failure to provide even a single document, or support its decision to withhold documents, PPC moves for sanctions, pursuant to Rule 37(b) and seeks all fees and costs incurred by PPC as a result of Crawl Space's willful disregard of the discovery process.

## II.    <u>FACTUAL BACKGROUND</u>

PPC alleges in this matter that Crawl Space owes PPC $670,077.93 plus interest for legal fees and costs incurred in White and Williams LLP's representation of Crawl Space in the New Jersey federal litigation captioned <u>Smart Vent Products, Inc. v. Crawl Space Door System, Inc.,</u> Docket No. 1:13-cv-05691-JVS-JKW (the "Litigation"). <u>See</u> Plaintiff's Complaint, attached hereto as Exhibit "B". Following unsuccessful efforts to collect fees due, W&W assigned all rights and claims against Crawl Space to PPC. <u>See</u> Assignment Agreement, attached here to as Exhibit "C".

On November 23, 2021, PPC filed its Complaint against Crawl Space in the Philadelphia Court of Common Pleas, November Term 2021, No. 001950. The Complaint asserts claims for breach of contract (the Engagement Letter) and unjust enrichment. <u>See</u> Exhibit B at 8-10. In response, Crawl Space removed the matter to this Court and, following an unsuccessful motion to transfer the matter to the District of New Jersey, filed its Answer on December 28, 2021 (ECF 3).[1] Crawl Space stated in its Answer:

> 14. Admitted that W&W performed services as it was obligated to perform. It is denied that W&W performed all services to which it

---

[1] On June 2, 2022, Crawl Space filed a second motion to transfer venue, this time to the District Court for the Eastern District of Virginia. ECF 13. The Court denied this motion by Order on June 3, 2022. ECF 14. In denying the second motion to transfer, this Court expressly acknowledge Crawl Space's engagement in forum shopping. <u>Id</u>. at 2.

> was required and/or requested by defendant to perform in connection with counterclaims that defendant had and were or should have been asserted in the litigation.

ECF 3 at 2.  Thereafter, PPC served written discovery upon Crawl Space.  See PPC's First Set of Interrogatories and Requests for Production of Documents, attached hereto as Exhibit "D".  Crawl Space served responses and objections to the discovery on June 15, 2022.  See Crawl Space's Responses to PPC's First Set of Interrogatories and Requests for Production, attached hereto as Exhibit "E".  In response to Interrogatory No. 1 asking for the identity of all persons who have knowledge of facts relating to claims and defenses in the litigation, Crawl Space identified William Sykes, Crawl Space's President, and "counsel, staff and employees of White and Williams who worked in [sic] the case in New Jersey", adding that "any others are legal counsel."  Id. at 2.  However, Crawl Space did not provide the identities of "legal counsel" and produced no documents in response to PPC's requests.

Additionally, Crawl Space changed course from its Answer in response to the Complaint by stating, for the first time, "that W&W overcharged and double billed for work they performed." Id.  However, Crawl Space did not produce any documents evidencing such a claim.  Instead, Crawl Space promised that "the information about overbilling" would be produced "in a few weeks" and noted the existence of at least some communications withheld as privileged, such as communications with an individual named Matthew Earle.  Id. at 3-4.

Having received nothing in the way of documents or meaningful interrogatory responses, PPC issued a detail deficiency letter to Crawl Space on July 5, 2022.  See July 5, 2022 Deficiency Letter, attached hereto as Exhibit "F".  After receiving no response whatsoever, PPC was forced to file a Motion to Compel Discovery (ECF 19), on August 23, 2022.  In its September 14, 2022 ruling on the Motion (ECF 22), the Court directed Crawl Space to either certify that it was

-3-

29819817v.1

withholding no documents on the basis of the attorney-client privilege or produce a privilege log by September 28, 2022.  Following inquiries from counsel for PPC, counsel for Crawl Space confirmed on October 24, 2022 that it would not provide any privilege log.  No further reasoning was provided, and counsel for Crawl Space did not provide any certification pursuant to the Court's Order.  See October 24, 2022 E-mail Correspondence, attached hereto as Exhibit "G".

## III.   <u>LEGAL STANDARD</u>

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to assess sanctions in connection with discovery violations and disobedience of court orders, among other things.  Rule 37(b) is entitled "Failure to Comply with a Court Order."  Rule 37(b)(2), entitled "Sanctions Sought in the District Where the Action is Pending," provides:

> (A) for not obeying a discovery order.  If a party or a party's officer, director or managing agent – or a witness designated under Rule 30 (b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a) the court where the action is pending may issue further just orders.  They may include the following:

> (i)  Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii)  Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii)  Striking pleadings in whole or in part;

> (iv)  Staying further proceedings until the order is obeyed;

> (vi)  Rendering a default judgment against a disobedient party;

"Rule 37(b)(2) specifically provides for several sanctions, including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt."  <u>Styer v. Frito-Lay, Inc.</u>, 2015 U.S. Dist. LEXIS 33466, at *8 (M.D. Pa.  Mar. 18, 2015)

(citations omitted).  Federal district courts have very broad discretion to use sanctions to ensure compliance with court orders. Miller v. Thompson-Walk, 2019 U.S. Dist. LEXIS 83249, at *25 (W.D. Pa. May 17, 2019).  As previously noted:

> The ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court.

See Pelino v. Gilmore, 2020 U.S. Dist. LEXIS 89784, at *10 (W.D. Pa. May 21, 2020); Bowers v. Nat.'l College Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007).  Further, it is well-settled that the Court is permitted, under appropriate circumstances, to exercise its discretion to control its docket by imposing the ultimate sanction of dismissal or default for a party's failure to comply with discovery orders or to otherwise unjustifiably delay disposition of the action. Am. Motors Ins. Co. v. Beaver, 1994 U.S. Dist. LEXIS 15618, at *7 (E.D. Pa. Nov. 2, 1994).

In determining whether to grant a default judgment as a sanction under Rule 37, the Court must consider the factors set out in Poulis v. State Farm Fire and Cas. Co., 747 F.3d 863, 868 (3d Cir. 1984); Anchorage Assoc. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 (3d Cir. 1990) (observing that Poulis factors may be appropriate when default judgment sanctions are imposed under Federal Rules of Civil Procedure 37(b)(2)). When determining whether dismissal is the appropriate sanction for a discovery violation, courts in the Third Circuit consider several factors:

> (1) The extent of the party's personal responsibility;
>
> (2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3)  A history of dilatoriness;
>
> (4)  Whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5)  The effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and

(6)  The meritoriousness of the claim or defense.

See Poulis, 747 F.3d at 868.  See Klehr, Harrison, Harvey, Branzburg & Ellers LLP v. Spencer

Trask Specialty Group, LLC, 2009 U.S. Dist. LEXIS 93506, at *11-12 (E.D. Pa. Oct. 6, 2009).

The Poulis factors do not constitute a bright-line rule, nor is there a "magic formula or [a]

mechanical calculation to determine whether a District Court abused its discretion in dismissing a

plaintiff's case." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).  While "no single Poulis

factor is dispositive, . . . not all of the Poulis factors need be satisfied in order to dismiss a

complaint." Id.  The Third Circuit has frequently sustained such dismissal orders where there has

been a pattern of dilatory conduct by a litigant who is not amenable to any lesser sanction.  See

e.g., Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007).  Each of the Poulis factors supports

default judgment here, for the reasons discussed more fully-below.

## IV.   ARGUMENT

### A.    The Relevant Factors Under Poulis Compel Default Judgment.

#### 1.    Crawl Space is personally responsible.

The first factor "is a question of whether a party caused a delay as opposed to whether

counsel for the party is responsible.  See Briscoe, 538 F.3d at 258-59.  In Poulis, the Third Circuit

distinguished between a party's responsibility for delay and counsel's responsibility by noting that

the party's counsel "acknowledged the delays were his responsibility," and caused by personal

illness and family matters. Poulis, 747 F.2d at 868.  As such, the Court concluded that the personal

responsibility factor did not weigh in favor of dismissal.  Id.  Here, Crawl Space's failure to

cooperate in discovery is attributable, at least in part, to its corporate representative and owner Mr.

Sykes.  Although Mr. Sykes failed to verify Crawl Space's interrogatory responses, he was surely

aware of the documents and information sought as evidenced by his deposition testimony.  See Exhibit "A" at 52-55.

Moreover, there is no indication here that Mr. Sykes is unaware of the Court's September 14, 2022 Order compelling the production of a privilege log, or a certification stating that no documents have been withheld on the basis of privilege.  Indeed, following inquiries from PPC's counsel, counsel for Crawl Space affirmatively stated its intention not to comply with the Court's Order without providing any further explanation.  At best, such a decision was made by Crawl Space on advice of counsel.  However, it is evident that Crawl Space's noncompliance is knowing and willful.

### 2.    PPC has been substantially prejudiced.

Crawl Space's failure to meaningfully participate in the discovery process has resulted in substantial prejudice to PPC.  Prejudice to the adversary is a particularly important factor in the Poulis analysis, and evidence of "true prejudice . . . bear[s] substantial weight in support of a dismissal."  Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984).  Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  Id.  In the discovery context, prejudice includes the deprivation of information, costs incurred obtaining court orders to force compliance with discovery, and the burden imposed by impeding a party's ability to adequately prepare for trial. Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). A party need not show "irremediable harm" for the prejudice to weigh in favor of dismissal.  Id.  An inability to prepare "a full and complete trial strategy is sufficiently prejudicial." Id.

It is undisputed that Crawl Space did not provide a single document in response to PPC's various discovery requests.  Instead, Crawl Space indicated that at least some documents and

information responsive to PPC's requests were protected from disclosure as privileged.  In such cases, the rules of civil procedure expressly recognize that a privilege log provides sufficient information to assess the applicability of the privilege or protection.  See Fed. R. Civ. P. 26(b)(5). The necessity of a privilege log is significant, given the long-standing rule that "[a] litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer."  Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 864 (3d Cir. 1994).

Without a privilege log created and produced in compliance with Rule 26, PPC cannot determine: (1) what communications have been identified as allegedly privileged; (2) which individuals made "privileged" statements; (3) whether privilege has been waived by disclosure to third parties; (4) whether documents and information have been withheld without basis; and (4) whether production of documents improperly marked as privileged must be compelled.  In essence, it is impossible to determine whether Crawl Space has withheld discoverable information and documents under the guise of privilege.  In addition to frustrating PPC's ability to determine whether additional witnesses with relevant information exist, Crawl Space has prejudiced PPC's ability to examine documents that may bear on Crawl Space's claims regarding the legitimacy of White and Williams' bills.[2]  It is well-established that "a finding of true prejudice bears substantial weight in support of dismissal."  Deitrick v. Costa, 2014 U.S. Dist. LEXIS 183443, at *32 (Md. Pa. Dec. 11, 2014).  Similarly, a finding of prejudice here bears substantial weight supporting default judgment against Crawl Space.

---

[2] It bears noting that courts in this Circuit may find waiver of privilege when a party fails to timely disclose a privilege log pursuant to a Court-ordered deadline. See generally Rhoads Indus. v. Bldg. Materials Corp. of Am., 254 F.R.D. 216, 221 (E.D. Pa. 2008) (collecting cases discussing waiver of privilege for failure to produce a privilege log by "the court's ordered date").  As such, PPC is now in a position where documents and information, previously withheld as privileged, may be discoverable despite Crawl Space's objections.

