IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS LLC : : : : v. : : CRAWL SPACE DOOR SYSTEM, INC. : : : | CIVIL ACTION No. 21-5476 |

**McHUGH, J.**                                                    **November 22, 2022**

## MEMORANDUM

This is an action for breach of contract brought by a law firm seeking to collect unpaid bills for its services. With discovery complete, the undisputed facts of record show that the parties entered a negotiated contract for legal services, the law firm prevailed in the civil action it was retained to defend – even prevailing on a counterclaim – and the client has without justification failed to pay all the bills. I will therefore grant Plaintiff's motion for summary judgment.

**I.      Factual and Procedural Background**

Plaintiff Philadelphia Professional Collections LLC ("PPC") is a company affiliated with the law firm White and Williams LLP ("W&W"). Aff. of Peter J. Mooney, Ex. A to ECF 23, ¶ 3. PPC takes assignments from W&W when they have claims for unpaid legal fees. *Id.* Defendant Crawl Space Door Systems, Inc. ("Crawl Space") is a family company based in Virginia that sells flood vents. Sykes Dep., Ex. B to ECF 23, 5:13-6:14.

In 2014, a direct competitor sued Crawl Space in the District of New Jersey, alleging trademark infringement and unfair competition. *Id.* at 6:12-17; Compl., Ex. G to ECF 23, ¶ 14; Answer, ECF 3, ¶ 14. Crawl Space's insurance company, Selective Insurance Company of

America ("Selective"), retained counsel for Crawl Space and paid its attorneys' fees. *Id.* at 6:24-25. When Crawl Space's initial lawyer proved to be too expensive, Selective hired W&W to represent Crawl Space for the remainder of the litigation. *Id.* at 6:24-7:11. On October 14, 2015, Crawl Space's President, Mr. William Sykes, signed an engagement letter with W&W, which set forth W&W's rates and fee structure, as well as its practices if a client fails to pay its invoices. *Id.* at 8:10-9:7; Engagement Letter, Ex. C to ECF 23. When Selective eventually withdrew from the case, W&W began billing Crawl Space directly. Sykes Dep. 10:19-21.

Until the commencement of trial, Crawl Space paid its legal fees regularly. *Id.* at 11:2-23. But as trial approached, Crawl Space was no longer financially able to pay its invoices – as Mr. Sykes explained, Crawl Space's legal fees were for an amount that they "couldn't afford." *Id.* at 11:24-12:17. According to invoices provided by W&W, Crawl Space failed to pay $670,077.93, which it incurred from June 2019 to October 2020. *See* Compl., Ex. G to ECF 23, ¶¶ 21-22; Invoices, Ex. E to ECF 23. Nonetheless, W&W continued to represent Crawl Space and, by the end of the litigation, not only prevailed with a defense verdict but also won an award of $300,000 on Crawl Space's counterclaims. Sykes Dep. 30:19-21. W&W filed all the necessary post-trial motions and protected the record for appeal. *Id.* at 33:12-18. When asked about W&W's representation, Mr. Sykes affirmed that "there was no malpractice in the way [that W&W] handled their case." *Id.* at 30:20-21.

Crawl Space's invoices remained unpaid months after W&W's representation concluded, leading W&W to send Crawl Space a letter regarding "outstanding accounts receivable owed" on June 4, 2021. Letter on Outstanding Accounts, Ex. D to ECF 23. In the letter, W&W warned Crawl Space that they owed $670,077.93, and that W&W would be forced to initiate a collection action if the invoices remain unpaid. *Id.* W&W assigned its claims to PPC and, when Crawl Space

still failed to pay its invoices, PPC initiated this collection action in Pennsylvania state court, after which Crawl Space removed.  Compl., Ex. G to ECF 23; Assignment Agreement, Ex. F to ECF 23.