### 3.    Crawl Space Has a History of Dilatoriness.

Crawl Space's noncompliance with the Court's September 14, 2022 Order also warrants default judgment because there is a history of dilatoriness on Crawl Space's part. The Third Circuit has noted that "extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent nonresponse to interrogatories, or consistent tardiness in complying with court orders." <u>Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994). "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" <u>Briscoe</u>, 538 F.3d at 261. A party's problematic acts must be evaluated in light of its behavior over the life of the case. <u>Adams</u>, 29 F.3d at 875. Here, Crawl Space's continuous efforts to stymie litigation and flout its discovery obligations is apparent from the record.

Following PPC's initial filing of the Complaint, Crawl Space moved unsuccessfully to transfer this action to the District of New Jersey, without basis, and later filed an unsuccessful and equally baseless motion to transfer the case to the Eastern District of Virginia. ECF Nos. 5, 13. Thereafter, Crawl Space failed to meaningfully engage in the discovery process by providing virtually <u>no</u> documents or information in response to PPC's various requests. As previously noted by PPC in its August 23, 2022 Motion to Compel (ECF. 19), the extent of Crawl Space's participation in the discovery process has been in providing incomplete responses to PPC's written interrogatories, and/or objections on the basis of "privilege". Despite PPC's detailed request for supplementation on **July 5, 2022**, Crawl Space never provided any further information or a single document to support its claims, which shifted from W&W's failure to render all legal work requested (as pled in its Answer) to vague allegations of overbilling.

Following PPC's efforts to compel discovery, Crawl Space continued to maintain that relevant documents and information were seemingly forthcoming (ECF. 21). To clarify Crawl

Space's vague and unsupported defenses, PPC expended additional time and resources in deposing

Mr. Sykes, who did not provide any meaningful information to indicate that Crawl Space's

defenses are anything but frivolous.   Instead, Mr. Sykes only reiterated that relevant evidence

supporting Crawl Spaces defenses *may* exist:

> Q: So as of today has any expert reviewed this bill for reasonableness?
>
> A: No, but I am looking to find an expert to do that. And we'll name it and give you his report.
>
> Q: Is it your understanding that there was double billing contained in this invoice?
>
> A: I am not sure if it is this invoice or other ones, but some of the-- on the line items they are really hard to figure out.
>
> . . .
>
> Q: Are you aware of any instances in which White and Williams charged for work that it did not do?
>
> A: I am not, but that is what we are going to hire an expert for to be able to write a report and then come to the court hearing.
>
> . . .
>
> Q: In paragraph 20 in the answer filed in the case brought by PPC paragraph 20 says W&W failed to perform all of the work that was needed and or requested by defendant in the litigation. And I am just trying to pin down exactly what in your mind was the work that was needed or requested and not done by W&W.
>
> A: I think, again, I am going to have to rely on the expert witness. And what if he comes back and says everything he did was correct then I don't have a defense.

Exhibit "A" at 16:2-10; 18:18:23; 41:2-12.  Nonetheless, the information referenced by Mr. Sykes

was never provided, and Crawl Space failed to provide any "expert" analysis by the Court's August

8, 2022 deadline.  Now, Crawl Space flouts this Court's September 14, 2022 Order – a move that

is unsurprising and warrants default judgment given Crawl Space's history of dilatoriness.

-10-

### 4.    Crawl Space's conduct is willful and in bad faith.

Under this factor, the District Court must consider whether the conduct was 'the type of willful or contumacious behavior which was characterized as flagrant bad faith.'" <u>Briscoe</u>, 538 F.3d at 262.  Willfulness involves "intentional or self-serving behavior," rather than behavior that is "merely negligent or inadvertent."  <u>Id.</u>  Generally, willfulness or bad faith exists "where no reasonable excuse for an attorney's conduct exists." <u>West Coast Quartz Corp. v. M.E.C. Tech, Inc.</u>, 2017 U.S. Dist. LEXIS 71403, at *5-6 (D.N.J. May 9, 2017) (citations omitted).  "[W]here the record is unclear as to whether a party [or attorney] acted in bad faith, a consistent failure to obey orders of the court, at the very least, renders a party, or attorney's, actions willful for the purposes of the fourth Poulis factor." <u>Hayes v. Nestor</u>, 2013 U.S. Dist. LEXIS 130678, at *5 (D. N.J. Sep. 12, 2013) (citations omitted).  Further, "[w]illfulness and bad faith can be inferred from the totality of the record."  A defendant's failure to respond to plaintiff's discovery requests "bears on this factor." <u>Nike USA, Inc. v. Off. Unlimited Inc.</u>, 2022 U.S. Dist. LEXIS 73657, at *23 (E.D. Pa. Apr. 21, 2022) (inferring willfulness and bad faith where defendant disregarded discovery requests and subsequent Court order for compliance).

As noted above, there is no doubt that Crawl Space is aware of its obligations under the September 14, 2022 Order, where Crawl Space affirmatively decided to defy the Court's Order and not provide any privilege log.  As noted above, Crawl Space's own discovery responses, and Mr. Sykes's testimony, imply that at least some communications withheld as privileged do exist. <u>See</u> Exhibit "A" at 15:9-20; 53:13-25.  Nonetheless, absolutely no reasoning was given for Crawl Space's decision not to provide any privilege log – nor was any certification provided regarding the existence of privileged documents.  <u>See</u> <u>Roman v. City of Reading</u>, 121 Fed. App'x 955, 960

(3d Cir. 2005) ("absence of reasonable excuses may suggest that the conduct was willful or in bad faith.").

Over a month has passed since the Court's deadline – given Crawl Space's general unwillingness to provide PPC with necessary information throughout the discovery process, it is evident that this is yet another self-serving tactic to hinder PPC's access to relevant documents and information.

<strong>5.    Default Judgment is the only effective sanction.</strong>

Before entering a default judgment, the fifth <u>Poulis</u> factor requires that the Court consider the feasibility and effectiveness of alternative sanctions. <u>Poulis</u>, 747 F.2d at 868.  For example, in addition to a default judgment, Fed. R. Civ. P. 37(b)(2) lists other possible sanctions such as directing that certain matters or facts be taken as established, that the disobedient party be prohibited from supporting or opposing certain claims or defenses, the pleadings be stricken, or that the case be stayed until the court's order is obeyed.  <u>See United States v. Forrest</u>, 2022 U.S. Dist. LEXIS 28240, at *12-13 (M.D. Pa. Feb. 16, 2022).  However, this Court has previously noted that a party's "lack of effort" in explaining noncompliance may warrant default judgment.  <u>See Plumbers Union Local No. 690</u>, 2009 U.S. Dist. LEXIS 74381 at *3 (E.D. Pa. Aug. 20, 2009). Similarly, a defendant's "consistent disregard for its responsibility to participate actively in the case" may warrant default.  <u>See</u> <u>e.g.</u>, <u>Global Creditors Corp. v. Diamond Logistics, Inc</u>., 2014 U.S. Dist. LEXIS 118227, at *12 (D.N.J. Aug. 6, 2014); <u>Williams-Leste</u>, 2017 U.S. Dist. LEXIS 14851, at *5 (E.D. Pa. Feb. 1, 2017) ("[B]ecause [defendant] refuses to participate in the litigation, default judgment is the only effective sanction.").

As discussed more fully above, Crawl Space has indicated a clear unwillingness to participate in the discovery process, without explanation.  Moreover, a "lesser" sanction, such as

-12-

preclusion of evidence, would not deter or remedy the harm caused by Crawl Space's numerous attempts to evade its obligations where this Court has already precluded Crawl Space from presenting any factual evidence at trial in support of its defense that W&W's billing was excessive (ECF. 22).  Staying the case would also be ineffective, where it would only further delay the litigation process and deprive PPC of expedient resolution of a straight-forward claim. Having failed to respond to PPC's discovery requests, having disregarded an order from this Court, and having failed to otherwise proffer any evidence in support of its defenses, it is apparent that any alternative sanctions against Crawl Space would be fruitless.

### 6.      PPC's claims should be deemed meritorious.

Lastly, PPC's claim is meritorious.  "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70.  Here, PPC's alleges that Crawl Space engaged W&W to perform legal services on behalf of Defendant in connection with the Litigation. The Engagement Letter executed by both parties expressly noted adjusted hourly rates for W&W's attorneys, and Crawl Space was invoiced regularly for legal services rendered.  Nonetheless, Crawl Space accrued an outstanding balance of $670,077.93, which it failed to make payment on.

Moreover, Crawl Space does not dispute that the parties had an agreement that W&W rendered legal services in connection with the Litigation, and that Crawl Space failed to make payments to W&W.  Crawl Space also cannot dispute that W&W successfully defended it against Smart Vents and obtained a sizeable award on Crawl Space's counterclaims against same.  Instead, Crawl Space (seemingly) alleges that it breached the Engagement Letter because W&W overbilled and the legal fees at issue were not "reasonable."  However, Crawl Space never pled (or provided) any factual basis for its defense.  As such, PPC's pleadings, if established at trial, would

-13-

undoubtedly demonstrate that: (1) Crawl Space materially breached the Engagement Letter by failing to make payment to W&W for legal fees; or (2) Crawl Space's failure to pay W&W for the legal services it provided, and for the associated costs and expenses W&W incurred on his behalf, caused Crawl Space to be unjustly enriched at the expense of W&W.

PPC also notes that Crawl Space has filed a frivolous cross-motion for summary judgment claiming that PPC must produce an expert witness because this is a jury trial and not a bench trial. This is demonstrably wrong.  As is clear from PPC's Complaint and Crawl Space's Answer, PPC did not demand a jury and neither did Crawl Space.  The docket notes that this is a jury trial only because Crawl Space incorrectly checked the box, in its removal papers, indicating that a jury demand was made in in the PPC state court Complaint.  It was not.[3]  Thus, the Complaint contains meritorious claims.  Entry of a default judgment against Crawl Space under Rule 37(b)(2) is just and appropriate here.

### B.    PPC is Entitled To An Award Of Fees And Costs.

Crawl Space's failure to abide by this Court's September 14, 2022 Order also warrants an award of fees and costs for PPC.  Rule 37(b)(2) expressly states:

> the court shall require the party failing to obey the order [compelling discovery] or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2) (emphasis added).  Here, it is undisputed that Crawl Space invoked the attorney-client privilege in response to several discovery requests propounded by PPC.  It is also undisputed that Crawl Space's failure to provide a privilege log, despite this Court's Order, was

---

[3] PPC will address this point further in its Opposition to Crawl Space's Cross-Motion for Summary Judgment to be filed on November 4, 2022.

intentional.  Given Crawl Space's discovery responses imply that at least some documents and information were withheld on the basis of privilege, it can only be assumed that Crawl Space has failed to provide a privilege log *and* failed to provide a certification regarding privileged documents in its possession in order to evade its discovery obligations.

As discussed more fully above, PPC has been prejudiced by Crawl Space's continuous efforts to withhold relevant documents and information.  Despite PPC's detailed correspondence on July 5, 2022, Crawl Space failed to supplement its discovery responses in any manner.  Given this is the second time PPC has come to this Court with respect to the issue, PPC respectfully requests an award of reasonable expenses, including attorney's fees, caused by Crawl Space's disregard of its discovery obligations.