Although not raised initially, Crawl Space asserted during discovery that "W&W overcharged and double billed for the work they performed" and that "information about the overbilling will be produced by our expert witness(es) in a few weeks."  Def.'s Resp. to Pl.'s Interrogs. Nos. 3-5, Ex. J to ECF 23.  But when asked about these claims during his deposition, Mr. Sykes could not provide any factual support for such assertions.  *See, e.g.*, Sykes Dep. 17:3-10, 18:18-21.  Instead, as he had in response to interrogatories, Mr. Sykes represented again that he would retain an expert to analyze W&W's billing practices and substantiate his claim.  *See id.* at 16:8-15, 17:3-10, 18:18-23, 19:6-20, 41:2-20.  Indeed, Mr. Sykes admitted that, without such an expert, "I don't have a defense."  *Id.* at 41:9-12.

With the record complete, Crawl Space has still neither identified an expert nor produced a report demonstrating unfair billing practices.[1]  In the absence of any challenge to the legitimacy of the bills, PPC has moved for summary judgment.  In response, Crawl Space has cross-moved, contending for the first time that the firm's claim fails because it bears an affirmative burden of proving the reasonableness of its fees, and it did not submit a timely expert report to support that burden.  Def.'s Mem. Summ. J., ECF 25 at 2.

## II.    Standard of Review

The parties' motions for summary judgment are both governed by the well-established standard for summary judgment set forth in Fed. R. Civ. P. 56(a), as amplified by *Celotex*

---

[1] Notably, in my recent Order granting in part Plaintiff's Motion to Compel, ECF 22, I found that Crawl Space was "precluded from presenting any factual evidence at trial in support of its contention that billing was excessive" because it had missed several deadlines from my prior Scheduling Order, ECF 11.

*Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).  *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d. Cir. 2016) (citing *Appelmans v. City of Phila.*, 826 F.2d 214, 216 (3d. Cir. 1987)).

### III. Discussion

At summary judgment, the nonmoving party must affirmatively "show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007).  A nonmovant's mere speculation may not defeat a motion for summary judgment.  *See Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 332-33 (3d Cir. 2005).  Here, because PPC has established that there is no genuine dispute of material fact, and because Crawl Space has raised no viable legal defense, PPC's motion for summary judgment will be granted and Defendant's cross-motion denied.

To prevail on a breach of contract claim, a Plaintiff must show that 1) Defendant owed Plaintiff a duty, 2) Defendant breached that duty, 3) a causal relationship exists between the breach and Plaintiff's resulting injury, and 4) Plaintiff suffered an actual loss.  *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1126 (Pa. Super. Ct. 2004).  In this case, PPC has demonstrated each element: Crawl Space contracted W&W for litigation and W&W won the case and prevailed on a counterclaim, after which Crawl Space failed to pay all its invoices – a sum amounting to more than $670,000.  *See* Engagement Letter, Ex. C to ECF 23 (showing a signed contract for legal services); Invoices, Ex. E to ECF 23 (cataloguing Crawl Space's unpaid invoices and the amount owed); Sykes Dep. 9:5-11, 11:13-12:17, 28:19-29:16 (acknowledging a valid contract for legal services, that W&W performed satisfactory legal work, and that Crawl Space failed to pay all its invoices because it could not afford to do so).  Thus, PPC has met its burden to show that no genuine dispute of material fact exists as to any element of its claim.

Crawl Space has brought forth no evidence that W&W double billed or overcharged it. Instead, it now shifts to a legal defense – that the firm bears the burden of proving reasonableness and cannot carry it because it is late in identifying an expert on that issue. I disagree on several counts. First, and most importantly, the authority on which Crawl Space relies has no applicability in this context. The precedent it cites originates from cases where a party sought to recover its own attorneys' fees from an opposing party as an item of damages or as a prevailing party in litigation.[2] In such instances, the party against whom recovery is being sought had no role in choosing counsel, opportunity to negotiate a rate, or occasion to monitor time spent on the engagement. Here, in contrast, Crawl Space chose counsel, negotiated a rate, and accepted the services rendered throughout the case without raising any objection as to the time billed. Crawl Space entered a contract and accepted professional services in accordance with the terms of that contract. In general, parties are free to contract on the terms they choose. Crawl Space offers no rationale for imposing an addition burden on the party seeking enforcement of a negotiated contract simply because the contract is one for legal services.[3]