## V.   <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, PPC prays this Honorable Court enter default judgment against Crawl Space on the breach of contract claim and award PPC its reasonable attorney's fees and costs.

**WHITE AND WILLIAMS LLP**

By: _____

Peter J. Mooney, Esquire
Farzana Islam, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections, LLC*
1650 Market Street
Suite 1800
Philadelphia, PA 19103
(215) 864-7164

Date:  November 4, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : |
| *Plaintiff*, | : |
| | : |
| | :   CIVIL ACTION |
| v. | :   Case No. 2:21-cv-05476-GAM |
| | : |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : |
| | : |
| *Defendant*. | : |
| | : |

## <u>CERTIFICATE OF SERVICE</u>

I, Peter J. Mooney, Esquire, hereby certify that on November 4, 2022, I caused a true and correct copy of the foregoing Plaintiff Philadelphia Professional Collections, LLC's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 to be electronically filed and served via the Court's electronic filing system upon the parties registered to receive electronic filings.  Parties may access this filing through the Court's CM/ECF system.

**WHITE AND WILLIAMS LLP**

By:_____
Peter J. Mooney, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections, LLC*
1650 Market Street
Suite 1800
Philadelphia, PA 19103
(215) 864-7164

-16-

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | |
| *Plaintiff*, | : | |
|  | : | CIVIL ACTION |
| v. | : | Case No. 2:21-cv-05476-GAM |
|  | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| *Defendant*. | : | |

## CERTIFICATE OF NON-CONCURRENCE

I, Peter J. Mooney, Esq., counsel for Plaintiff Philadelphia Professional Collections, LLC,

hereby certify that I communicated with Duncan Byers, counsel for Defendant, Crawl Space Door

System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space"), by email on October 25,

2022 and received an email from Mr. Byers confirming that Crawl Space will not produce a

Privilege Log.  <u>See</u> Exhibit A attached hereto.

Dated:  November 4, 2022

Respectfully submitted,

By: _____

Peter J. Mooney, Esquire
White and Williams LLP
*Attorneys for Plaintiff*
*Philadelphia Professional Collections, LLC*
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-7164

29831732v.1

# EXHIBIT   A

Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
 2                         -  -  -
    PHILADELPHIA PROFESSIONAL      :  CIVIL ACTION
 3  COLLECTIONS, LLC              :  Case No.:
                                  :  2:21-cv-05476-GAM
 4              Plaintiff,         :
                                  :
 5              vs.               :
                                  :
 6  CRAWL SPACE DOOR SYSTEM, INC. :
    d/b/a CRAWL SPACE DOOR        :
 7  SYSTEMS, INC.                 :
                                  :
 8              DEFENDANT.         :

 9                         -  -  -

10              Friday, June 17, 2022

11                         -  -  -

12              Oral deposition of WILLIAM SYKES, was

13  taken by video conference commencing at 10:00 a.m.,

14  and reported stenographically by Dominique R.

15  Caputo, Professional Court Reporter and Notary

16  Public.

17                         -  -  -

18

19

20

21

22

23

24

25
```

1    Q    Have you ever had a discussion with Ms.

2    Cole about problems with the content of the bills in

3    terms of too much time being charged or double

4    billing or billing for work not done?

5    A    I did not discuss it with her, no.

6    Q    Did you discuss it with anyone?

7    A    Not until the lawsuit that you filed

8    against Crawl Space.

9    Q    And you are referring to the case that was

10   started in the Philadelphia Court of Common Pleas by

11   Philadelphia Professional Collections?

12   A    Yes.

13   Q    And did you have discussions with someone

14   at that point as to the reasonableness of the bills

15   or the accuracy of the bills?

16   A    Yes, I had some.  A friend of mine that is

17   an accountant and he looked at it.  And he said that

18   somebody would have to be an expert in this kind of

19   bills.  I am going to have to get an expert to go

20   through it.

21   Q    And did you do that?

22   A    Not yet, but we are going to hire one.

23   Q    Okay.  Now, this bill is dated--

24   A    7/18/2019.

25   Q    2019?

```
1        A     Yes.
2        Q     So as of today has any expert reviewed
3   this bill for reasonableness?
4        A     No, but I am looking to find an expert to
5   do that.  And we'll name it and give you his report.
6        Q     Is it your understanding that there was
7   double billing contained in this invoice?
8        A     I am not sure if it is this invoice or
9   other ones, but some of the-- on the line items they
10  are really hard to figure out.
11              You know, I think one of them was
12  like twenty hours to prepare a letter.  It is
13  different things.  But I am-- the expert is the one
14  that is going to have to pick that out and go
15  through these in detail.
16       Q     So as of today you haven't received advice
17  from an expert that the bills were containing double
18  billing or charges for work not done or otherwise
19  higher than they should be?
20       A     Correct.
21       Q     Did you have any discussions with Mr.
22  Onufrak about this or was he out of the picture as
23  of the date of this invoice?
24       A     He was out of the-- I think he was out of
25  the picture.  You can, you know, scroll back and if
```

1   going to borrow money and pay.  And I made an offer.

2   It was a low offer.  That was after, you know, the

3   work was done and I had the bill.

4       Q    Okay.  So the expert is or will review the

5   bills and identify any issues that he or she may

6   find in them and communicate that to you; that is

7   your expectation?

8       A    Yes, sir.

9       Q    From your perspective leaving aside the

10  issue of available funds, do you have an

11  understanding today as to why these bills weren't

12  paid?

13      A    Well, they weren't paid because we didn't

14  have that kind of money at that time.

15      Q    Would you have paid them otherwise?

16      A    If it was-- if it was a reasonable amount

17  that we could have paid, yes.

18      Q    Are you aware of any instances in which

19  White and Williams charged for work that it did not

20  do?

21      A    I am not, but that is what we are going to

22  hire an expert for to be able to write a report and

23  then come to the court hearing.

24      Q    Well, there are statements in your answer

25  to the effect that White and Williams did not do all

```
 1   BY MR. MOONEY:
 2        Q    In paragraph 20 in the answer filed in the
 3   case brought by PPC paragraph 20 says W&W failed to
 4   perform all of the work that was needed and or
 5   requested by defendant in the litigation.  And I am
 6   just trying to pin down exactly what in your mind
 7   was the work that was needed or requested and not
 8   done by W&W.
 9        A    I think, again, I am going to have to rely
10   on the expert witness.  And what if he comes back
11   and says everything he did was correct then I don't
12   have a defense.
13        Q    And at that point Crawl Space would pay
14   the bill?
15        A    Crawl Space isn't financially able to pay
16   everything that's owed right now.
17        Q    But putting that aside, Crawl Space would
18   acknowledge that it owes that money?
19        A    If that's what my expert witness turns out
20   in his report, correct.
21        Q    Was there a firm by the name of Hunton
22   Williams involved at all in assisting in the New
23   Jersey litigation?
24        A    I remember talking to them for some
25   reason, but I don't remember.  I don't know if I
```

Deposition of William Sykes

Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.

1  talked to them about the antitrust.  They are a

2  local firm and I did hire them for something, but I

3  can't remember what it was.

4      Q    Was it to review the expert reports that

5  were being developed in the case by Crawl Space?

6      A    I wouldn't think I would have hired

7  somebody to review the expert reports, but then I

8  can't remember what I hired them for.

9      Q    Did they ultimately provide work product

10 to Crawl Space or an opinion as to damages or the

11 appropriateness of them?

12     A    I don't think so.  I think I hired them to

13 look at something, but I can't remember what it was.

14 But I didn't continue to hire them.

15     Q    Yeah.

16     A    But I can't remember why I asked them.  I

17 mean, early on in the case I was concerned about the

18 antitrust.  And I might have gone to them and asked

19 them because I'm in a Smart Vent suit.  Everybody in

20 the field and the other companies went out of

21 business and White and Williams fought to keep me in

22 business.

23     Q    Okay.  But did you consider when the fee

24 case was filed did you consider bringing White and

25 Williams into that piece of litigation this case?

```
 1        A     Does his letter tell us anything?  That's
 2   not a letter.  That's a--
 3              MR. MOONEY:  Yeah.  Yeah.  Can I see
 4        exhibit 17 please.
 5                         - - -
 6        Exhibit 17 was marked for identification.
 7                         - - -
 8   BY MR. MOONEY:
 9        Q     Mr. Sykes, this is the responses and
10   objections filed by Crawl Space to PPC's first set
11   of interrogatories just to orient you.  Have you
12   seen these before?
13        A     Yes.  The interrogatories, yes.
14        Q     Okay, can you scroll down another page
15   please?  And another page.  And you can see in
16   response to interrogatory number one which asks for
17   the identity of people who know about the claims or
18   defenses in the litigation.  And it identifies you,
19   counsel, staff and employees of White and Williams
20   who worked on the case in New Jersey.  And it says
21   any others are legal counsel.  And here, I guess,
22   you are referring to Mr. Byers for instance?
23        A     Correct.
24        Q     And then B-- for B, small B, it says W&W
25   overcharged and double billed for work they
```

```
 1   performed.  And I am wondering without the expert
 2   report that you referred to how did you conclude
 3   that White and Williams overcharged and double
 4   billed?
 5        A    Just going through the invoices myself I
 6   felt they did.  I felt that there was some
 7   overcharging, but since I am not an expert I am
 8   going to hire an expert to do it.
 9        Q    So the answer here is it's based on your
10   thinking after reviewing the bills that you got
11   toward the end of the matter?
12        A    Yes.
13        Q    Can I have the next page please?  All
14   right.  Well, number two is self-explanatory.  And
15   number three says state the full basis for your
16   claim that W&W failed to perform all the work that
17   was needed and or requested by Crawl Space in
18   connection with the litigation.
19             And the response is W&W overcharged
20   and double billed for work they performed.  The
21   information about the overbilling will be produced
22   by our expert witness or witnesses in a few weeks.
23   So that's consistent with what you said earlier that
24   you have an expert looking at this?
25        A    Yes.
```

1          MR. MOONEY:  And number four is the same.

2     Can I see the next page please?  And can I have

3     the next page after that please?  Okay.  Next,

4     if I can have exhibit 18.

5          This is Crawl Space's responses to a

6     request for production of documents that was

7     served upon Crawl Space's attorney.

8          Can you scroll down please to number one?

9     It's probably a fair amount of prefatory

10    material.  All right, there we are.

11                    - - -

12    Exhibit 18 was marked for identification.

13                    - - -

14  BY MR. MOONEY:

15       Q     First it says all documents and

16  communications relied upon by you in responding to

17  PPC's first set of interrogatories.  And the answer

18  is none other than the billing records of W&W

19  already in the possession of W&W.

20       A     Correct.  That's basically what this case

21  is about is the billing records.

22       Q     And is there anyone else at Crawl Space

23  who participated in the review of the bills or it

24  was just you and-- do you recall?

25       A     Just me.