Importantly, this is not a case where Crawl Space asserts an imbalance of power between the parties. Crawl Space is a corporate entity engaged in interstate commerce. It does not plead fraud, misrepresentation, unconscionability, or duress. It does not assert any traditional contract defense, but in effect asks me to endorse an additional requirement where the contract being

---

[2] *See Black v. Stephens*, 662 F.2d 181, 201 (3d Cir. 1981) (discussing the reasonableness of an attorneys' fees award in a § 1983 suit over excessive force); *McKenzie Const., Inc. v. Maynard*, 758 F.2d 97, 100 (3d Cir. 1985) (finding reasonableness relevant where analyzing a fee "resulting from the application of a contingent fee agreement"); *Jacoby Donner P.C. v. Aristone Realty Capital, LLC*, No. 17-2206, 2020 WL 5095499, at *9 (E.D. Pa. Aug. 28, 2020) (DuBois, J.) (analyzing a hybrid-contingency fee arrangement but citing *Black* and *McKenzie Const., Inc* as the binding precedent supporting a reasonableness inquiry).

[3] To the extent that Plaintiff appears in part to acknowledge such a burden, Pl.'s Opp. Mem., ECF 27, at 12, I am not bound by what I conclude is an erroneous statement of law.

5

enforced is one for provision of legal services. On the record here, I see no basis on which to do so. It is certainly true that courts have a certain inherent authority over the practice of law, which includes some oversight of fees. In the context of contingent fees, for example, courts focus on the potential difference in sophistication between lawyer and client, and the risk of excessive rates where a client's inability to pay a lawyer limits their options. In the context of prevailing party awards, scrutiny is rooted in courts' recognition that fee-shifting is an exception to the American Rule and the concern that excessive awards could inhibit access to the courts. Similar concerns do not apply where sophisticated parties agree to the terms of payment for the representation.

Even assuming Plaintiff must demonstrate the reasonableness of the firm's fees, no reasonable factfinder could find these fees excessive. I consider reasonableness to encompass three components: time, rate, and outcome.[4] As to time, Crawl Space raised no concern or objection to W&W's invoices as representation progressed. During this litigation, it has not produced any analysis critical of the amount of time billed in the underlying case, which involved a three-week trial to verdict in federal court in New Jersey and post-trial motion practice. As to rate, there is no dispute that W&W performed legal services for Crawl Space at a discounted rate, adjusting their typical rates downward to fit within a fee structure acceptable to Crawl Space's insurance company. *See* Engagement Letter, Ex. C to ECF 23. That negotiated rate was well within the widely accepted fee schedule published by Community Legal Services of Philadelphia ("CLS"), which establishes a benchmark for prevailing rates in the Philadelphia legal community.[5] *See, e.g., Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001) (using the CLS fee schedule to determine reasonableness of awarded attorney's fees in a § 1983 action). Even in the

---

[4] Pennsylvania Rule of Professional Conduct 1.5 prohibits lawyers from charging "excessive" fees. The definition of "reasonableness" I apply here is consistent with the considerations outlined in the Rule.

[5] Available at https://clsphila.org/about-community-legal-services/attorney-fees/.

absence of expert testimony, which PPC has belatedly offered to provide, *see* Thomas G. Wilkinson Decl., Ex. F to ECF 27, I have no hesitation in declaring the rate charged reasonable.[6] And if outcome is relevant to the inquiry here, Crawl Space can hardly complain of a verdict in its favor and an award on its counterclaims. The President of Crawl Space conceded it had no defense unless the fees themselves are subject to attack, Sykes Dep. 41:9-12, and they are not.