```
 1            MR. BYERS:  Just to make sure that I have
 2       got this on the record, as we have discussed
 3       there are some documents that, you know, having
 4       just gotten in this, I need to go through.
 5            And we may be supplementing not the answer
 6       to this one, but other requests for production
 7       in the request.
 8   BY MR. MOONEY:
 9       Q    Okay.  And number three it says all
10   documents and communications between you and any
11   person on your behalf and any individual regarding
12   W&W's alleged failure to provide all legal services
13   requested by you.  And there the answer is none
14   other than counsel.  Is that-- does that mean none
15   other than Mr. Byers?
16       A    Correct.
17            MR. MOONEY:  All right.  Could you scroll
18       down to the next page please?
19            MR. BYERS:  To be clear, that may also
20       cover communications with Mr. Folkman as well.
21            MR. MOONEY:  Okay.
22            MR. BYERS:  Which also would be privileged
23       of course.
24            MR. MOONEY:  Okay.  Could you scroll down
25       to the next page.  This is the last.
```

# EXHIBIT   B

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2021**

E-Filing Number: 2111048409

**001950**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS LLC | CRAWL SPACE DOOR SYSTEM, INC., ALIAS: CRAWL SPACE DOOR SYSTEMS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| ONE LIBERTY PL  SUITE 1900 1650 MARKET ST PHILADELPHIA PA 19103 | 3700 SHORE DRIVE, STE. #101 VIRGINIA BEACH VA 23455 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☐ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☒ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

CASE TYPE AND CODE

1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY NOV 23 2021 M. RUSSO | IS CASE SUBJECT TO COORDINATION ORDER? YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>PHILADELPHIA PROFESSIONAL COLLECTIONS LLC</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FARZANA ISLAM | WHITE AND WILLIAMS, LLP ONE LIBERTY PLACE, SUITE 1800 1650 MARKET STREET PHILADELPHIA PA 19103 |
| **PHONE NUMBER**  (215)864-7018 | **FAX NUMBER**  (215)399-9617 | |
| SUPREME COURT IDENTIFICATION NO. 323427 | E-MAIL ADDRESS islamf@whiteandwilliams.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY *FARZANA ISLAM* | DATE SUBMITTED Tuesday, November 23, 2021, 06:18 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

_____ 1.   Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

**X** 2.   Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

_____    a.   Uniform Commercial Code transactions;

_____    b.   Purchases or sales of business or the assets of businesses;

_____    c.   Sales of goods or services by or to business enterprises;

_____    d.   Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

_____    e.   Surety bonds;

_____    f.   Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

_____    g.   Franchisor/franchisee relationships.

_____ 3.   Actions relating to trade secret or non-compete agreements;

_____ 4.   "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____ 5.   Actions relating to intellectual property disputes;

_____ 6.   Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____ 7.   Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

_____ 8.   Actions relating to corporate trust affairs;

_____ 9.   Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

_____ 10.  Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

**WHITE AND WILLIAMS LLP**
BY:  Farzana Islam, Esquire
Identification No. 323427
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
(215) 864-7018
islamf@whiteandwilliams.com

Attorneys for Plaintiff
Philadelphia Professional
Collections, LLC

*Filed and Attested by the
Office of Judicial Records
23 NOV 2021 06:18 pm
M. RUSSO*

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC<br>1650 Market Street<br>Suite 1800<br>Philadelphia, PA 19103 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. |
|                    Plaintiff,<br><br>    v.<br><br>CRAWL SPACE DOOR SYSTEM, INC., D/B/A<br>CRAWL SPACE DOOR SYSTEMS, INC.<br>3700 Shore Drive, Ste. #101<br>Virginia Beach, VA 23455<br><br>                  Defendant. | |

## NOTICE

    YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Philadelphia Bar Association Lawyer Referral and Information Service
Philadelphia, Pennsylvania 19107
(215) 238-6333/TTY (215) 451-6197**

Case ID: 211101950

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333/TTY (215) 451-6197**

2

Case ID: 211101950

**WHITE AND WILLIAMS LLP**
BY:   Farzana Islam
Identification No(s). 323427
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
(215) 864-7018
islamf@whiteandwilliams.com

Attorneys for Plaintiff
Philadelphia Professional
Collections, LLC

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC<br>1650 Market Street<br>Suite 1800<br>Philadelphia, PA 19103 : : : : : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS<br><br>NO. |
| Plaintiff, : : : | |
| v. : : : | |
| CRAWL SPACE DOOR SYSTEM, INC., D/B/A CRAWL SPACE DOOR SYSTEMS, INC.<br>3700 Shore Drive, Ste. #101<br>Virginia Beach, VA 23455 : : : : : : | |
| Defendant. : : | |

## COMPLAINT

Plaintiff Philadelphia Professional Collections, LLC, by and through its undersigned counsel, for its Complaint against Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc., alleges as follows:

## THE PARTIES

1.    Plaintiff Philadelphia Professional Collections LLC ("Plaintiff" or "PPC") is a Pennsylvania limited liability company with a principal place of business located at 1650 Market Street, Suite 1800, Philadelphia, Pennsylvania 19103.

3

2.      Defendant Crawl Space Door System, Inc., d/b/a Crawl Space Door Systems, Inc., ("Defendant" or "Crawl Space") is a corporation organized under the laws of the State of Virginia, with a principal place of business at 3700 Shore Drive, Ste. #101, Virginia Beach, Virginia 23455.

### JURISDICTION AND VENUE

3.      Jurisdiction and venue are proper in this Court because the transactions and/or occurrences giving rise to this cause of action occurred in Philadelphia County, Pennsylvania.

4.      Specifically, William Sykes, President of Crawl Space, contacted Michael N. Onufrak, a former partner located in the Philadelphia office of White and Williams, LLP ("W&W"), and requested that W&W represent Crawl Space in litigation pending before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.*, Docket No. 1:13-cv-05691-JBS-JKW (the "Litigation").

5.      Prior to engaging in legal services, Mr. Onufrak sent Defendant an engagement letter for the Litigation from W&W's Philadelphia office.  A copy of the engagement letter, dated October 14, 2015 (the "Engagement Letter"), is attached hereto as **Exhibit A**.

6.      Defendant signed the Engagement Letter and returned it to Mr. Onufrak.

7.      Thereafter, various attorneys in W&W's Philadelphia office rendered services on behalf of W&W to Defendant for the Litigation.

### FACTS

8.      PPC is the assignee of W&W as to any accounts, accounts receivable, claims, or causes of action that W&W has, or had, against the Defendant.

9.      On or about October 14, 2015, Defendant engaged W&W to perform legal services on behalf of Defendant in connection with the Litigation.

4

10.     Specifically, Defendant sought representation in a matter pending before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.*, Docket No. 1:13-cv-05691-JBS-JKW (the "Litigation").

11.     As set forth in the parties' Engagement Letter, Defendant agreed that W&W would be paid for its legal services on an hourly basis.  As expressly noted by Mr. Onufrak:

> W&W charges for its services on an hourly basis.  The rates set forth herein are less than we typically would charge for a case like this one but the rates were adjusted downward to fit within the fee structure acceptable to Selective Insurance Company of America, your carrier . . . My adjusted hourly rate is $350 per hour.  Associates in our Commercial Litigation group who may be assisting me in the handling of this matter have adjusted hourly rates of $225-245. Paralegals have the adjusted rate of $100 per hour.

**Ex. A at 2.**

12.     William Sykes, President of Crawl Space, signed the Engagement Letter on behalf of Defendant.

13.     Upon information and belief, Mr. Sykes is also a licensed attorney.

14.     Throughout the Litigation, W&W defended Crawl Space against unfair competition, negligent misrepresentation, and federal trademark infringement claims alleged by its competitor, Smart Vent Products, Inc.  W&W also rendered services in furtherance of all counterclaims and eleven affirmative defenses on Crawl Space's behalf.

15.     The Litigation proceeded to trial for three weeks between October 7, 2019 and October 29, 2019.  There, the jury found in favor of Crawl Space with respect to its defenses and counterclaims and awarded $300,000 in damages.

5

16.     Thereafter, W&W filed all appropriate post-trial motions on behalf of Defendant and a Notice of Appeal to the United States Court of Appeals for the Third Circuit challenging the damages award, the denial of Crawl Space's request for attorneys' fees, and Crawl Space's post-trial motion for sanctions.

17.     On or about October 20, 2020, Crawl Space retained the legal services of Mr. Matthew Z. Earle, an attorney unaffiliated with W&W.

18.     Upon information and belief, Crawl Space and Smart Vent Products, Inc. settled the Litigation after retaining Mr. Earle.

19.     Crawl Space refused to disclose the amount of settlement to W&W.

20.     W&W performed all legal services required of it pursuant to the agreement with Defendant, including but not limited to representing Crawl Space in pre-trial litigation, at trial, and in post-trial litigation between October 2015 and October 2020.

21.     On or about June 4, 2021, W&W informed Crawl Space of the outstanding balance of $670,077.93 due for legal services rendered by W&W pursuant to the agreement with Crawl Space.  See **Exhibit B.**

22.     Following Defendant's nonpayment of the $670,077.93, W&W assigned all of its rights and claims (the "Assignment") against Defendant Crawl Space to PPC.  A true and accurate copy of the Assignment is attached as **Exhibit C.**

<u>**COUNT ONE – BREACH OF CONTRACT**</u>

23.     PPC incorporates by reference as if fully set forth herein all of the averments of the preceding paragraphs of this Complaint.

24.     Defendant agreed to pay for legal services provided by W&W in connection with the Litigation in accordance with the parties' agreement.

6

25.     Despite demand, Defendant has failed and refused to make full payment of the amounts owed to W&W.

26.     In breach of Defendant's agreement with W&W, Defendant has failed and refused to pay for legal services invoiced by W&W pursuant to the agreement, which amount totals $670,077.93, exclusive of interest.

27.     Pursuant to W&W's assignment, PPC is entitled to recover all amounts owed by Defendant to W&W.

28.     WHEREFORE, Plaintiff Philadelphia Professional Collections LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crawl Space in the amount of $670,077.93, together with interest, costs, and such further relief as the Court deems just and proper.

## COUNT TWO – UNJUST ENRICHMENT

29.     Plaintiff incorporates by reference as if fully set forth herein all of the averments of the preceding paragraphs of this Complaint.

30.     Alternatively, beginning on or about October 14, 2015, at Defendant's request, W&W performed legal services for Defendant and incurred costs and expenses on Defendant's behalf in connection with the Litigation.

31.     Defendant knowingly accepted and benefited from the legal services provided by W&W, and from the associated costs and expenses W&W incurred on Defendant's behalf, without paying for the aforementioned legal services, costs or expenses.

7

Case ID: 211101950

32.     Defendant's failure to pay W&W for the legal services it provided, and for the associated costs and expenses W&W incurred on his behalf, caused Defendant to be unjustly enriched, at the expense of W&W, under circumstances which would make it inequitable for Defendant to have obtained the benefit of such services without payment for their value.

33.     The fair and reasonable value of the legal services provided by W&W to Defendant, and for the associated costs and expenses incurred on Defendant's behalf, is $670,077.93.

34.     Pursuant to W&W's assignment, PPC is entitled to recover all such amounts owed by Defendant.

WHEREFORE, Plaintiff Philadelphia Professional Collections LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crawl Space in the amount of $670,077.93, together with interest, costs, and such further relief as the Court deems just and proper.

WHITE AND WILLIAMS LLP

BY: *Farzana Islam*

Farzana Islam, Esquire
*Attorneys for Plaintiff,*
*Philadelphia  Professional  Collections*
*LLC*

Dated:  November 23, 2021

8

Case ID: 211101950

## <u>VERIFICATION</u>

I, Peter J. Mooney, Esquire, hereby verify that I am the President of Philadelphia Professional Collections LLC, that I am authorized to make this Verification on its behalf, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements made therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____

Peter J. Mooney, President

Dated:  November 23, 2021

9

Case ID: 211101950

## CERTIFICATE OF SERVICE

I, Farzana Islam, Esq., hereby certify that on this 23rd day of November 2021, I caused a

true and correct copy of the foregoing Complaint to be served on Defendant by way of the Court's