In a reply brief, Crawl Space requests more time to conduct discovery and retain an expert, because of the need to respond to Plaintiff's late identification of an expert. This argument lacks merit. From the outset of this litigation, Crawl Space has contended that W&W overcharged and double-billed, representing both in its interrogatory answers and in deposition testimony from its President that it would produce an expert report to sustain that defense . It failed to do so, and Plaintiff's precautionary identification of an expert on the issue of reasonableness does not change my analysis as to the merits or reopen the door to discovery, particularly where the conduct of Crawl Space throughout this litigation suggests a strategy of delay.

Crawl Space's remaining argument – that PPC did not reserve the issue of damages for this Court, making damages strictly a jury issue – carries no weight. Def.'s Mem. Summ. J. at 4. Defendant now acknowledges that neither party demanded a jury trial anywhere in the pleadings. Upon removal, Defendant checked a box on the filing sheet stating that a jury had been demanded in the state court complaint. That was inaccurate and improper, because the instructions on the form stated that the jury box should only be checked if the state court complaint had demanded a jury, which it had not. But even assuming a jury demand had been perfected, no material fact is

---

[6] The Third Circuit has held that assessing the reasonableness of attorneys' fees, when necessary, lies within the competence of the district court. *See Ranco Indus. Products Corp. v. Dunlap*, 776 F.2d 1135, 1140 (3d Cir. 1985) (explaining that expert assistance is not necessary when the district court determines the reasonableness of attorneys' fees awarded in a civil contempt case).

disputed, and Plaintiff is entitled to judgment as a matter of law.  I will therefore grant summary judgment in favor of the Plaintiff.

Additionally, I will grant PPC's request for prejudgment interest.  Pennsylvania provides a right to interest for money owed on a contract.  *Fernandez v. Levin*, 548 A.2d 1191, 1193 (Pa. 1988); *TruServ Corp. v. Morgan's Tool & Supply Co., Inc.*, 39 A.3d 253, 260-61, 263 (Pa. 2012).  That right "begins at the time payment is withheld after it has been the duty of the debtor to make such payment."  *Fernandez*, 548 A.2d at 379 (citations omitted).  Moreover, Pennsylvania has adopted the Restatement (2d) of Contracts § 354, which allows for recovery of simple interest at the statutory legal rate when the defendant's breach is for a definite sum of money, unless the parties have contracted otherwise.  *See id.*; *Siematic Mobelwerke GmbH & Co. KG v. Siematic Corp.*, 643 F. Supp. 2d 675, 686-87 (E.D. Pa. 2009) (Brody, J.) (finding prejudgment interest recoverable at the summary judgment phase because the breach of contract involved the "failure to pay a definite sum by a definite date" and the breaching party "ha[d] no available defenses to its failure to make payment").  The Pennsylvania Supreme Court has noted that "an award of prejudgment interest under Section 354(1) is not subject to a court's discretion."  *TruServ Corp.*, 39 A.3d at 264.

Here, prejudgment interest is proper.  The parties' contract does not address the issue of interest and Crawl Space owes a definite sum that was due on a definite date.  *See* Invoices, Ex. E to ECF 23.  The legal rate of interest in Pennsylvania is 6% per annum.  41 P.S. § 202; *see Siematic Corp.*, 643 F. Supp. 2d at 686-87.  PPC used this rate to calculate that the interest owed equals $127,535.52, and Crawl Space has not disputed PPC's computation.  *See* Interest Calculation, Ex. K to ECF 23.  I find that Plaintiff is therefore entitled to a prejudgment interest award of $127,535.52.

**IV.     Conclusion**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment will be granted, Defendant's Cross-Motion will be denied, with judgment entered in Plaintiff's favor in the amount of $670,077.93 plus $127,535.52 in interest.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