ECF System and by First Class U.S. Mail as follows:

CRAWL SPACE DOOR SYSTEM, INC., D/B/A
CRAWL SPACE DOOR SYSTEMS, INC.
3700 Shore Drive, Ste. #101
Virginia Beach, VA 23455

WHITE AND WILLIAMS LLP

BY: _____
Farzana Islam, Esquire
*Attorneys for Plaintiff,*
*Philadelphia Professional Collections*
*LLC*

27309040v.1

Case ID: 211101950

# EXHIBIT A

 **White** and **Williams** LLP

**Michael N. Onufrak**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7174 | Fax 215.789.7674
onufrakm@whiteandwilliams.com | whiteandwilliams.com

October 12, 2015

By E-Mail – billy@crawlspacedoors.com
William G. Sykes, President
Crawl Space Door System, Inc.
3700 Shore Drive #101
Virginia Beach, VA 23455

RE: Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc.
   No. 1:13-cv-05691-JBS-JKW
   Selective Claim No. 21365766

Dear Mr. Sykes:

Thank you for giving White and Williams LLP ("W&W") the opportunity to replace Rivkin Radler and represent Crawl Space Door System, Inc. ("Crawl Space") (hereinafter "Client") as counsel, in litigation pending in the United States District Court for the District of New Jersey (Camden) entitled Smart Vent Products, Inc. v. Crawl Space Door System, Inc., etc. ("Litigation"). Your insurance carrier Selective Insurance Company of America authorized White and Williams to represent your company on the counterclaim but only to the extent it buttresses the defense of Smart Vent's claim. I understand you will hire your own counsel, probably Dean E. Weisgold, P.C., to assist White and Williams in handling the counterclaim in the event it is necessary for something to be done on the counterclaim that does not necessarily buttress the defense of plaintiff's case-in-chief or if White and Williams withdraws if Selective ceases to pay defense costs. Examples of tasks that might be performed by co-counsel on the counterclaim would be development of a damages theory beyond the amount demanded by plaintiff in its case-in-chief or pursuit of punitive damages. This letter will serve to follow up on our conversation concerning White and Williams LLP ("W&W") providing legal services to Crawl Space.

For the sake of clarity, and as required by the Rules of Professional Conduct, I will set forth in this letter the understanding between W&W and Crawl Space with respect to our ongoing representation. If there is any portion of this letter which is unclear, I ask that you please give me a call so that we can go over it together.

16059038v.1

Case ID: 211101950

William G. Sykes, President
October 12, 2015
Page 2

W&W charges for its services on an hourly basis. The rates set forth herein are less than we typically would charge for a case like this one but the rates were adjusted downward to fit within the fee structure acceptable to Selective Insurance Company of America, your carrier which is defending Crawl Space under a reservation of rights letter. My adjusted hourly rate is $350 per hour. Associates in our Commercial Litigation group who may be assisting me in the handling of this matter have adjusted hourly rates of $225 - $245. Paralegals have the adjusted rate of $100 per hour. I will remain the primary attorney in charge of the litigation. Please be assured that it is W&W's practice to assign tasks in the most efficient and economic manner possible under the circumstances. Our hourly rates may be adjusted from time to time, normally at the end of each calendar year, but the rates which I have given to you will remain in place through calendar year 2016.

Charges are also made for expenditures incurred on behalf of Clients, including filing fees, photocopying, long distance telephone, excess postage, clerical overtime, computer research, travel costs and the like. Our statements for services rendered usually are provided monthly, covering time recorded through the previous month, plus disbursements, and are payable upon presentation.

It is W&W's practice on assuming representation of a new Client to request a retainer, in this case in the amount of $ - 0 -, be forwarded to us. The amount of our billings will be deducted from the retainer which Client has provided to us and we may request that you replenish the retainer up to the level of $ - 0 -, on a monthly basis. This retainer does not represent the total fees anticipated to complete this matter, but will be applied against our bills as they are submitted. Obviously, if our representation is concluded at a point when the retainer has not been fully utilized, we will either hold the remaining balance as a credit against future services, or refund the remaining balance, as you direct.

All billing will be sent to Selective and payment will be made by Selective. In the event that Selective ceases its defense of Crawl Space, then, after reasonable notice to Crawl Space, White and Williams will seek to withdraw as counsel for Crawl Space unless Crawl Space agrees to post a retainer satisfactory to White and Williams at that time.

We understand that all communication concerning this representation will, until we are instructed otherwise, be through you, and that correspondence and billing statements with respect to this matter should be addressed to you at the above address.

Under our standard representation procedures, W&W may discontinue its representation of Client if an invoice is not paid within 30 days of mailing, or if the retainer, when requested, is not forthcoming. If it becomes necessary to discontinue our representation, W&W will be relieved of any further obligations to Client. Moreover, in the event that we are representing Client in any litigation at such time as our invoices remain unpaid, Client agrees that W&W may immediately withdraw as counsel by filing the appropriate motion or praecipe for withdrawal as required by the Court.

16059038v.1

William G. Sykes, President
October 12, 2015
Page 3

As with all representations of this type, we believe it essential that all parties continue to feel comfortable and confident in the arrangement. Accordingly, you should feel free to terminate our engagement at any time (subject to the arrangement with respect to the payment of fees) and we must reserve the same right.

Please be advised that it is W&W's policy to retain Client files for a period of six (6) years after the termination of a matter, at which time the files will be destroyed. Prior to its destruction, you may forward a written request for return of the file, which we will provide at no additional cost except for postage or shipping charges, provided that all sums due and owing to W&W have been paid in full at that time. Upon closing the file, W&W will attempt to return to you any original documents contained in the file.

While I am sure that the above appears rather formal, it is our sincere desire that you clearly understand the activities involved in your representation, and our fees for services. I will be the attorney responsible for your work and for the preparation of Client's bills. We encourage you to contact us promptly if you have any concerns or questions about any aspects of our services or our bills.

We appreciate your giving us the opportunity to represent you, and certainly look forward to serving you on an ongoing basis.

Very truly yours,

WHITE AND WILLIAMS LLP

Michael N. Onufrak

MNO:med

Cc: David G. Hahn, Esq. (Via E-Mail – David.hahn@selective.com)

The above terms are understood and agreed to:

APPROVED:

CRAWL SPACE DOOR SYSTEM, INC.

SELECTIVE INSURANCE COMPANY OF AMERICA

By: _William G. Sykes_
    William G. Sykes, President

BY: _David G. Hahn_
    David G. Hahn, Complex Claims Counsel
    Corporate Claims

DATE: _10/14/2015_

DATE: _10|14|15_

16059038v.1

# EXHIBIT B



**Peter J. Mooney**

1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7164 | Fax 215.789.7664
mooneyp@whiteandwilliams.com | whiteandwilliams.com

June 4, 2021

**VIA E-MAIL**

William G. Sykes, President
Crawl Space Door Systems, Inc.
5741 Bayside Road #105
Virginia Beach, VA 23455

RE:   **Outstanding Accounts Receivable Owed to White and Williams LLP –**
      **Crawl Space Door Systems, Inc.**

Dear Mr. Sykes:

I am the person at White and Williams, LLP tasked with collecting delinquent accounts
receivable from clients. As you are probably aware, you owe White and Williams $670,077.93.

The procedure here at White and Williams, if I cannot reach an acceptable accommodation with
a client to satisfy outstanding accounts, is that the account receivable is assigned to Philadelphia
Professional Collections, LLC (**"PPC"**), a limited liability company wholly-owned by White and
Williams. PPC will then file a Complaint against the ex-client seeking to collect the outstanding
account. Although this is not my preferable resolution to any outstanding accounts with prior
clients, it is sometimes necessary. I hope that is not necessary in this case.

After receipt of this letter, kindly contact me to discuss making arrangements to pay the
outstanding account that you owe to White and Williams. If I do not hear from you on or before
the close of business on June 11, 2021, the account receivable will be assigned by White and
Williams to PPC, which will then file suit against you to collect the debt. In order to obviate the
expense, annoyance and adverse consequences of being involved in litigation, I respectfully
request that you contact me so that we can resolve this matter.

27225147v.1

Case ID: 211101950

Mr. William G. Sykes
June 4, 2021
Page 2

I am looking forward to your anticipated cooperation and I remain,

Very truly yours,

WHITE AND WILLIAMS LLP

Peter J. Mooney

PJM:vl

27225147v.1

Case ID: 211101950

# EXHIBIT C

Case ID: 211101950

## ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT is made this 2nd day of June, 2021 by White and Williams LLP, a Pennsylvania limited partnership (**"W&W"**), to Philadelphia Professional Collections LLC, a Pennsylvania limited liability company (**"PPC"**).

### BACKGROUND

A.     W&W is a Pennsylvania limited partnership engaging in the practice of law.

B.     PPC is a Pennsylvania limited liability company, engaged in the business of collecting accounts receivable and other claims of professional organizations such as law firms, accounting firms, physicians, accountants, etc.

C.     W&W desires to sell, assign, transfer and convey all of its right, title and interest, in, to and under any accounts, contract rights, claims or causes of action (collectively, **"Claims"**) that it has against Crawl Space Door Systems, Inc. to PPC.

### ASSIGNMENT

NOW, THEREFORE, W&W, intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agrees as follows:

1.     **Assignment**.  W&W hereby sells, assigns, transfers, and conveys unto PPC, all of W&W's right, title, interest and ownership of any nature whatsoever, in, to, or under any Claims which W&W has or may have against Crawl Space Door Systems, Inc. (the **"Account Debtor"**). Such assignment is non-recourse to W&W.

2.     **Assignor's Representations and Warranties**.  W&W represents and warrants to PPC that it has the right to assign the Claims hereunder, that such Claims are assigned free and clear of any liens, claims or encumbrances whatsoever in favor of any third party, and that

Case ID: 211101950

W&W has not previously pledged, assigned, sold, transferred or encumbered any of the Claims set forth herein to any other party, person or entity.  Furthermore, W&W represents and warrants that the total amount of accounts receivable due and owing by the Account Debtor to W&W is, as of June 2, 2021, $670,077.93.  W&W makes no representations or warranties whatsoever except those set forth above.

       3.       **Cooperation**.  W&W agrees to cooperate with PPC in connection with the collection of the Claims and, if necessary, to testify at any proceedings commenced by PPC to collect or otherwise satisfy same.  In addition, W&W will make its files available to PPC, if necessary, in connection with such collective activities.

       4.       **Miscellaneous**.  This Agreement constitutes the entire agreement and understanding of the parties with respect to the subject matter hereof and will be governed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

WHITE AND WILLIAMS LLP

By_____
      Andrew F. Susko, Partner

**Acceptance of Assignment:**

Philadelphia Professional Collections LLC
hereby accepts the above Assignment:

_____
Peter J. Mooney, President

EXHIBIT   C

## ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT is made this 2nd day of June, 2021 by White and Williams LLP, a Pennsylvania limited partnership (**"W&W"**), to Philadelphia Professional Collections LLC, a Pennsylvania limited liability company (**"PPC"**).

### BACKGROUND

A.      W&W is a Pennsylvania limited partnership engaging in the practice of law.

B.      PPC is a Pennsylvania limited liability company, engaged in the business of collecting accounts receivable and other claims of professional organizations such as law firms, accounting firms, physicians, accountants, etc.

C.      W&W desires to sell, assign, transfer and convey all of its right, title and interest, in, to and under any accounts, contract rights, claims or causes of action (collectively, **"Claims"**) that it has against Crawl Space Door Systems, Inc. to PPC.

### ASSIGNMENT

NOW, THEREFORE, W&W, intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agrees as follows:

1.      **Assignment**.  W&W hereby sells, assigns, transfers, and conveys unto PPC, all of W&W's right, title, interest and ownership of any nature whatsoever, in, to, or under any Claims which W&W has or may have against Crawl Space Door Systems, Inc. (the **"Account Debtor"**). Such assignment is non-recourse to W&W.

2.      **Assignor's Representations and Warranties**.  W&W represents and warrants to PPC that it has the right to assign the Claims hereunder, that such Claims are assigned free and clear of any liens, claims or encumbrances whatsoever in favor of any third party, and that

27225175v.1

W&W has not previously pledged, assigned, sold, transferred or encumbered any of the Claims set forth herein to any other party, person or entity.  Furthermore, W&W represents and warrants that the total amount of accounts receivable due and owing by the Account Debtor to W&W is, as of June 2, 2021, $670,077.93.  W&W makes no representations or warranties whatsoever except those set forth above.

3. **Cooperation**.  W&W agrees to cooperate with PPC in connection with the collection of the Claims and, if necessary, to testify at any proceedings commenced by PPC to collect or otherwise satisfy same.  In addition, W&W will make its files available to PPC, if necessary, in connection with such collective activities.

4. **Miscellaneous**.  This Agreement constitutes the entire agreement and understanding of the parties with respect to the subject matter hereof and will be governed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

WHITE AND WILLIAMS LLP

By_____
        Andrew F. Susko, Partner


**Acceptance of Assignment**:

Philadelphia Professional Collections LLC
hereby accepts the above Assignment:



_____
Peter J. Mooney, President

27225175v.1

# EXHIBIT   D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., <br><br> *Defendant*. | CIVIL ACTION <br> Case No. 2:21-cv-05476-GAM |

### PLAINTIFF PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC's
### FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT

Pursuant to Federal Rule of Civil Procedure 26 and 34, Plaintiff Philadelphia Professional Collections, LLC ("PPC"), by and through its undersigned counsel, requests defendant Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space") respond under oath to the following Requests for Production within thirty (30) days.

### DEFINITIONS AND INSTRUCTIONS

1.    "Complaint" as used herein means the civil action complaint filed by PPC and against Crawl Space and pending before the U.S. District Court for the Eastern District of Pennsylvania at Case No. 2:21-cv-05476-GAM.

2.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all possible responses.

3.    The term "all" includes the term "each," or "any," or "every," and vice versa.

4.    The terms "include" and "including" shall mean including without limitation.

28906080v.1

5. "Communication" as used herein means every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopies, emails, voicemails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda, and other Documents that contain or reflect such transmission of information.

6. The terms "Regarding," "concerning," "relating," "referring," "discussing," "containing," "identifying," "showing," "evidencing," and "providing" are used in their broadest sense and mean anything that, in whole or in part, analyzes, comments upon, concerns, contains, considers, constitutes, contradicts, comprises, deals with, describes, discusses, embodies, evidences, indicates, identifies, involves, mentions, memorializes, pertains to, provides, refers to, reflects, regards, relates to, responds to, shows, states, summarizes, supports, or is in any way factually, legally, or logically pertinent to or connected with the subject matter or topic in question, either in whole or in part.

7. "The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation all writings, drawings, graphs, charts, photographs, sound recordings, images, calendars, diaries, code books, manuals, data, and data compilations, stored in any medium, including electronically stored information and computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

8. The terms "identify," "identity," "identification," "describe," "description" or "state" shall mean to set forth every fact or document relevant to the answer, which you, your agents and/or representatives have knowledge, including, without limitation, the following:

-2-

a)       When referring to an individual, the individual's full name, present or last known home and business addresses (by street, city, state and zip code), present or last known home and business telephone numbers;

b)       When referring to a corporation, business, legal or governmental entity, the full name and address of its principal place of business and each of its other places of business, the name and address of each of the agents that acted for it with respect to matters that are relevant to the Request involved, and its relationship, if any, to you;

c)       When referring to a document, provide the information sufficient to properly identify such document in a subpoena or request for production under the applicable rules of civil procedure, including, without limitation:

      (i)       the type of document (e.g., letter, e-mail, memorandum, notes, report, facsimile, etc.);

      (ii)       the date of the document or approximate date of the document if the precise date is unknown;

      (iii)       the name of all persons who had a role in preparing, drafting or reviewing the document;

      (iv)       the name of all persons who received the document;

      (v)       the present location of the original document; and

      (vi)       the custodian of the original document.

d)       When referring to an oral statement, communication, or allegation, state:

      (i)       the date of the statement, communication or allegation;

      (ii)       the place where the statement, communication or allegation was made;

      (iii)       whether the statement, communication or allegation was made in person or by telephone;

-3-

       (iv)    the substance of the statement, communication or allegation;

       (v)    each person who was present during, or who participated in, the statement, communication or allegation; and

       (vi)    whether or not you have a written, mechanical or electronic record of such statement or communication.

    e)    When referring to any act, state:

       (i)    the date of such act;

       (ii)    the place of such act;

       (iii)    the substance of such act;

       (iv)    the person or persons performing the act; and

       (v)    each person who was present during, or who participated in, the act.

9.    The "Litigation" as used herein refers to the litigation before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.,* Docket No. 1:13-cv-05691-JBS-JKW.

10.    "Person" as used herein refers to a natural person as well as any legal entity, including, but not limited to, a partnership, corporation, joint venture, firm, association, proprietorship, agency, board, authority or commission.

11.    "W&W" as used herein refers to White and Williams LLP, as well as any agents, representatives, entities, attorneys, and any other individuals acting on White and Williams LLP's behalf or pursuant to its direction.

12.    "You" or "your" shall refer to Crawl Space as well as any agents, representatives, entities, attorneys, and any other individuals acting on Crawl Space's behalf or pursuant to its direction.

13.    Words used in the singular shall include the plural and vice versa.  Gender is to be wholly disregarded.

-4-

14.     Where a claim of privilege is asserted in objecting to any Request, and a document is not provided on the basis of such objection, the following information must be provided:

    a)    the privilege being asserted;

    b)    the date of the document;

    c)    the author(s) of the document;

    d)    the identity of the attorney and client involved;

    e)    the type of document involved (i.e., memorandum, letter, contract, etc.);

    f)    the identity of those receiving copies of the document;

    g)    the general content of the document;

    h)    the ground upon which you consider each such document to be privileged; and

    i)    such other information as is necessary to identify the document for a subpoena _duces tecum_.

15.     If you maintain that any document or record requested herein has been lost, misplaced, destroyed, or is otherwise no longer in your possession, custody or control, set forth with respect to each such document:

    a)    the contents of the document;

    b)    a description of the document;

    c)    the present location of the original any copies of the document, if known;

    d)    the date of such loss or destruction;

    e)    a description of how and why the document was lost or destroyed;

    f)    the name of the person with the most knowledge of how, why and when the document was lost or destroyed;

    g)    the author of the document and his/her present or last known home and business addresses and telephone numbers; and

    h)    the sender and recipient of the document, if applicable.

16.     These Requests include and extend to any and all relevant information and/or documents in the personal files of your present and former officers, employees, agents, representatives, employees, attorneys and accountants.

17.     These Requests are continuing in nature, and if information is discovered after you serve your answers that would change or supplement the answer given, demand is hereby made that said information or documents be furnished immediately.

18.     Nothing in these Requests is to be construed as an admission or waiver on the part of PPC.  When facts are stated as part of a Request, PPC does not concede those facts as true.

## <u>REQUESTS</u>

1.     All documents and communications relied upon by you in responding to Plaintiff Philadelphia Professional Collections, LLC's First Set of Interrogatories.

2.     All documents and communications between you and any individual (except your counsel) regarding W&W's representation in the Litigation.

3.     All documents and communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you.

4.     All invoices for legal work performed by W&W for which you claim W&W is not entitled to payment.

5.     All documents and communications between you and any third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation.

6.     All documents and communications evidencing your engagement and/or prospective engagement of any third-party for advice and/or legal services in connection with the Litigation.

7.     All documents and communications supporting and/or evidencing your claim that W&W failed to perform all work needed and/or requested by you in connection with the Litigation.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: _____
Farzana Islam

1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7018
*Attorneys for Plaintiff*
*Philadelphia Professional Collections, LLC*

Dated:  May 16, 2022

-7-

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 16th day of May 2022, a true and correct copy of Plaintiff Philadelphia

Professional Collections, LLP's First Request for Production to be served via electronic mail upon

following:

Steven E. Angstreich

Weir Greenblatt Pierce LLP

SAngstreich@wgpllp.com

*Attorneys for Defendant, Crawl Space Door System, Inc.*

Farzana Islam

-8-

28906080v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC, | : | |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | Case No. 2:21-cv-05476-GAM |
| | : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC., | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

### PLAINTIFF PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC's
### FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Plaintiff Philadelphia Professional Collections, LLC ("PPC"), by and through its undersigned counsel, requests defendant Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space") respond under oath to the following First Set of Interrogatories within thirty (30) days pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

1.      "Complaint" as used herein means the civil action complaint filed by PPC and against Crawl Space and pending before the U.S. District Court for the Eastern District of Pennsylvania at Case No. 2:21-cv-05476-GAM.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all possible responses.

3.      The term "all" includes the term "each," or "any," or "every," and vice versa.

4.      The terms "include" and "including" shall mean including without limitation.

5.      "Communication" as used herein means every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopies, emails, voicemails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda, and other Documents that contain or reflect such transmission of information.

6.      The terms "Regarding," "concerning," "relating," "referring," "discussing," "containing," "identifying," "showing," "evidencing," and "providing" are used in their broadest sense and mean anything that, in whole or in part, analyzes, comments upon, concerns, contains, considers, constitutes, contradicts, comprises, deals with, describes, discusses, embodies, evidences, indicates, identifies, involves, mentions, memorializes, pertains to, provides, refers to, reflects, regards, relates to, responds to, shows, states, summarizes, supports, or is in any way factually, legally, or logically pertinent to or connected with the subject matter or topic in question, either in whole or in part.

7.      "The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation all writings, drawings, graphs, charts, photographs, sound recordings, images, calendars, diaries, code books, manuals, data, and data compilations, stored in any medium, including electronically stored information and computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

8.      The terms "identify," "identity," "identification," "describe," "description" or "state" shall mean to set forth every fact or document relevant to the answer, which you, your agents and/or representatives have knowledge, including, without limitation, the following:

-2-

a) When referring to an individual, the individual's full name, present or last known home and business addresses (by street, city, state and zip code), present or last known home and business telephone numbers;

b) When referring to a corporation, business, legal or governmental entity, the full name and address of its principal place of business and each of its other places of business, the name and address of each of the agents that acted for it with respect to matters that are relevant to the interrogatory involved, and its relationship, if any, to you;

c) When referring to a document, provide the information sufficient to properly identify such document in a subpoena or request for production under the applicable rules of civil procedure, including, without limitation:

    (i) the type of document (_e.g._, letter, e-mail, memorandum, notes, report, facsimile, etc.);

    (ii) the date of the document or approximate date of the document if the precise date is unknown;

    (iii) the name of all persons who had a role in preparing, drafting or reviewing the document;

    (iv) the name of all persons who received the document;

    (v) the present location of the original document; and

    (vi) the custodian of the original document.

d) When referring to an oral statement, communication, or allegation, state:

    (i) the date of the statement, communication or allegation;

    (ii) the place where the statement, communication or allegation was made;

    (iii) whether the statement, communication or allegation was made in person or by telephone;

|   | (iv) | the substance of the statement, communication or allegation; |
|---|------|---|
|   | (v)  | each person who was present during, or who participated in, the statement, communication or allegation; and |
|   | (vi) | whether or not you have a written, mechanical or electronic record of such statement or communication. |

e)    When referring to any act, state:

    (i)     the date of such act;

    (ii)    the place of such act;

    (iii)   the substance of such act;

    (iv)   the person or persons performing the act; and

    (v)    each person who was present during, or who participated in, the act.

9.      The "Litigation" as used herein refers to the litigation before the United States District Court of New Jersey, captioned *Smart Vent Products, Inc. v. Crawl Space Door System, Inc.,* Docket No. 1:13-cv-05691-JBS-JKW.

10.      "Person" as used herein refers to a natural person as well as any legal entity, including, but not limited to, a partnership, corporation, joint venture, firm, association, proprietorship, agency, board, authority or commission.

11.      "W&W" as used herein refers to White and Williams LLP, as well as any agents, representatives, entities, attorneys, and any other individuals acting on White and Williams LLP's behalf or pursuant to its direction.

12.      "You" or "your" shall refer to Crawl Space as well as any agents, representatives, entities, attorneys, and any other individuals acting on Crawl Space's behalf or pursuant to its direction.

13.      Words used in the singular shall include the plural and vice versa.  Gender is to be wholly disregarded.

14.     Where a claim of privilege is asserted in objecting to any Interrogatory, and a document is not provided on the basis of such objection, the following information must be provided:

     a)     the privilege being asserted;

     b)     the date of the document;

     c)     the author(s) of the document;

     d)     the identity of the attorney and client involved;

     e)     the type of document involved (i.e., memorandum, letter, contract, etc.);

     f)     the identity of those receiving copies of the document;

     g)     the general content of the document;

     h)     the ground upon which you consider each such document to be privileged; and

     i)     such other information as is necessary to identify the document for a subpoena <u>duces tecum</u>.

15.     If you maintain that any document or record requested herein has been lost, misplaced, destroyed, or is otherwise no longer in your possession, custody or control, set forth with respect to each such document:

     a)     the contents of the document;

     b)     a description of the document;

     c)     the present location of the original any copies of the document, if known;

     d)     the date of such loss or destruction;

     e)     a description of how and why the document was lost or destroyed;

     f)     the name of the person with the most knowledge of how, why and when the document was lost or destroyed;

     g)     the author of the document and his/her present or last known home and business addresses and telephone numbers; and

     h)     the sender and recipient of the document, if applicable.

16.     These Interrogatories and Documents include and extend to any and all relevant information and/or documents in the personal files of your present and former officers, employees, agents, representatives, employees, attorneys and accountants.

17.     These Interrogatories are continuing in nature, and if information is discovered after you serve your answers that would change or supplement the answer given, demand is hereby made that said information or documents be furnished immediately.

18.     Nothing in these Interrogatories is to be construed as an admission or waiver on the part of PPC.  When facts are stated as part of an Interrogatory, PPC does not concede those facts as true.

## INTERROGATORIES

1.     Identify all persons who you believe may have knowledge of facts relating to any claims and/or defenses in the Litigation.  For each such person, please identify:

    (a)     the person's name;

    (b)     the person's last known home and business address;

    (c)     the person's last known home, business, and mobile telephone numbers;

    (d)     the nature and substance of the facts that you believe the person to know; and

    (e)     whether any documents evidence each such person's knowledge of these facts, and if so, please produce copies of each such document.

**RESPONSE:**

2.      Describe, in detail, all communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you, and for each such communication identify:

      (a)      the date of such communication(s);

      (b)      the manner or medium in which the communication was made;

      (c)      the individual(s) to whom the communication(s) was made; and

      (d)      whether any documents evidencing the communication(s) exist, and if so, produce copies of all such documents.

**RESPONSE:**


3.      State the full basis for your claim that "W&W failed to perform all of the work that was needed and/or requested" by you in connection with the Litigation.

**RESPONSE:**


4.      Identify all legal work performed by W&W that you claim W&W is not entitled to payment for and provide the full basis for your claim.

**RESPONSE:**


5.      State the full basis for your claim that "W&W is not entitled to the sum its claims."

**RESPONSE:**

-7-

6.     State whether you ever had any communications with Matthew Z. Earle, or any other third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation, and if so, identify and describe each such communication.

**RESPONSE:**

7.     State whether you engaged or discussed engagement with any third-party for advice and/or legal services in connection with the Litigation.  If your answer is in the affirmative, please identify:

      (a)     the individual or third-party whom you engaged or discussed engagement with;

      (b)     the date(s) on which you engaged or discussed engagement for advice and/or legal services;

      (c)     whether any documents evidencing the individual and/or third-party's engagement exist.

**RESPONSE:**

8.     Identify the names, last known addresses and last known telephone numbers of all persons who provided information used in answering these Interrogatories.

**RESPONSE:**

                                        Respectfully submitted,

                                        WHITE AND WILLIAMS LLP

                            BY:  _____
                                     Farzana Islam

                                     1650 Market Street | One Liberty Place,
                                     Suite 1800 |
                                     Philadelphia, PA 19103-7395
                                     Phone: 215.864.7018
                                     *Attorneys for Plaintiff*
                                     *Philadelphia  Professional  Collections,*
                                     *LLC*

Dated:  May 16, 2022

## CERTIFICATE OF SERVICE

I certify that on this 16th day of May 2022, a true and correct copy of Plaintiff Philadelphia

Professional Collections, LLP's First Set of Interrogatories to be served via electronic mail upon

following:

Steven E. Angstreich

Weir Greenblatt Pierce LLP

SAngstreich@wgpllp.com

*Attorneys for Defendant, Crawl Space Door System, Inc.*

Farzana Islam

-10-

# EXHIBIT  E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC,: | |
| *Plaintiff,* : | |
| : | CIVIL ACTION |
| v. : | Case No. 2:21-cv-05476-GAM |
| : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL : | |
| SPACE DOOR SYSTEMS, INC., | |
| : | |
| *Defendant.* : | |
| : | |

<u>**DEFENADANT'S RESPONSES ANDD OBJECTIONS TO PLAINTIFF**</u>
<u>**PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC'S FIRST SET OF**</u>
<u>**REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT**</u>

Defendant, Crawl Space Door System, Inc ("Crawl Space") by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26 and 34, hereby objects and responds to Plaintiff, Philadelphia Professional Collections, LLC ("PPC") interrogatories as follows.

**I.     DEFENDANT'S OBJECTIONS TO "INSTRUCTIONS" AND "DEFINITIONS" FOR ALL OF PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant objects to Plaintiff's purported Instructions in that any instructions for responding to discovery requests are contained within and governed by applicable law, the Federal Rules of Civil Procedure, and Local Rules. Defendant's responses will be made consistent with and as required by those laws and Rules and not definitions and instructions promulgated by Plaintiff. defendant further objects to Plaintiff's purported Instructions as any request for production of documents is required to be internally and independently both

consistent and complete.  To the extent that any request for production of documents requires information not contained within the body of the request itself renders the request vague and unanswerable.

Defendant objects to Plaintiff's purported Definitions in that each and every request is required to be internally and independently both consistent and complete. To the extent that any request requires information not contained within the body of the request itself renders the request vague and unanswerable. Further, Defendant objects to Plaintiff's purported Definitions to the extent that such Definitions exceed the scope of applicable law, the Federal Rules of Civil Procedure, and Local Rules governing responses to discovery requests.

## **REQUESTS**

1.  All documents and communications relied upon by you in responding to Plaintiff Philadelphia Professional Collections, LLC's First Set of Interrogatories.

    **RESPONSE:**

    None other than the billing records of W&W already in the possession of W&W.


2.  All documents and communications between you and any individual (except counsel) regarding W&W's representation in the Litigation.

    **RESPONSE:**   None at this time.  This response may be supplemented.


3.  All documents and communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you.

    **RESPONSE:**  None other than Counsel.

4. All invoices for legal work performed by W&W for which you claim W&W is not entitled to payment.

   **RESPONSE:**  W&Ws legal bills and this response will be supplemented by expert disclosure pursuant to the Courts scheduling order.

5. All documents and communications between you and any third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation.

   **RESPONSE:**  None at this time.  This response may be supplemented.

6. All documents and communications evidencing your engagement and/or prospective engagement of any third-party for advice and/or legal services in connection with the Litigation.

   **RESPONSE:**  None

7. All documents and communications supporting and/or evidencing your claim that W&W failed to perform all work needed and/or requested by you in connection with the Litigation.

   **RESPONSE:**  See responses above.

                         PATTEN, WORNOM, HATTEN, &
                         DIAMONSTEIN, P.C.

                         By: /Duncan G. Byers/_____
                         Duncan G. Byers, Esq.

-3-

(Pro Hac Vice) Virginia Bar No. 48146
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Ste 300
Newport News, VA 23602
Email: dbyers@pwhd.com
        cveals@pwhd.com
Tel: (757) 223-4500
Fax: (757) 249-1627
*Counsel for Defendant*

Steven E. Angstreich
Weir Greenblatt Pierce LLP
Admission Date: February 10, 1971
Attorney I.D. No.: 3739
1339 Chestnut Steet, Suite 500
Philadelphia, PA 19107
(215) 665-8181
sangstreich@wgpllp.com
*Local Counsel for Defendant*

Dated: June 15, 2022

## CERTIFICATE OF SERVICE

I certify that on this 15 day of June 2022, a true and correct copy of Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant, Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. to be served via electronic mail upon following:

Peter J. Mooney
White & Williams
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
mooneyp@whiteandwilliams.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS, LLC,: | |
| *Plaintiff,* : | |
| : | CIVIL ACTION |
| v.                    : | Case No. 2:21-cv-05476-GAM |
| : | |
| CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL : | |
| SPACE DOOR SYSTEMS, INC.,      : | |
| : | |
| *Defendant.* : | |
| : | |

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, CRAWL SPACE DOOR SYSTEM, INC. d/b/a CRAWL SPACE DOOR SYSTEMS, INC.,**

Defendant, Crawl Space Door System, Inc ("Crawl Space") by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 33, hereby objects and responds to Plaintiff, Philadelphia Professional Collections, LLC ("PPC") interrogatories as follows.

**I.     DEFENDANT'S OBJECTIONS TO "INSTRUCTIONS" AND "DEFINITIONS" FOR ALL OF PLAINTIFF'S INTERROGATORIES**

Defendant objects to Plaintiff's purported Instructions in that any instructions for responding to discovery requests are contained within and governed by applicable law, the Federal Rules of Civil Procedure, and Local Rules. Defendant's responses will be made consistent with and as required by those laws and Rules and not definitions and instructions promulgated by Plaintiff. defendant further objects to Plaintiff's purported Instructions as any interrogatory is required to be internally and independently both consistent and complete.  To the extent that any interrogatory requires information not contained within the body of the

interrogatory itself renders the interrogatory vague and unanswerable.

Defendant objects to Plaintiff's purported Definitions in that each and every interrogatory is required to be internally and independently both consistent and complete. To the extent that any interrogatory requires information not contained within the body of the interrogatory itself renders the interrogatory vague and unanswerable. Further, Defendant objects to Plaintiff's purported Definitions to the extent that such Definitions exceed the scope of applicable law, the Federal Rules of Civil Procedure, and Local Rules governing responses to discovery requests.

## **INTERROGATORIES**

1.     Identify all persons who you believe may have knowledge of facts relating to any claims and/or defenses in the Litigation.  For each such person, please identify:

      (a)     the person's name;
      (b)     the person's last known home and business address;
      (c)     the person's last known home, business, and mobile telephone numbers;
      (d)     the nature and substance of the facts that you believe the person to know;

           and

      (e)     whether any documents evidence each such person's knowledge of these facts, and if so, please produce copies of each such document.

**RESPONSE:**

      a.   William G. Sykes
          3669 Sea Gull Bluff drive Virginia Beach, VA 23455
          Home – 757-464-2015 Mobile – 757-615-3613

          Counsel, staff, and employees of White & Williams who worked in the case in New Jersey.

          Any others are legal counsel.

      b.   W&W overcharged and double billed for work they performed.

c.  W&W's invoices. – already in the possession of Plaintiff.

2.      Describe, in detail, all communications between you (or any person on your behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you, and for each such communication identify:

    (a)    the date of such communication(s);

    (b)    the manner or medium in which the communication was made;

    (c)    the individual(s) to whom the communication(s) was made; and

    (d)    whether any documents evidencing the communication(s) exist, and if so, produce copies of all such documents.

**RESPONSE:**

OBJECTION.  Any such communication would be privileged.  Notwithstanding that objection, none.

3.      State the full basis for your claim that "W&W failed to perform all of the work that was needed and/or requested" by you in connection with the Litigation.

**RESPONSE:**

W&W overcharged and double billed for work they performed. The information about the overbilling will be produced by our expert witness(es) in a few weeks.

4.      Identify all legal work performed by W&W that you claim W&W is not entitled to payment for and provide the full basis for your claim.

**RESPONSE:**

The information about the overbilling will be produced by our expert witness(es) in a few weeks.

-3-

5.      State the full basis for your claim that "W&W is not entitled to the sum its claims."
6.

**RESPONSE:**

W&W overcharged and double billed for work they performed. The information about the overbilling will be produced by our expert witness(es) in a few weeks.

7.      State whether you ever had any communications with Matthew Z. Earle, or any other third-party (other than your counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation, and if so, identify and describe each such communication.

**RESPONSE:**

I have not talked to Matthew Earle and the only communication with Mr. Earle was through my counsel related to engagement of Mr. Earle and is therefore privileged.

8.      State whether you engaged or discussed engagement with any third-party for advice and/or legal services in connection with the Litigation.  If your answer is in the affirmative, please identify:

      (a)      the individual or third-party whom you engaged or discussed engagement with;

      (b)      the date(s) on which you engaged or discussed engagement for advice and/or legal services;

      (c)      whether any documents evidencing the individual and/or third-party's engagement exist.

**RESPONSE:**

OBJECTION.   Any such communication would be privileged.   Notwithstanding that objection, none.

9.    Identify the names, last known addresses and last known telephone numbers of all persons who provided information used in answering these Interrogatories.

**RESPONSE:**

Other than assistance of counsel, I was the only one that gathered information used in answering these Interrogatories.

> PATTEN, WORNOM, HATTEN, &
> DIAMONSTEIN, P.C.
>
> By: /Duncan G. Byers/
> Duncan G. Byers, Esq.
> (Pro Hac Vice) Virginia Bar No. 48146
> PATTEN, WORNOM, HATTEN &
> DIAMONSTEIN, L.C.
> 12350 Jefferson Avenue, Ste 300
> Newport News, VA 23602
> Email: dbyers@pwhd.com
>          cveals@pwhd.com
> Tel: (757) 223-4500
> Fax: (757) 249-1627
> *Counsel for Defendant*
>
> Steven E. Angstreich
> Weir Greenblatt Pierce LLP
> Admission Date: February 10, 1971
> Attorney I.D. No.: 3739
> 1339 Chestnut Steet, Suite 500
> Philadelphia, PA 19107
> (215) 665-8181
> sangstreich@wgpllp.com
> *Local Counsel for Defendant*

Dated:  June 15, 2022

## CERTIFICATE OF SERVICE

I certify that on this 15th day of June 2022, a true and correct copy of  Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant, Crawl Space

Door System, Inc. d/b/a Crawl Space Door Systems, Inc. was served via electronic mail upon

following:

Peter J. Mooney, Esq.
White & Williams
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
mooneyp@whiteandwilliams.com

EXHIBIT   F



**Farzana Islam**
1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7018 | Fax 215.399.9617
islamf@whiteandwilliams.com | whiteandwilliams.com

July 5, 2022

**By E-Mail** (dbyers@pwhd.com)

Duncan G. Byers
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Ave., Ste 300
Newport News, VA 23602

Re:  *Philadelphia Professional Collections, LLC v. Crawl Space Door System, Inc.*, No. 2:21-cv-05476-GAM

Counsel:

We have received and reviewed defendant Crawl Space Door System, Inc.'s ("Crawl Space") written responses to Philadelphia Professional Collections, LLC's ("PPC") First Set of Interrogatories and Requests for Production of Documents and write to address several deficiencies, as noted below:

**Interrogatory No. 1:**

Defendant was asked to identify all persons believed to have knowledge of facts relating to any claims and/or defenses in the Litigation, and to provide: (a) the person's name; (b) the person's last known home and business address; (c) the person's last known home, business, and mobile telephone numbers; (d) the nature and substance of the facts that you believe the person to know; and (e) whether any documents evidence each person knowledge of these facts.  Although Crawl Space identified "legal counsel" in its response, it has failed to provide the names, addresses, or telephone numbers of same.  Such information is not privileged and must be provided as requested.

**Interrogatory Nos. 2, 7 and 8:**

Defendant was asked to describe, in detail, all communications between Crawl Space (or any person on its behalf) and any individual regarding W&W's alleged failure to provide all legal services requested by you. You objected on the basis of privilege and stated that notwithstanding the objection, no documents responsive to this request exist.

We find it unlikely that no documents or communications responsive to this request exist, given your extensive involvement in this matter, the underlying New Jersey action, and the pending Virginia action. Further, Crawl Space implicitly admits in its response to **Interrogatory No. 7** that some form of communication exists between itself and Matthew Earle.  Nonetheless, if Crawl Space maintains that no such documents and communications exist, please provide all information requested pursuant to Instruction No. 15.

Duncan Byers
Patten, Wornom, Hatten & Diamonstein, L.C.
Page 2

To the extent you believe documents and communications responsive to this request are privileged, we ask you to provide a privilege log containing all information requested by Instruction No. 14.

**Interrogatory Nos. 3, 4, and 5:**

Defendant was asked to state the full basis for its claim that "W&W failed to perform all of the work that was needed and/or requested" by Crawl Space in connection with the New Jersey action. In response, Crawl Space answered that "information about the overbilling will be produced by our expert witness(es) in a few weeks." This is not a responsive nor acceptable answer where: (1) PPC is asking for the factual basis of Crawl Space's claim, as asserted in its Answer; and (2) any support for Crawl Space's claim, insofar as it comes from an expert, would be supplemental and provided in accordance with Crawl Space's continuing discovery obligations.

**Document Request Nos. 5 and 6:**

Defendant was asked to provide: (1) all documents and communications between Crawl Space "and any third-party" (other than counsel) concerning Crawl Space's defenses and/or counterclaims in connection with the Litigation; and (2) all documents and communications evidencing Crawl Space's "engagement and/or prospective engagement of any third-party for advice and/or legal services in connection with the Litigation." Crawl Space answered that no documents exist for production at this time. However, Crawl Space's response is at odds with its response to **Interrogatory No. 7**, where it admits to discussions with Matthew Z. Earle "related to engagement." As such, we request that Crawl Space review its records/correspondences to ensure that all documents responsive to this request are produced. To the extent you contend that any document is protected by privilege, please provide all information pursuant to Instruction No. 14.

Our hope is to resolve any discovery issues without motion practice, given the discovery deadline has expired. We request that you provide all outstanding documents within fourteen (14) days and/or inform us as to reasons why your client is unable to produce the information and/or documents requested above.

Best,

WHITE AND WILLIAMS LLP

Farzana Islam

FI:me

cc:     Peter Mooney, Esquire
        Steven E. Angstreich

29068919v.1

# EXHIBIT  G

**From:** Duncan Byers <dbyers@PWHD.com>
**Sent:** Monday, October 24, 2022 1:27 PM
**To:** Mooney, Peter <Mooneyp@whiteandwilliams.com>
**Cc:** Carla Veals <cveals@pwhd.com>
**Subject:** RE: Crawl Space [WWLLP-PHLDMS1.FID3512371]

CAUTION: This message originated outside of the firm. Use caution when opening attachments, clicking links or responding to requests for information.

That is correct.  Apologies; we intended to confirm that in writing as well.



Duncan G. Byers, Partner
**PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.**
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Direct: 757-223-4474
Fax: 757-249-3242
Email: dbyers@pwhd.com
Website: www.pwhd.com

https://www.pwhd.com/duncan-g-byers
https://www.linkedin.com/in/duncangbyers/



*Selected for Best Lawyers in America  -*
*Intellectual Property Litigation  2021 - 2022*



**From:** Mooney, Peter <Mooneyp@whiteandwilliams.com>
**Sent:** Monday, October 24, 2022 1:25 PM
**To:** Duncan Byers <dbyers@PWHD.com>
**Subject:** Crawl Space [WWLLP-PHLDMS1.FID3512371]

Hi Duncan---I understand from your voicemail to Farzana Islam that Crawl Space will not be providing a privilege log.  Just confirming.

Pete



**Peter J. Mooney**
1650 Market Street | One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct 215.864.7164 | Fax 215.789.7664
mooneyp@whiteandwilliams.com | whiteandwilliams.com

**Confidentiality Notice:** This e-mail message and any documents accompanying this e-mail transmission contain information from the law firm of White and Williams LLP which is privileged and confidential attorney-client communication and/or work product of counsel. If you are not the intended recipient, you are hereby notified that any